## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER RAND, Individually and On Behalf Of A Class Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY,<br><br>　　　　　　　Defendant. | Case No.:   21-10744<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jennifer Rand ("Plaintiff"), by and through her undersigned attorneys, brings this complaint seeking to remedy violations of law by Defendant The Travelers Indemnity Company ("Travelers"). Plaintiff's allegations are based upon her personal knowledge as to herself and her own acts, and upon information and belief, developed from the investigation and analysis by Plaintiff's counsel, including a review of publicly available information, including public statements made by Travelers, correspondence from Travelers to Plaintiff, news reports, publicly available filings in lawsuits, and other matters of public record.

### NATURE OF THE CASE

1.　　Plaintiff bring this class action against Travelers for its: (i) failure to properly secure and safeguard highly valuable, protected personally identifiable information, including without limitation, Driver's License numbers ("PII"); (ii) failure to comply with industry standards to protect information systems that contain PII; (iii) unlawful disclosure of Plaintiff's and Class Members' PII; and (iv) failure to provide adequate notice to Plaintiff and other Class Members that their PII had been disclosed and compromised.

2.      Plaintiff seeks, among other things, damages and orders requiring Travelers to fully and accurately disclose the PII and other information that has been compromised and/or disclosed, to adopt reasonably sufficient security practices and safeguards to protect Plaintiff's and the Class's PII from unauthorized disclosures, and to prevent incidents like this disclosure from occurring again in the future.  Plaintiff further seeks an order requiring Travelers to provide identity theft protective services to Plaintiff and Class Members for their lifetimes, as Plaintiff and Class Members are at risk and will continue to be at an increased risk of identity theft due to the disclosure of their PII as a result of Travelers' conduct described herein.

## PARTIES

3.      Plaintiff Rand is a citizen of Westchester County, State of New York.

4.      Defendant Travelers is an insurance company, part of the Travelers Companies, Inc. conglomerate, which is incorporated in the State of Minnesota with its headquarters in New York State, and doing business in this District and throughout the United States.

5.      In the alternative, Defendant Travelers is an insurance company, incorporated in the State of Connecticut with its headquarters in the State of Connecticut, and doing business in this District and throughout the United States.

## JURISDICITION AND VENUE

6.      This action arises under, and is brought pursuant to the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. Sections 2721, *et seq.*

7.      Subject matter jurisdiction is conferred upon this Court by 18 U.S.C. § 2724(a) and 28 U.S.C. § 1331 as the action arises under the laws of the United States.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claim occurred in this District.  In addition, Defendant does business in the District and corresponded to Plaintiff who resides in this District.

## FACTUAL BACKGROUND

9.      Defendant is authorized to sell and does sell property and casualty insurance in New York State.

10.      Defendant has a website that solicits the business of customers in New York State.

11.      On December 10, 2021, Defendant sent Plaintiff a form letter to Plaintiff's home in Westchester County, informing Plaintiff that between April 2021 and November 17, 2021, Defendant allowed an unknown person to access Plaintiff's non-public personal information through Defendant's agency portal.  Travelers claims that its agency portal is used by its insurance agents to obtain quotes for customers and prospective customers.

12.      Defendant represented to Plaintiff that a person other than Plaintiff ("Other Party") used the credentials of a limited number of Travelers' agents to access the Travelers portal to obtain information sourced from a third-party to access personal information concerning Plaintiff. Defendant admits this information may have included Plaintiff's name, address, date of birth and driver's license number.

13.      Defendant represented to Plaintiff that there were other impacted individuals to whom the same events happened.

## CLASS ALLEGATIONS

14.      Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of all persons in the United States who, within the relevant statute of limitations

period, had their PII taken from the data files of Travelers without their permission in violation of the DPPA.

15.     Excluded from the Class are Defendant, the officers and directors of Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest.

16.     The Class is so numerous that joinder of all members is impractical.  Although Plaintiff does not yet know the exact size of the Class, and on information and belief, members of the Class number in the thousands or more.

17.     The Class is ascertainable because their members can be identified by objective criteria and through Defendant's own records.  Individual notice can be provided to Class members "who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).

18.     There are numerous questions of law and fact common to the Class which predominate over any individual actions or issues, including but not limited to, how the Other Party was able to obtain from Travelers' access to the driver's license information of Plaintiff and the other members of the Class.

19.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class were similarly affected by Defendant's violation of the DPAA.

20.     Plaintiff has no interests antagonistic to the interests of the other members of the Class.  Plaintiff and all members of the Class have sustained injury arising out of Defendant's violation of the DPPA as alleged herein.

21.     Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained counsel that is competent and experienced in prosecuting class actions, and she intends to prosecute this

action vigorously.  Accordingly, the interests of the Class members will be fairly and adequately protected by Plaintiff and her counsel.

22.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the potentially complex and extensive litigation necessary to establish Defendant's liability.

23.     Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.

24.     Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims are consistently adjudicated.

## COUNT I

### VIOLATION OF 18 U.S.C. §§ 2721, *et seq.* (DPPA)
### (On Behalf of Plaintiff and the Class)

25.     The allegations contained in the paragraphs above are incorporated herein by reference.

26.     As specifically alleged above, Defendants knowingly obtained DPPA-protected personal information, including the driver's license number of Plaintiff and other members of the Class, from a motor vehicle record, and then allowed that personal information to be disseminated by Defendant to the Other Party as described above.

27.     Defendant knowingly obtained, disclosed, or used Plaintiff's protected personal information from a motor vehicle record.

28.     Defendant obtained the Plaintiff's driver's license information from a motor vehicle record and then knowingly disclosed said Plaintiff's personal information.

29.     Defendant knowingly obtained and disclosed, Plaintiff's personal information from a motor vehicle record for its own commercial purposes.

30.     Defendant knowingly obtained and disclosed, Plaintiff's personal information, from a motor vehicle record, for a purpose not permitted under the DPPA, in violation of the DPPA.

31.     Under 18 U.S.C. § 2724(b)(4), the Court should enter a permanent injunction prohibiting Defendant from obtaining personal information from motor vehicle records for its own commercial purposes and storing this information in its databases.

32.     Because Defendant knowingly obtained and disclosed Plaintiff's personal information, from a motor vehicle record, for a purpose not permitted under the DPPA, Plaintiff and each member of the Class is entitled to liquidated damages of $2,500.00 in lieu of actual damages for each instance in which Defendant so acted in violation of the DPPA.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

A.      To enter an Order certifying the proposed Class under Rule 23, and appointing Plaintiff and the undersigned counsel of record to represent the Class;

B.      To permanently enjoin Defendant, pursuant to 18 U.S.C. § 2724(b)(4), from obtaining names, addresses and driver's licenses and allowing them to be knowingly disclosed in violation of the DPPA;

C.      To award liquidated damages, pursuant to 18 U.S.C. § 2724(b)(1), to Plaintiff in the amount of $2,500.00 for each instance in which Defendant knowingly obtained, disclosed or used

or caused to be obtained, disclosed or used Plaintiff's or a Class Member's personal information, from a motor vehicle record, in violation of the DPPA;

D.    To award reasonable attorneys' fees and other litigation costs reasonably incurred, pursuant to 18 U.S.C. §2724(b)(3);

E.    To award pre- and post-judgment interest as allowed by law; and

F.    Granting such other and further relief as the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues so triable.

Dated: December 15, 2021

**GAINEY McKENNA & EGLESTON**

By: */s/ Thomas J. McKenna*
     Thomas J. McKenna
Gregory M. Egleston
501 Fifth Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email: gegleston@gme-law.com
Email: tjmckenna@gme-law.com

***Attorneys for Plaintiff***