**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**

---------------------------------------------------------- X
                                                     :

JENNIFER RAND, individually and on behalf of  :
a class similarly situated,                  :
                                                     :

                            Plaintiff,      :

                                                     :   No. 7:21-cv-10744-VB

                              v.           :

                                                       :

THE TRAVELERS INDEMNITY COMPANY,  :

                                                   :

                              Defendant.   :
---------------------------------------------------------- X

**DEFENDANT THE TRAVELERS INDEMNITY COMPANY'S MEMORANDUM OF**
**LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

ALSTON & BIRD LLP

Christopher J. Borchert
Alston & Bird LLP
90 Park Avenue
New York, NY 10016
(212) 210-9548
Christopher.Borchert@alston.com

*Counsel for Defendant The Travelers*
*Indemnity Company*

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ................................................................................................... 1

II.   SUMMARY OF COMPLAINT ALLEGATIONS ............................................... 2

III.  LEGAL STANDARD ............................................................................................ 2

IV.   ARGUMENT AND CITATIONS TO AUTHORITY ........................................... 4

      A.    Plaintiff Lacks Article III Standing ............................................................ 4

      B.    Plaintiff Does Not State a Claim for Relief Under the DPPA. ................... 6

V.    CONCLUSION .................................................................................................... 10

i

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Allen v. Vertafore, Inc.*, No. 4:20-cv-04139, 2021 U.S. Dist. LEXIS 114016 (S.D. Tex.
June 14, 2021), *report and recommendation adopted*, 2021 U.S. Dist. LEXIS 138464
(S.D. Tex. July 23, 2021) ................................................................................................9, 10

*Antman v. Uber Techs., Inc.*,
No. 15-cv-01175, 2015 U.S. Dist. LEXIS 141945 (N.D. Cal. Oct. 19, 2015) .........................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................................2, 3

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
493 F.3d 87 (2d Cir. 2007) ...................................................................................................2

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................................................3, 8

*Casillas v. Madison Avenue Assocs. Inc.*,
926 F.3d 329 (7th Cir. 2019) ................................................................................................6

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013) .....................................................................................................3, 4, 5

*Cooper v. Bonobos, Inc.*,
No. 21-CV-854, 2022 U.S. Dist. LEXIS 9469 (S.D.N.Y. Jan. 19, 2022) ...............................4

*Enslin v. Coca-Cola Co.*,
136 F. Supp. 3d 654 (E.D. Pa. 2015) ...........................................................................7, 9, 10

*Gordon v. Softech Int'l, Inc.*,
726 F.3d 42 (2d Cir. 2013) ................................................................................................6, 7

*Gulsvig v. Mille Lacs Cnty.*,
No. 13-1309, 2014 U.S. Dist. LEXIS 43951 (D. Minn. Mar. 31, 2014) ................................10

*Hill v. Curcione*,
657 F.3d 116 (2d Cir. 2011) ................................................................................................10

*Kiminski v. Hunt*,
No. 13-185, 2013 U.S. Dist. LEXIS 157829 (D. Minn. Sept. 20, 2013) ................................10

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) ........................................................................................................3, 4

*McDonough v. Anoka Cnty.*,
   799 F.3d 931 (8th Cir. 2015) ..................................................................8

*McMorris v. Carlos Lopez & Associates, LLC*,
   995 F.3d 295 (2d Cir. 2021) ..................................................................4

*Monsanto Co. v. Geertson Seed Farms*,
   561 U.S. 139 (2010) ..............................................................................3

*Senne v. Vill. of Palatine*,
   695 F.3d 597 (7th Cir. 2012) ................................................................7

*Spokeo, Inc. v. Robins*,
   578 U.S. 330 (2016) ...........................................................................4, 6

*Susan B. Anthony List v. Driehaus*,
   573 U.S. 149 (2014) ..............................................................................5

*TransUnion LLC v. Ramirez*,
   141 S. Ct. 2190 (2021) ..............................................................1, 4, 5, 6

*Warth v. Seldin*,
   422 U.S. 490 (1975) ..............................................................................3

**RULES**

Federal Rule of Civil Procedure 12(b)(1) ...............................................2, 6

Federal Rule of Civil Procedure 12(b)(6) ...............................................2, 3

**STATUTES**

Driver's Privacy Protection Act, 18 U.S.C. §§ 2721 *et seq.* .................................... passim

# I.      <u>INTRODUCTION</u>

This case arises out of a crime perpetrated against Defendant The Travelers Indemnity Company ("Travelers").  Specifically, an unauthorized party illegally accessed Travelers' systems and stole certain personal information (the "Cyber Incident").  Plaintiff tries to convert this crime on Travelers into a claim that Travelers *knowingly disclosed* her information in violation of the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721 *et seq.* (the "DPPA").  But square pegs do not fit into round holes, and Plaintiff's Class Action Complaint, ECF No. 1 ("Complaint" or "Compl.") should be dismissed with prejudice for two reasons:

- *First,* Plaintiff does not plausibly allege an injury in fact as required to establish Article III standing to sue in federal court.  Indeed, Plaintiff does not allege any actual injuries at all. And the only two possible allegations of harm Plaintiff could point to in the Complaint— an alleged increased risk of identity theft and the alleged violation of the DPPA—fall well short of satisfying Article III's injury-in-fact requirement under *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), and other Supreme Court precedent.

- *Second,* Plaintiff asserts a single claim for violation of the DPPA, but her Complaint fails to state a plausible claim for relief.  Civil liability arises under this statute only where the defendant *knowingly discloses* the plaintiff's information.  Suffering a theft is not the same thing as making a knowing disclosure.  Not surprisingly, no court has found that a plaintiff stated a viable DPPA claim under circumstances like those alleged here.

For these reasons and as set forth in more detail below, the Court should grant Travelers' Motion and dismiss the Complaint with prejudice.

## II.       SUMMARY OF COMPLAINT ALLEGATIONS[1]

This lawsuit arises out of a third-party criminal cyberattack on Travelers, *i.e.*, the Cyber Incident.  *See* Compl. ¶¶ 1-2, 11-12.  Specifically, between April 2021 and November 17, 2021, an unauthorized third party illegally accessed Travelers' internet-based agency portal and, once inside, stole Plaintiff's personal information.  *Id.* ¶¶ 11-12; *see* Declaration of Christopher J. Borchert ("Borchert Decl."), Exhibit A (Notice Letter to Plaintiff of Cyber Incident or "Notice Letter").[2]  The types of information potentially accessed include Plaintiff's name, address, date of birth, and driver's license number.  *Id.*  Nowhere does Plaintiff allege that she has incurred any actual harm as a result of the Cyber Incident.  Plaintiff nonetheless asserts a claim under the DPPA and seeks to recover, on behalf of herself and a putative nationwide class, liquidated damages in the amount of $2,500 for each alleged DPPA violation, attorneys' fees, and other relief.  *See* Compl., Request for Relief.

## III.      LEGAL STANDARD

Travelers moves to dismiss the Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6).

---

[1] Travelers summarizes the Complaint's allegations as they must be taken as true for purposes of this Motion to Dismiss.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Travelers does not concede the veracity of the Complaint's allegations and reserves the right to contest them if this case proceeds.

[2] The Court may consider the Notice Letter in resolving Travelers' Motion to Dismiss because, in ruling on a motion to dismiss, courts may consider "documents possessed by or known to the plaintiff and upon which [she] relied in bringing the suit."  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citations omitted).  Here, Plaintiff references, cites, and relies on the Notice Letter in the Complaint.  *See* Compl. ¶ 11; *see also* Borchert Decl., Ex. A.

Plaintiff bears the burden of establishing standing, which is "the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (explaining that the plaintiff bears the burden of establishing subject matter jurisdiction). To meet this burden at the pleading stage, Plaintiff must allege facts making it plausible that she suffered an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)); *see Lujan*, 504 U.S. at 561 (explaining that "each element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation").

Plaintiff also bears the burden of alleging facts stating a plausible claim for relief. A motion to dismiss under Rule 12(b)(6) should be granted where a plaintiff fails to allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). This burden requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Although the Court should take the Complaint's factual allegations as true in reviewing Travelers' Motion, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (citation omitted).

Plaintiff does not come close to meeting either burden in this case, and the Court should therefore dismiss Plaintiff's Complaint in its entirety and with prejudice.

## IV.    <u>ARGUMENT AND CITATIONS TO AUTHORITY</u>

### A.    <u>Plaintiff Lacks Article III Standing.</u>

Plaintiff's Complaint should be dismissed for the gating reason that she does not meet her burden of pleading facts sufficient to establish Article III standing.  Specifically, as set forth below, neither of the two possible injuries that Plaintiff alleges rises to the level of an injury in fact.  *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (explaining that injury in fact, traceability, and redressability are the "'irreducible constitutional minimum' of standing") (quoting *Lujan*, 504 U.S. at 560).

First, Plaintiff's single allegation that she is "at risk and will continue to be at an increased risk of identity theft" is not an injury in fact.  Compl. ¶ 2.  In *TransUnion*, the Supreme Court explained that the "risk of future harm on its own does not support Article III standing for [a] damages claim." *TransUnion*, 141 S. Ct. at 2213.[3]  And to the extent Plaintiff is pursuing forward-looking, prospective injunctive relief, the risk must be more than "increased" as Plaintiff alleges here—it must be *imminent*.  *See* Compl. ¶ 2; *Clapper*, 568 U.S. at 409-10.  The Supreme Court

---

[3] Should Plaintiff argue that *McMorris v. Carlos Lopez & Associates., LLC*, 995 F.3d 295 (2d Cir. 2021), governs, *McMorris* is no longer good law after *TransUnion*.  But even applying the *McMorris* three-factor test, Plaintiff does not establish Article III standing: (1) Plaintiff does not allege that the unauthorized person intends to misuse Plaintiff's information to commit identity theft or other fraud; (2) Plaintiff does not allege any of the data accessed *has been* misused to commit identity theft or other fraud; and (3) Plaintiff does not allege any facts to support that the information allegedly accessed could be used to commit identity theft or fraud.  *See McMorris*, 995 F.3d at 303; *see also Cooper v. Bonobos, Inc.*, No. 21-CV-854, 2022 U.S. Dist. LEXIS 9469, at **10-13 (S.D.N.Y. Jan. 19, 2022) (applying *McMorris* and holding no standing based on risk of identity theft where disclosure involved "less sensitive data, such as basic publicly available information" including contact information, where plaintiff could eliminate risk from disclosure of his credit card number by cancelling it and requesting a new one, and where plaintiff did not allege how "criminals could use that limited information to cause him harm"); *Antman v. Uber Techs., Inc.*, No. 15-cv-01175, 2015 U.S. Dist. LEXIS 141945, at *29 (N.D. Cal. Oct. 19, 2015) (holding no standing where plaintiff alleged risk of identity theft based only on disclosure of names and driver's license numbers).

has repeatedly held that an imminent risk is one that is "certainly impending" or where there is a "'substantial risk' that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Clapper*, 568 U.S. at 414 n.5). Here, Plaintiff does not allege—even in cursory fashion—that she faces a substantial risk of future harm, much less a risk that is certainly impending. Instead, Plaintiff alleges only that she faces an "increased" risk of harm. Compl. ¶ 2. But a "*possible* future injury"—even one with an "objectively reasonable likelihood" of occurring—is insufficient to confer standing. *Clapper*, 568 U.S. at 409-10 (emphasis in original) (citations omitted). As a result, Plaintiff's alleged increased risk of harm does not satisfy Article III.

Second, Plaintiff also misses the mark to the extent she argues that the alleged disclosure of her information in violation of the DPPA is an injury in fact. Compl. ¶¶ 11-12, 26, 30. In *TransUnion* the Supreme Court held that an alleged violation of a federal statute may result in an injury in fact but only if the alleged violation caused a harm that "has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms including . . . reputational harm." 141 S. Ct. at 2200 (citation omitted). The Supreme Court also made clear that "under Article III, an injury in law is not an injury in fact." *Id.* at 2205. Here, apart from the conclusory allegation that she faces an increased risk of identity theft, Plaintiff does not allege any harm at all flowing from the Cyber Incident. *See* Compl. ¶¶ 11-12, 26, 30. In particular, Plaintiff fails to set forth how the alleged disclosure of her driver's license number resulted in a harm that bears a "close relationship" to a harm traditionally recognized at common law, such as reputational harm. *See TransUnion*, 141 S. Ct. at 2208-09 (holding certain plaintiffs alleged a concrete injury caused by TransUnion's alleged failure to follow reasonable procedures to ensure accurate credit files when "TransUnion

provided third parties with credit reports containing OFAC alerts that labeled [them] as potential terrorists, drug traffickers, or serious criminals" because the resulting harm "bears a sufficiently close relationship to the harm from a false and defamatory statement").  Because Plaintiff's allegation of an unauthorized disclosure of her driver's license number is "divorced from any concrete harm[,]" it amounts to nothing more than a "bare procedural violation[,]" which the Supreme Court has repeatedly deemed insufficient to satisfy the injury-in-fact requirement of Article III.  *See id.* at 2213 (citation omitted); *id.* at 2205 ("Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions.") (quoting *Casillas v. Madison Avenue Assocs. Inc.*, 926 F.3d 329, 332 (7th Cir. 2019)); *Spokeo*, 578 U.S. at 341.

For these reasons, the Court should dismiss the Complaint in its entirety under Rule 12(b)(1).

**B.**     <u>**Plaintiff Does Not State a Claim for Relief Under the DPPA.**</u>

Plaintiff's sole claim against Travelers is for an alleged violation of the DPPA.  *See* Compl. ¶¶ 25-32.  The DPPA is a federal statute that regulates the disclosure and use of personal information contained in the records of state motor vehicle departments ("DMVs").  *See* 18 U.S.C. §§ 2721 *et seq.*  The DPPA creates civil liability for, among other things, impermissible disclosures of personal information contained in DMV records.  *Id.*  But the DPPA is not a strict liability statute.  *See Gordon v. Softech Int'l, Inc.*, 726 F.3d 42, 50 (2d Cir. 2013) (explaining that "a strict liability standard is inconsistent with the DPPA as a whole and would frustrate its legislative aims").  It has an explicit *mens rea* element.  *See id.*  Indeed, the DPPA is codified in Title 18 of the United States Code (*i.e.,* the criminal code), and the provision describing a "criminal offense under the DPPA mirrors the language describing a civil cause of action."  *Id.* (citation omitted).

Civil liability arises only where a defendant "***knowingly*** obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under [the DPPA]."  18 U.S.C. § 2724(a) (emphasis added).

The Second Circuit has stated that there are two potential formulations of the DPPA's "knowingly" element: (1) "any act committed intentionally," or (2) any intentional act committed with actual knowledge the protected information is being used for an improper purpose.  *Gordon*, 726 F.3d at 55 (citations omitted).  Under either formulation of this element, the defendant must have intentionally disclosed the protected information.  *See, e.g.*, *Enslin v. Coca-Cola Co.*, 136 F. Supp. 3d 654, 670 (E.D. Pa. 2015) ("A 'knowing disclosure' of [personal driver's information] requires the defendant to take some 'voluntary action' to disclose the information.") (citing *Senne v. Vill. of Palatine*, 695 F.3d 597, 603 (7th Cir. 2012)).

Here, Plaintiff's DPPA claim should be dismissed because she does not plausibly allege that Travelers intentionally disclosed her information.  As set forth above, Plaintiff's claim arises out of the Cyber Incident in which a criminal broke into Travelers' agency portal and then fraudulently accessed Plaintiff's information.  *See* Section II, *supra*.  Put differently, this was a criminal act perpetrated against Travelers.  As Travelers explained to Plaintiff in its Notice Letter:

> On November 12, 2021, Travelers discovered suspicious activity relating to our agency portal, which is used by our agents to obtain quotes for customers and prospective customers.  We immediately launched an investigation and determined that between April 2021 and November 17, 2021, *an unauthorized party used the credentials of a limited number of agents to access the portal to obtain information sourced from a third party.*

Borchert Decl., Ex. A (emphasis added).  As a result, Plaintiff does not and cannot plead any facts showing that Travelers somehow intentionally disclosed this information.

Perhaps recognizing this fatal flaw, Plaintiff peppers the Complaint with conclusory allegations in an attempt to come within the ambit of the DPPA.  None of the allegations saves the Complaint from dismissal.  For example, Plaintiff alleges that Travelers somehow "allowed" her information to be accessed.  Compl. ¶ 11.  This allegation is implausible, but even if credited (and it should not be), it still does not plausibly allege an intentional act of disclosure by Travelers as required to state a DPPA claim.  Moreover, Plaintiff alleges that "Defendant knowingly obtained and disclosed, Plaintiff's personal information, from a motor vehicle record, for a purpose not permitted under the DPPA, in violation of the DPPA."  *Id.* ¶ 30.  This allegation is nothing but a formulaic recitation of the elements of a DPPA claim and does not state a claim for relief under Supreme Court precedent.  *See Twombly*, 550 U.S. at 555 (plaintiff bears the burden of alleging "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); *see also McDonough v. Anoka Cnty.*, 799 F.3d 931, 957 (8th Cir. 2015) ("To the extent that Drivers attempt to allege, without support, that Commissioners and DPS Does actually knew that the particular disclosures alleged in the complaint were for impermissible purposes, such bald allegations are conclusory and are properly disregarded when determining whether the complaint survives a motion to dismiss.").[4]  Because the only facts alleged are that Plaintiff's

---

[4] The Complaint requests a "permanent injunction prohibiting Defendant from obtaining personal information from motor vehicle records for its own commercial purposes and storing this information in its databases."  Compl. ¶ 31.  To the extent Plaintiff suggests that the existence of the agency portal is a violation of the DPPA, her Complaint demonstrates that Travelers has a legitimate business purpose, sanctioned by the DPPA, for maintaining a portal through which it may permissibly obtain certain information.  The Complaint provides that Travelers' "agency portal is used by its insurance agents to obtain quotes for customers and prospective customers."  *Id.* ¶ 11.  The plain terms of the DPPA provide that this is a permissible purpose: insurance companies may permissibly obtain personal information "[f]or use by any insurer or insurance support organization, or by a self-insured entity, or its agents, employees, or contractors, in connection with claims investigation activities, antifraud activities, rating or underwriting."  *See* 18 U.S.C. § 2721(b)(6).  As such, Plaintiff's request for injunctive relief must be denied.

information was stolen *from* Travelers—and not intentionally disclosed *by* Travelers—Plaintiff does not state a DPPA claim.

Not surprisingly, multiple courts have dismissed DPPA claims in analogous circumstances where, as here, the plaintiff did not plead facts that the defendant knowingly disclosed information. For instance, in *Allen v. Vertafore, Inc.*, plaintiffs asserted DPPA claims against the defendant, an insurance software company, after the company reported that certain files containing driver information were accessed without authorization. No. 4:20-cv-04139, 2021 U.S. Dist. LEXIS 114016, at *2, *9 (S.D. Tex. June 14, 2021), *report and recommendation adopted*, 2021 U.S. Dist. LEXIS 138464 (S.D. Tex. July 23, 2021). Because plaintiffs' claims arose out of an unauthorized access, the district court found that plaintiffs did not plausibly allege that the company had "knowingly disclosed" the information and dismissed plaintiffs' DPPA claims. *Id.* at *9 (finding fact that anyone who obtained data did so in an unauthorized manner undercut the notion that defendant "knowingly disclosed the data"). Notably, like Plaintiff here, the plaintiffs in *Allen* relied on conclusory allegations parroting the elements of a DPPA claim. *See id.* at *10. But the *Allen* court cut through this pleading artifice and correctly dismissed the plaintiffs' DPPA claims, which is exactly what the Court should do here. *See id.* ("Plaintiffs' allegation that [defendant] knowingly disclosed their personal information for an improper purpose [was] nothing more than a conclusory allegation or legal conclusion masquerading as a factual conclusion.").

Similarly, in *Enslin v. Coca-Cola Co.*, the plaintiffs brought DPPA claims based on the theft of numerous laptops from Coke, which allegedly contained the personal information of plaintiffs. 136 F. Supp. 3d at 658. The court dismissed the plaintiffs' DPPA claims because they did not allege facts making it plausible that Coke took any voluntary action constituting a knowing disclosure. A knowing disclosure of personal information "requires the defendant to take some

'voluntary action' to disclose the information[,]" and the "theft of [personal information] cannot be characterized as a 'voluntary action' taken by the Coke Defendants to disclose that information." *Id.* at 670-71 (citations omitted). "[N]o coherent understanding of the word 'disclose' or 'voluntary action' would include theft." *Id.* at 671 (internal citations and quotations omitted); *see Gulsvig v. Mille Lacs Cnty.*, No. 13-1309, 2014 U.S. Dist. LEXIS 43951, at *19 (D. Minn. Mar. 31, 2014) (granting motion to dismiss DPPA claim where plaintiffs failed to plausibly allege defendants engaged in knowing disclosure for impermissible purpose); *Kiminski v. Hunt*, No. 13-185, 2013 U.S. Dist. LEXIS 157829, at *12 (D. Minn. Sept. 20, 2013) (dismissing DPPA claim where complaint alleged no plausible facts that defendants "knowingly" provided database access for impermissible purposes).

Just like in *Allen*, *Enslin*, and the many other cases dismissing DPPA actions for failure to state a claim, Plaintiff does not and cannot plausibly allege a required element of the claim: that Travelers knowingly disclosed her information. Indeed, counsel has not identified a single case in which a court has found that the plaintiff stated a viable DPPA claim under circumstances like those alleged here. This is not surprising, because no coherent understanding of a knowing disclosure would include theft. *See Enslin*, 136 F. Supp. 3d at 671. Plaintiff therefore fails to allege a required element of the DPPA claim, and the Court should dismiss the Complaint with prejudice, as any attempt to amend would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) ("Where a proposed amendment would be futile, leave to amend need not be given.") (citation omitted).

## V.     CONCLUSION

For the foregoing reasons, the Court should grant this Motion and dismiss Plaintiff's Complaint with prejudice.

Dated: February 7, 2022                Respectfully submitted,

                                       */s/ Christopher J. Borchert*

Christopher J. Borchert
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
(212) 210-9548
Christopher.Borchert@alston.com

*Counsel for Defendant The Travelers Indemnity Company*