UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

------------------------------------------------------------ X
: 3/31/23
JENNIFER RAND, individually and on behalf of :
a class similarly situated, :
:
Plaintiff, :
: No. 7:21-cv-10744-VB
v. :
:
THE TRAVELERS INDEMNITY COMPANY, :
:
Defendant. :
------------------------------------------------------------ X

## [~~PROPOSED~~] STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

Plaintiff Jennifer Rand and Defendant The Travelers Indemnity Company ("Travelers") request the Court to enter a stipulated Confidentiality and Protective Order (the "Order") under Federal Rule of Civil Procedure 26(c). Their purpose is to protect the confidentiality of certain nonpublic and confidential material that is likely to be exchanged during discovery.

In making their request, the parties acknowledge that the Order does not confer blanket protections on all discovery disclosures and responses. The parties recognize that the protection it affords only extends to the limited information or items that are entitled to confidential treatment under applicable legal principles. The parties further understand that this Order does not create an entitlement to file confidential material under seal.

Good cause exists to issue this appropriately tailored Order due to: (1) these acknowledgements; (2) the parties' representations that discovery will involve confidential documents or information, the public disclosure of which will cause harm to the producing person and/or third parties to whom a duty of confidentiality is owed; and (3) the need to protect against injury caused by dissemination of confidential documents and information.

It is hereby ORDERED that any person subject to this Order—including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms:

**Discovery Materials May Be Designated as "Confidential" or "Highly Confidential"**

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of formal or informal discovery in this action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order, shall not disclose such "Confidential" or "Highly Confidential" Discovery Material to anyone else except as expressly permitted in accordance with this Order. For purposes of this Order, the term "Protected Material" shall refer to Discovery Material that is designated as either "Confidential" or "Highly Confidential."

2. The person producing Discovery Material may designate as "Confidential" any portion thereof that contains employee information, confidential and proprietary business information, and any other information that may reasonably be characterized by as requiring confidential treatment to protect a legitimate business or other interest. "Confidential" information includes, but is not limited to, marketing documents, customer lists, risk-management documents, documents concerning business relationships with other entities, personal financial information, personal identifying information of the type described in Fed. R. Civ. P. 5.2, other personally or competitively sensitive information, information received in confidence from third parties, and any other material that is confidential pursuant to applicable law, including trade secrets. "Confidential" information also includes any copies or reproductions, excerpts, summaries, or other documents or media that contain "Confidential" information as defined above.

3. The person producing Discovery Material may designate as "Highly Confidential" any portion thereof that contains: confidential information of a highly sensitive nature that, if disclosed, might be of significant value to an actual or potential competitor or might otherwise cause serious commercial harm to the producing person. "Highly Confidential" information includes, without limitation, documents or information regarding, discussing, relating to, or reflecting pricing and business strategy, financial statements, sales data, profit-margin data, cost-and-expense data, revenue information relating to specific customers or classes of customers or suppliers, non-public scientific research, contracts, and technical information related to a party's information security and management. "Highly Confidential" information also includes computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs. "Highly Confidential" information includes any copies or reproductions, excerpts, summaries, or other documents or media that contain "Highly Confidential" information.

4. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition transcripts, or portions thereof (including exhibits), may be designated "Confidential" or "Highly Confidential." Such designation can be made during the deposition. If only a portion of the deposition is designated "Confidential" or "Highly Confidential" during the deposition, the designated testimony shall later be identified by page and line number within thirty (30) days of receipt of the final deposition transcript. Such designations may also be made after the conclusion of the deposition by page and line number,

again within thirty (30) days of receipt of the final deposition transcript. If a confidentiality designation was not made during the deposition, the entire deposition transcripts shall be treated as Protected Material for thirty (30) days after receipt of the deposition transcript unless the designating party has earlier indicated a different designation. The front page of any deposition containing the Protected Materials shall be marked by the court reporter as follows: "CONTAINS CONFIDENTIAL INFORMATION GOVERNED BY CONFIDENTIALITY AND PROTECTIVE ORDER." The designating party shall have the right to have all persons except the deponent and his counsel, counsel of record for the parties, the court reporter, and such other persons as are permitted under this Order, as appropriate, excluded from a deposition, or any portion thereof, before the taking of testimony that the designating party designates as Protected Material under this Order.

5. If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential" or "Highly Confidential," the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated in accordance with the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential" designation within five (5) business days of providing such notice.

6. Any party that objects to a confidentiality designation of any document or transcript must provide written notice of its specific challenges or objections to the designating person on a document-by-document basis. The parties agree to limit challenges or objections to documents that the challenging party reasonably anticipates using in this litigation. After receipt of the

objection, the parties shall have fourteen (14) days to engage in the conferral and prefiling requirements in Local Civil Rule 37.2 and Judge Briccetti's Individual Practice Procedures. If the Court has denied the request for a pre-motion discovery conference, or the discovery dispute has not been resolved as a consequence of such a conference, the challenging party then shall have fourteen (14) days to file a motion challenging the designation. The burden of proving that the designation is proper under Rule 26(c)(1)(g) shall be upon the person seeking to uphold the designation. During the objection process, including if a motion is filed, the parties shall continue to treat the designated information at issue as "Confidential" or "Highly Confidential" until the Court rules on the motion. If the Court determines the designation of Confidential to have been inappropriate, the challenged designation shall be rescinded.

**Who May Receive Protected Materials**

  7. No person subject to this Order, other than the producing person, shall disclose any Protected Material designated as "Confidential" to any other person, except to:

    (a) the named parties to this action;

    (b) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action, as well as in-house counsel for any party (including their supporting paralegals and other support staff);

    (c) as to any document, its author, its addressee, any other person shown on the face of the document as having received a copy and any person in good faith reasonably believed to have knowledge of its contents;

    (d) persons from whom deposition or trial testimony is taken while testifying at deposition or trial, respectively;

(e) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f) any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, including investigative, jury and/or trial-consulting services, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(g) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

(h) independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

(i) the Court and its staff;

(j) any mediators or arbitrators, including their necessary staff, engaged by the parties or appointed in the action for settlement purposes;

(k) the parties' auditors and insurers; and

(l) any other person whom the producing person, or other person designating the Discovery Material agrees in writing may have access to such Protected Material.

8. No person subject to this Order, other than the producing party, shall disclose any Protected Material designated as "Highly Confidential" to any other person, except to the categories of persons listed in Paragraph 7 subsections (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), and (l).

9. Prior to the disclosure of any Protected Material to any person referred to in subparagraphs 7(e) or 7(f) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement.

10. Recipients of Protected Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitation) may not use Protected Material for any business, commercial, or competitive purpose. Nothing contained in this Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Order limit or restrict the rights of any person to use or disclose information or material lawfully obtained independently from and not through or pursuant to discovery in this action.

11. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, driver's license numbers, passwords, or information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences an information security incident relating to the PII, said person shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the incident. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

**Subpoenas for Protected Material**

12. If any receiving party receives a request to produce Protected Material by subpoena or other compulsory process commanding the production of such information, unless barred by law, the party must, as soon as practicable but in any event within three (3) business days: (a) provide a copy of the subpoena or other form of process to the designating person; (b) provide a copy of this Protective Order and notify the subpoenaing or requesting party in writing that some or all of the material covered by the subpoena or other compulsory process is subject to this Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Protected Material may be affected.

13. If the designating party timely seeks a protective order, the party served with the subpoena or other compulsory process must not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or other compulsory process issued, unless the party has obtained the designating party's permission. Nothing in this Order shall be construed as authorizing or encouraging a party receiving a subpoena or other compulsory process to disobey a lawful directive from another court.

14. When serving subpoenas on non-parties, the parties shall include a copy of this Order. Non-parties who produce information in this action may avail themselves of this Order. When a non-party produces documents in accordance with a subpoena issued in this action, any party may—within a reasonable time after receipt of the produced documents—designate those documents as "Confidential" or "Highly Confidential" information.

**Filing Protected Materials in this Action**

15. The parties acknowledge that, as per Fed. R. Civ. P. 5.2 and the Individual Practices of Judge Vincent L. Briccetti, certain information must be redacted from public court filings without seeking permission from the Court.

16. Any party seeking to file other Protected Material with the Court must contact the designating person three (3) business days before the filing to (a) provide the designating person with notice that it seeks to file Protected Material with the Court, and (b) meet and confer in good faith to determine whether the designating party consents to public filing, whether a redacted version of the Protected Material should be filed, or whether the entire document must be filed under seal. If the designating party requests redaction or filing under seal, the parties must work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the applicable rules regarding filing documents under seal.

17. So long as the filing party files a motion for approval of sealed or redacted filings in accordance with Judge Briccetti's Individual Practices on or before the applicable deadline, then the document or material shall be deemed timely filed for purposes of the applicable deadline.

18. Notwithstanding the designation of material as "Confidential" or "Highly Confidential" in discovery, there is no presumption that such Protected Material will be filed with the Court under seal.

19. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously designated as "Confidential" and "Highly Confidential" or sealed during pretrial proceedings.

20. Each person who has access to Protected Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Withholding or Redacting Information**

21. A party may withhold responsive documents or information only if the document or information is subject to a legally recognized claim of privilege or other protection from disclosure, including, without limitation, the attorney-client privilege, the work-product doctrine, or the joint-defense privilege. A party may redact responsive documents or information only if the document or information is subject to a legally recognized claim of privilege or other protection from disclosure, including, without limitation, the attorney-client privilege, the work-product doctrine, or the joint-defense privilege. The reason for such redactions shall be clearly identified on the document in the redaction box.

**Inadvertent Disclosure of Privileged or Otherwise Protected Materials**

22. The production of documents or information that are protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, immunity, or protection from disclosure is not a waiver of the privilege, immunity, or other protection in this action or in any other federal or state proceeding. This Order provides the maximum protection allowed by Federal Rule of Evidence 502(d), but nothing in this Order restricts a receiving party's right to challenge the producing party's claim of privilege, protection, or immunity from disclosure.

23. If a disclosing person makes a claim of inadvertent disclosure of information subject to a claim of privilege or protection ("Inadvertently Disclosed Information"), all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently

Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

24. Within ten (10) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

25. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

26. Discovery Material marked by a party as an exhibit in a deposition or submitted as an exhibit to a court filing in this action shall remain subject to the protections and requirements of Paragraphs 22-25 for fourteen (14) days after the deposition or filing. Following this fourteen (14) day period, any such used document cannot be considered Inadvertently Disclosed Information and shall be subject to the requirements of Federal Rule of Evidence 502(b).

27. If at any time before the final judgment in this action a person realizes that previously un-designated or under-designated documents or other information should be designated as Confidential or Highly Confidential (including documents in which the designating party has a confidentiality interest that are produced by another person), the person may designate the materials by advising all receiving parties in writing. The designated documents or information will then be treated accordingly under this Order. Upon written receipt of the designation, the receiving parties and other persons subject to this Order must take reasonable and appropriate

action to notify all recipients of the Discovery Material about the protected status of the newly designated Protected Material and to retrieve the newly designated Protected Material from any person who is no longer permitted by this Order to have such information.

**Termination of the Litigation**

28. This Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, including any and all appeals, all Protected Material and all copies thereof, shall be promptly returned to the producing person, or destroyed. This provision does not require—but instead expressly precludes—destruction of any Discovery Material, including Protected Material, that a party or non-party is required to maintain under any applicable laws, statutes, or regulations. This provision also does not require a party or non-party to destroy or delete any emails or otherwise interrupt its ordinary email preservation protocols.

29. Notwithstanding the foregoing, outside counsel for each party may retain all pleadings, briefs, memoranda, discovery responses, deposition transcripts, deposition exhibits, expert reports, motions and other documents filed with the Court that refer to or incorporate Protected Material. Outside counsel does not need to destroy attorney work-product materials that contain Protected Material, but if those materials are not destroyed, the persons in possession of the attorney work-product will continue to be bound by this Order with respect to all such retained information.

30. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**Scope**

31. All Protected Material exchanged or received under this Order may be used by the receiving party solely for this action. It must not be used by the receiving party for any other purposes, and it must not be disclosed by the receiving party to anyone other than the persons identified in Paragraphs 7 and 8.

32. Nothing in this Order affects any party's or person's right to object to any discovery request or assert any privilege, immunity, or protective doctrine. By the same token, nothing in this Order requires the production of any information or communication that a party contends is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, protection, or immunity from disclosure.

33. Nothing in this Order restricts the use or disclosure by a party or person of its own documents or information.

**PREPARED AND STIPULATED TO BY:**

Counsel for Plaintiff:

*/s/ T.J. McKenna*
Gainey McKenna & Egleston
501 Fifth Avenue, 19th Floor
New York, NY 10017
Tel. (212) 983-1300
Fax. (212) 983-0383

Dated: March 31, 2023

**SO ORDERED.**

Dated: __March 31_____, 2023

Counsel for Defendant:

*/s/ Christopher J. Borchert*
Alston & Bird LLP
90 Park Avenue
New York, NY 10016
Tel. (212) 210-9548
Fax. (212) 210-9444

Dated: March 31, 2023

**VINCENT BRICCETTI**
**United States District Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

```
------------------------------------------------------- X
                                                        :
JENNIFER RAND, individually and on behalf of            :
a class similarly situated,                             :
                                                        :
                        Plaintiff,                      :
                                                        :    No. 7:21-cv-10744-VB
                v.                                      :
                                                        :
THE TRAVELERS INDEMNITY COMPANY,                        :
                                                        :
                        Defendant.                      :
------------------------------------------------------- X
```

      I, _____ [print name], acknowledge that I have read and understand the Confidentiality and Protective Order in this action governing the non-disclosure Discovery Material that has been designated as Protected Material. I agree that I will not disclose such Protected Material to anyone other than for purposes of this litigation. I also agree that at the conclusion of the litigation, I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder. I further understand that my willful violation of any term of the Order could subject me to punishment for contempt of court.

Dated: _____          _____

                                                                          [Signature]