**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**

------------------------------------------------------------ X
:
JENNIFER RAND, individually and on behalf of :
a class similarly situated,   :
:
:
Plaintiff,   :
: No. 7:21-cv-10744-VB
v.   :
:
THE TRAVELERS INDEMNITY COMPANY,   :
:
Defendant.   :
------------------------------------------------------------ X

**[~~PROPOSED~~] STIPULATED ESI PROTOCOL ORDER**

**1.   INTRODUCTION**

a.   <u>Purpose</u>.   This Stipulated Order ("Order") Regarding Production Of Electronically Stored Information And Paper Documents ("ESI Protocol Order") shall govern the production of documents in the above-captioned case (the "Action") by the Parties and any third parties.

Nothing in this Order shall be construed to affect the admissibility of discoverable information. Pursuant to the terms of this Order, information regarding search process and electronically-stored information ("ESI") practices may be disclosed, but compliance with this Order does not constitute a waiver, by any Party, of any objection to the production of particular ESI as irrelevant, undiscoverable, unduly burdensome or not reasonably accessible, or privileged, nor does it constitute a waiver of any right to discovery by any Party.  For the avoidance of doubt, a Party's compliance

with this Order will not be interpreted to require disclosure of information potentially protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity from disclosure.  This Order is a supplement to the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, Judge Briccetti's Individual Practice Procedures, and any other applicable orders and rules.  This Order is subject to amendment or supplementation by mutual agreement of the Parties.

   b. <u>Authenticity and Admissibility</u>.  Nothing in this Order shall be construed to affect the authenticity or admissibility of any document or data. All objections to the authenticity or admissibility of any document or data are preserved and may be asserted at any time.

**2.** **SCOPE OF PRESERVATION AND PRODUCTION OF ESI**

   a. The Parties agree to take the considerations addressed in Fed. R. Civ. P. 26(b) into account for purposes of production of discovery in this matter.

   b. The Parties agree that they will engage in ongoing discussions regarding the appropriate scope of discovery of ESI and possible options for ensuring an efficient discovery process, such as the possible use of search terms or technology assisted review ("TAR"), relevant date ranges, possible custodians and data sources that may have potentially responsive information, any obstacles to accessing and producing ESI, information demonstrative of adequate quality controls, and the timing of productions.

   c. To the extent a Party or third party intends to use search terms, TAR, or an alternative search methodology to identify potentially responsive documents or information

for review and production, they will meet and confer with the Party requesting documents or information prior to the application of any such search methodology to discuss: (1) the methodology being proposed, (2) the search terms or other criteria being used to identify or exclude documents for review, and (3) any proposed means for validating the proposed search methodology's results (e.g., deduplicated and unique document hit counts, document population size, TAR model parameters). If the Parties are unable to agree on the proposed search methodology, they may raise any dispute with the Court for resolution.

      d.      If zip files or any encrypted containers (e.g., password protected zip files or PDFs) are identified in the collection process, the producing Party will use reasonable means to expand those files prior to any search methodology being applied so their contents can be indexed and searched.

**3.      PRODUCTION FORMATS**

      a.      <u>Technical Specifications</u>.  The Parties agree that attending to issues relating to form of production at the outset facilitates the efficient and cost-effective conduct of discovery. Appendix A sets forth technical specifications that the Parties propose to govern the form of production of ESI in this litigation, absent other agreement by the Parties. Among other things, the proposed technical specifications incorporate the directive of Fed. R. Civ. P. 34(b)(2)(E)(iii) and provide that a Party need not produce ESI in more than one form, unless otherwise agreed to in limited circumstances (as contemplated in the technical specifications). The Parties agree to produce documents in TIFF, native, or other appropriate formats as set forth in Appendix A. For good cause, a requesting Party may request the production of documents in a format other than as

specified in this Protocol. The Parties shall thereafter meet and confer and the producing Party shall not unreasonably deny such requests. The Parties agree not to degrade the searchability of documents as part of the document production process.

  b. <u>Deduplication</u>.  The Parties agree that documents may be deduplicated globally at the family-group level (based on MD5 or SHA-1 hash values at the parent level) provided that the producing Party identifies the additional custodians in the "All Custodians" metadata field as particularized in Appendix A. To the extent that deduplication is utilized, the Parties expressly agree that a document produced from one custodian's file but not produced from another custodian's file as a result of deduplication will nonetheless be deemed as if produced from that other custodian's file for purposes of deposition, interrogatory, request to admit and/or trial testimony.

  c. <u>Email Threading</u>.   The Parties agree that email thread analysis may be used to reduce the volume of emails reviewed and produced, with the exception that to the extent a Party choses to use TAR as part of its search methodology, email threading may not be enabled during the training process.  As used in this Protocol, email thread analysis means producing the most inclusive email in a conversation thread, as well as all attachments within the threads, and excluding emails constituting duplicate emails within the produced conversation threads.  The producing Parties need only produce the most inclusive email threads and all attachments within the threads.

  d. <u>Searchable Format</u>.  The Parties share a desire to ensure that ESI is produced in an acceptable, searchable format. To that end, the Parties have discussed but have not yet identified potentially relevant ESI that would not be amenable to the

proposed technical specifications. The Parties agree to meet and confer in good faith to address any issues that may arise in this regard, and to seek judicial intervention only if their efforts to resolve the issues on an informal basis are unsuccessful.

  e. <u>Unitization</u>. All ESI and paper copy documents shall be unitized so as to specify the beginning and ending pages of each document. Unless kept in the ordinary course of maintaining documents as aggregated files, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., paper documents should be logically unitized).

  f. <u>Encryption</u>.  To maximize the security of information in transit, any media on which documents are produced must be encrypted by the producing Party. In such cases, the producing Party shall transmit the encryption key or password to the requesting Party, under separate cover, contemporaneously with sending the encrypted media or the link to the file transfer site.

  g. <u>Zero-Byte Files</u>.  The Parties may filter out stand-alone files identified as zero-bytes in size that do not contain responsive file links or file names. If the requesting Party in good faith believes that a zero-byte file was withheld from production and contains information responsive to a request for production, the requesting Party may request that the producing Party produce the zero-byte file. The requesting Party may provide a Bates number to the producing Party of any document that suggests a zero-byte file was withheld from production and contains information responsive to a request for production.

h. <u>Embedded Objects</u>.  Substantive embedded objects or files (*e.g.,* Excel spreadsheets, Word documents, audio and video files, etc.), shall be extracted, searched and produced consistent with other ESI. The Parties agree that other non-substantive embedded objects or file, including, but not limited to, logos, icons, emoticons, footers, email in-line images, may be culled from a document set and need not be produced as separate documents by a producing Party (e.g., such embedded objects will be produced within the document itself, rather than as separate attachments).

i. <u>Collaboration Platforms and Document Links</u>: In addition to email, ESI may exist in chat/collaboration platforms (e.g., Microsoft Teams, Slack, Zoom) or document management systems (e.g., Google Docs) for which the traditional parent-child model (e.g., as commonly represented by and email and its attachments) may not apply. The Parties will meet and confer about the search and collection of documents, messages, and other information included in these platforms, including the production of documents linked to in messages or emails, or inline attachments (i.e., documents shared within a chat).

4. **CONFIDENTIALITY, PRIVACY, AND SECURITY OF INFORMATION**

a. The Stipulated Confidentiality and Protective Order, entered March 31, 2023 (ECF No. 51), will govern the treatment of information warranting confidential treatment.  Nothing contained herein shall contradict the Parties' rights and obligations with respect to the Stipulated Confidentiality and Protective Order.

b. <u>Privilege</u>.  Except as provided otherwise below, for any document withheld in its entirety or produced but redacted, the producing Party will produce privilege/redaction logs on a rolling basis within forty-five (45) days after the date of a

production from which the document would otherwise have been produced but was withheld. The Parties will indicate at the time of production whether a privilege log is required for that production. The privilege log will identify: (a) a description of the documents or electronically stored information withheld, including the document date, author, recipients, and bates number if applicable; and (b) a clear statement of which privileges the responding party believes cover those documents and why. The Parties agree to meet and confer on a rolling basis regarding privileged material. The following are presumptively privileged and shall not be logged: (1) communications between Travelers and its outside counsel following the December 10, 2021 announcement of the data incident giving rise to this Action; and (2) work product created by counsel after the December 10, 2021 announcement of the data incident giving rise to this Action. Nothing in this Paragraph is intended to preclude negotiation of additional exclusions to reduce the burdens of privilege logging.

    c.    <u>502(d) Privilege Protection</u>. *See* the Stipulated Confidentiality and Protective Order, entered March 31, 2023 (ECF No. 51), which provides Federal Rule of Evidence 502(d) protection and is expressly incorporated herein.

**5. MODIFICATION**

This Stipulated Order may be modified by a stipulated order of the Parties or by the Court for good cause shown.

**PREPARED AND STIPULATED TO BY:**

| Counsel for Plaintiff | Counsel for Defendant |
|---|---|
| *s/ T.J. McKenna*<br>T.J. McKenna | *s/ Christopher J. Borchert*<br>Christopher J Borchert |

| | |
|---|---|
| Greg Egleston<br>**GAINEY MCKENNA & EGLESTON**<br>501 Fifth Avenue, 19th Floor<br>New York, NY 10017<br>Tel: (212) 983-1300<br>TJMcKenna@gme-law.com<br>egleston@gme-law.com | **ALSTON & BIRD LLP**<br>90 Park Avenue<br>New York, NY 10016<br>Tel: (212) 210-9548<br>christopher.borchert@alston.com |
| Christian Levis<br>Amanda G. Fiorilla<br>**LOWEY DANNENBERG, P.C.**<br>44 South Broadway, Suite 1100<br>White Plains, NY 10601<br>Tel: (914) 997-0500<br>clevis@lowey.com<br>afiorilla@lowey.com | Donald M. Houser (*pro hac vice*)<br>**ALSTON & BIRD LLP**<br>1201 West Peachtree Street<br>Atlanta, GA 30309<br>Tel: (404) 881-7000<br>donald.houser@alston.com<br><br>Dated: June 14, 2023 |
| Anthony M. Christina (*PHV* forthcoming)<br>**LOWEY DANNENBERG, P.C.**<br>100 Front Street, Suite 520<br>West Conshohocken, PA 19428<br>Tel: (215) 399-4770<br>achristina@lowey.com | |

Dated: June 14, 2023

**SO ORDERED.**

Dated: _____ June 23 , 2023

SO ORDERED.

_____
Hon. Victoria Reznik, U.S.M.J.

~~HON. VINCENT L. BRICCETTI~~
~~UNITED STATES DISTRICT JUDGE~~

# APPENDIX A

## Technical Specifications for Production

**1.    PRODUCTION OF DOCUMENTS ORIGINATING AS PAPER**

For documents that have originated in paper format, the following specifications should be used for their production.

- Images should be produced as single page TIFF group IV format imaged at 300dpi.

- The flat delimited text files shall contain data fields for the custodian of the information, where available. This information should include any physical location information, such as labels from redwells, boxes, (sub)folders, etc. Documents shall be scanned sequentially in the order in which the files were kept with logical document breaks maintained.

- Each filename must be unique and match the Bates number of the page. The filename should not contain any blank spaces and should be zero padded (for example ABC00000001).

  Where the original of a produced document is in color, and color is material to the interpretation of the document, the receiving party may request that the document be produced in color (whether electronic or paper). Otherwise, production will be in 300 dpi resolution, single-page black and white CCITT Group IV Tagged Image File Format.

- Media may be delivered on External USB hard drives or via a secure file transfer site. Each media volume should have its own unique name and a consistent naming convention (for example ZZZ001 or SMITH001).

- Each delivery should be accompanied by an image cross reference file (.OPT) that contains document breaks.

- A delimited text file (.DAT) that contains the following fields:

    - Production Bates Begin
    - Production Bates End
    - Production Bates Begin Attachment
    - Production Bates End Attachment
    - Production Image Count
    - Custodian
    - Privileged

- Confidentiality
- Redacted

The delimiters for that file should be:

Field Separator, ASCII character 020: "¶"

Quote Character, ASCII character 254 "þ"

Multi-Entry Delimiter, ASCII character 059: ";"

- OCR text should also be delivered for each redacted document or documents without extracted text. OCR text should be delivered on a document level in an appropriately formatted text file (.txt) that is named to match the first bates number of the document.

- A text cross reference load file should also be included with the production delivery that lists the beginning bates number of the document and the relative path to the text file for that document on the production media.

**2.  PRODUCTION OF EMAIL AND ELECTRONIC DOCUMENTS**

Attachments, enclosures, and/or exhibits to any parent documents should also be produced and proximately linked to the respective parent documents containing the attachments, enclosures, and/or exhibits.

All documents (except those designated to be produced in native below) should be produced as single-page, Group IV, 300 DPI TIFF (black & white) images using the same specifications above with the following exceptions:

- Provide a delimited text file (using the delimiters detailed above) containing the following fields where they exist in the file being produced. Nothing shall require the production of metadata that does not exist or would be unduly burdensome to collect.

| Field Name | Field Description |
|---|---|
| Production Bates Begin | Beginning bates number of the record. |
| Production Bates End | Last bates number of the record. |
| Production Bates Begin Attachment | Beginning bates number for the parent/child package. |

| Production Bates End Attachment | Ending bates number for the parent/child package. |
|---|---|
| Custodian | Name of person the document was collected from. |
| All Custodians | Name(s) of All Custodians associated with the record including where documents have been removed as a duplicate. |
| Email From | Email sender. |
| Email To | Main recipient(s) of the e-mail message, by email address. |
| Email CC | Recipient(s) of "Carbon Copies of the e-mail message. |
| Email BCC | Recipient(s) of "Blind Carbon Copies" of the e-mail message. |
| Email Subject | Subject of the e-mail message. |
| Unified Title | The extracted document title of a document. |
| Sent Date/Time | Date & Time the email was sent. Formatted as: mm/dd/yyyy  hh:mm:ss |
| Received Date/Time | Date & Time the email was received. Formatted as: mm/dd/yyyy  hh:mm:ss |
| Created Date/Time | Date & Time the record was created. Formatted as: mm/dd/yyyy  hh:mm:ss |
| Last Modified Date/Time | Date & Time the record was last modified. Formatted as: mm/dd/yyyy  hh:mm:ss |
| Sort Date/Time | Date & Time taken from (Email) Date/Time Sent, (Email) Date/Time Rcvd, or (EDocs) Date/Time Last Modified, repeated for parent document and all children items to allow for date sorting. Formatted as: mm/dd/yyyy  hh:mm:ss |
| File Extension | File extension of native file. |
| File Name | Original filename of native file. Contains subject of e-mail message for e-mail records. |
| Text Path | Path and filename to extracted text OR OCR Text for imaged or redacted documents. |
| Native File Link | File path/folder structure of original native file. |
| MD5 Hash | MD5 Hash algorithm to uniquely identify file. |
| Number of Attachments | Number of attachments for the record. |

| | |
|---|---|
| File Type | The file type of a document (e.g., MS Excel Spreadsheet). |
| Author | Author field from metadata of a native file. |
| File Size | Size of the file in bytes. |
| Production Image Count | The number of pages for a document. |
| Record Type | The record type of a document. E-Mail Attachment, or E-Doc |
| Privileged | Field indicating the Privilege treatment of the document. |
| Confidentiality | Field indicating the Confidential treatment of the document. |
| Redacted | "Yes" should be populated if document contains redaction. (Yes/No format) |
| Time Zone | Reference to reflect time zone data was processed in from default field. |

- Extracted full text (not OCR text) should also be delivered for each non-redacted electronic document. The extracted full text should be delivered on a document level according to the specifications above similar to paper documents.

- Foreign language text files and metadata should be delivered with the correct encoding to enable the preservation of the documents' original language.

- Non-privileged (or redacted native) spreadsheets, CAD drawings, and any other non-privileged file containing responsive information that cannot be accurately rendered to TIFF will be produced in native. Native files will be named after their bates number and a bates-stamped single placeholder TIFF saying "Document Produced in Native Format" that also indicates the confidentiality treatment of the record being produced for each native record.

- The Parties agreed they may use an industry standard native redaction tool for native redactions.

- Non-privileged media and audio-visual files (including but not limited to photos, videos and audio files) will be produced as native files showing comments, hidden texts and comments, and similar available data, excluding near zero image files and such images in signature blocks. A UNC file path must be included in the ESI load file and the natives must be produced as described above.

3.  **PRODUCTION OF DATABASES AND OTHER STRUCTURED DATA**

If a database or other source of structured data contains responsive information, the Parties agree to meet and confer about the scope of available information in the relevant database(s) or system(s) and to export the responsive data for production in a reasonably usable format available from that source in the ordinary course of business (*e.g.,* PDF reports, Excel files or as comma separated value (.csv) text files). The receiving Party may make reasonable requests for additional information to explain the database scheme, codes, and/or abbreviations or to request the data in an alternative format. In the event of such a request, the Parties will meet and confer regarding the most reasonable means to provide the information requested and to determine whether such information is proportionate to the needs of the case.

4.  **FORENSIC IMAGES AND SYSTEM INFORMATION**

Information collected from computer systems as part of a forensic investigation (e.g., machine images, log files) shall be produced in full and in the format in which they were collected.