UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JENNIFER RAND,

                                        Plaintiff,                    21-CV-10744 (VB)(VF)

                    -against-                                         **ORDER**

THE TRAVELERS INDEMNITY COMPANY,

                                        Defendants.
---------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __ 7/19/2023 __

**VICTORIA REZNIK, United States Magistrate Judge:**

       Currently before the Court is Defendant's request that Exhibits 3 through 13 of Plaintiff's

June 13 letter (ECF No. 57-3 to 57-13) remain under seal and that the Court permit

corresponding redactions to Plaintiff's June 13 letter.  (ECF No. 62).  For the reasons that follow,

Defendant's request to seal is **GRANTED** with respect to Exhibits 3-5 and 7-10, and **DENIED**

with respect to Exhibits 6 and 11-13, subject to a renewed motion proposing narrowly tailored

redactions.  Also, Defendant's proposed redactions to the underlying June 13 letter (ECF No. 62-

1) are **DENIED** and Defendant is directed to file revised proposed redactions to this letter

consistent with the Court's ruling with respect to the accompanying exhibits.

## BACKGROUND

       On June 6, 2023, Defendant submitted a letter to the Hon. Vincent Briccetti seeking leave

to file a motion to quash a third-party subpoena issued by Plaintiff to Mandiant Inc.  (ECF No.

54).  On June 13, 2023, Plaintiff filed a response letter containing thirteen exhibits and submitted

a request to file this letter and the accompanying exhibits under seal.  (ECF Nos. 56 and 57).  On

June 14, 2023, Judge Briccetti granted Plaintiff's motion to seal, but directed the parties to file a

further application proposing redactions to Plaintiff's letter and exhibits that complies with

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  (ECF No. 58).  Also on June 14, 2023, Judge Briccetti referred this case to a magistrate judge for the purpose of general pre-trial matters.[1]  In response to Judge Briccetti's Order, on June 21, 2023, Defendant filed a letter requesting that Exhibits 3 through 13 of Plaintiff's June 13 letter (ECF No. 57-3 to 57-13)[2] remain under seal and that the Court permit corresponding redactions to Plaintiff's June 13 letter.  (ECF No. 62).  Defendant noted in their submission that Plaintiff takes no position regarding Defendant's request for these exhibits to remain sealed and for the June 13 letter to be redacted.

## DISCUSSION

The common law and the First Amendment accord a presumption of public access to judicial documents.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  A "judicial document" is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting* Lugosch, 435 F.3d at 119). To overcome the presumption of public access, the court must make specific, on the record findings for each individual document that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (citation omitted); *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019).

Although the presumption of public access attaches to all judicial documents, "the presumption of public access in filings submitted in connection with discovery disputes . . . is

---

[1] Although initially referred to Magistrate Judge Andrew Krause, on June 20, 2023, this case was transferred to Magistrate Judge Victoria Reznik.

[2] Duplicate versions of these exhibits and an unredacted version of the June 13 letter were filed under ECF Nos. 63-1 to 63-12

generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions..." *Brown*, 929 F.3d at 41, 50. "Thus, while a court must still articulate specific and substantial reasons" for sealing material filed in connection with a discovery dispute, "the reasons usually need not be as compelling as those required to seal" filings connected to a dispositive motion. *Id.* Here, because the June 13 letter and exhibits were filed in connection with a discovery dispute, the presumption of public access that attaches to these documents is lower.

Regardless, sealing is appropriate if the Court can articulate specific and on the record findings that higher values necessitate a narrowly tailored sealing. *United States v. Erie County., N.Y.*, 763 F.3d 235, 243 (2d Cir. 2014). For instance, courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information. *See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc.,* No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021); *Gracyzk v. Verizon Commc'ns, Inc.*, No. 18-CV-6465 (PGG), 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (citing cases).

A.   <u>Exhibits 3-5 and 7-10[3]</u>

**Exhibit 3** is a November 2021 Statement of Work between Mandiant, a non-party to this litigation, and Alston & Bird LLP (counsel for Travelers), and contains confidential commercial information, subject to a contractual confidentiality agreement. (ECF No. 62 at 2). **Exhibits 4 and 5** are confidential communications between Travelers and regulatory bodies regarding the fraudulent use of the ForAgents portal at issue in this case and contain confidential and

---

[3] The descriptions of the exhibits that follow are based on Defendant's representations in their letter motion to seal, as well as the Court's independent review of the underlying documents.

competitively sensitive information concerning the organization, structure, and response tactics of Travelers' cybersecurity team.  (ECF No. 62 at 2). **Exhibit 7** is a confidential work assignment agreement between Travelers and Mandiant regarding an external penetration test that Mandiant conducted against Travelers's systems in or around October 2020. *Id.* at 3. **Exhibits 8** and **10** are recent and highly confidential external cybersecurity assessments of Defendant's cybersecurity networks, while **Exhibit 9** is an internal company presentation to Travelers's Board of Directors regarding Defendant's cybersecurity risk, disaster recovery, and insurance. *Id.*

Based on my review of the underlying documents and the statements made by the Defendant, the Court finds that **Exhibits 3-5 and 7-10** should remain under seal in their entirety, as public release of this information would threaten cybersecurity efforts and/or reveal confidential, proprietary, and competitively sensitive business information.

### B.     Exhibits 6 and 11-13

Defendant states that **Exhibit 6** reflects confidential communications between Travelers and the Investigations and Intelligence Division of NYDFS. *Id.* However, unlike Exhibits 4 and 5, which also involve regulatory bodies, the bulk of Exhibit 6 involves an e-mail exchange regarding publicly available industry guidance, as well as publicly available facts about the data breach at issue in this case.

Defendant states that **Exhibits 11, 12, and 13** are confidential breach notification letters that contain confidential business information regarding the incident at issue, as well as about Travelers's insurance policies. *Id.* at 3. However, a portion of these exhibits describe publicly available facts about the data breach at issue in this case. To the extent these exhibits describe

confidential business information about Traveler's insurance policies, that information can be redacted.

Based on my review of the underlying documents and the statements made by the Defendant, the Court finds that Defendant's request to seal **Exhibits 6 and 11-13** is **DENIED,** subject to a renewed motion proposing more narrowly tailored redactions.

## **CONCLUSION**

For the reasons described above, Defendant's request to seal is **GRANTED** with respect to Exhibits 3-5 and 7-10 and **DENIED** with respect to Exhibits 6 and 11-13, subject to a renewed motion proposing narrowly tailored redactions to be submitted by Defendant on or before August 4, 2023. Also, Defendant's proposed redactions to the underlying June 13 letter (ECF No. 62-1) are **DENIED** and on or before August 4, 2023, Defendant is directed to file revised proposed redactions consistent with the Court's ruling with respect to the above-referenced exhibits.

ECF Numbers 57 and 63, along with their corresponding exhibits were filed under seal and accessible only to selected parties. Accordingly, the Clerk of Court is directed to maintain ECF Nos. 57-3, 57-4, 57-5, 57-7, 57-8, 57-9, and 57-10 under seal and accessible only to selected parties. In addition, the Clerk of Court is directed to maintain duplicate filings 63-2, 63-3, 63-4, 63-6, 63-7, 63-8, and 63-9 under seal and accessible only to selected parties as well.

Also, the clerk of Court is directed to maintain ECF Nos. 57, 57-6, 57-11, 57-12, 57-13, 63-1, 63-5, 63-10, 63-11, and 63-12 under seal and accessible only to selected parties pending submission of a renewed motion.

The clerk of the court is directed to terminate the motion at ECF No. 62.

**SO ORDERED.**

DATED:      New York, New York
              July 19, 2023

 

VICTORIA REZNIK
United States Magistrate Judge