```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __ 7/26/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JENNIFER RAND,

                                 Plaintiff,                  21-CV-10744 (VB)(VF)

          -against-                                   **ORDER**

THE TRAVELERS INDEMNITY COMPANY,

                                Defendants.
-----------------------------------------------------------------X

**VICTORIA REZNIK, United States Magistrate Judge:**

      Currently before the Court is Defendant's request that its Motion to Quash and supporting Exhibits D, E, and F remain under seal (ECF No. 71). For the reasons that follow, Defendant's request to seal is **GRANTED** with respect to Exhibits D, E, and F, (ECF Nos. 74-1, 74-2, and 74-3) and **GRANTED** with respect to its Motion to Quash in that the Clerk of Court is directed to maintain ECF No. 74 under seal and accessible only to selected parties.

<u>**DISCUSSION**</u>

      The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). To overcome the presumption of public access, the court must make specific, on the record findings for each individual document that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (citation omitted); *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019).

      Although the presumption of public access attaches to all judicial documents, "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in

connection with dispositive motions..." *Brown*, 929 F.3d at 41, 50. "Thus, while a court must still articulate specific and substantial reasons" for sealing material filed in connection with a discovery dispute, "the reasons usually need not be as compelling as those required to seal" filings connected to a dispositive motion. *Id*.  Here, because the Motion to Quash and supporting exhibits were filed in connection with a discovery dispute, the presumption of public access that attaches to these documents is lower. In addition, courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information. *See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc.,* No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021); *Gracyzk v. Verizon Commc'ns, Inc.*, No. 18-CV-6465 (PGG), 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (citing cases).

### A.  <u>Exhibits D, E, and F</u>

Defendant states that **Exhibit D** is a November 2021 Statement of Work between Mandiant, a non-party to this litigation, and Alston & Bird LLP (counsel for Travelers), and contains confidential commercial information, subject to a contractual confidentiality agreement. (ECF No. 71 at 2). **Exhibit E** is a September 2011 Master Services Engagement between Mandiant and Alston & Bird, which appears to contain confidential commercial information that is subject to a contractual confidentiality agreement. *Id.* Similarly, **Exhibit F** is a June 2015 Technology Professional Services Agreement ("PSA") between Travelers and Mandiant, which appears to contain confidential commercial information that is subject to a contractual confidentiality agreement. *Id.*

Based on my review of the underlying documents and the statements made by the Defendant, the Court finds that **Exhibits D, E, and F** should remain under seal in their entirety, as public release of this information would reveal confidential, proprietary, and/or competitively sensitive business information.

### B.  Defendant's Motion to Quash

Defendant also requests that the Court allow it to file its Motion to Quash under seal "because portions of the Motion to Quash and certain supporting Exhibits contain confidential commercial information and business strategy found in confidential business agreements." (ECF No. 71 at 2).  Defendant filed a publicly available version of their Motion to Quash that contains redactions. (ECF No. 73). This Court finds that those redactions correspond to Exhibits D, E, F or to other exhibits that this Court previously sealed.  (ECF No. 76).  Defendant also filed an unredacted version of their Motion to Quash that is viewable only to selected parties. (ECF No. 74). Consequently, this Court holds that the redacted version of Defendant's motion (ECF No. 73) should remain publicly available while the unredacted version (ECF No. 74) and its accompanying Exhibits D, E, and F should remain under seal and available only to selected parties.

### CONCLUSION

For the reasons described above, Defendant's request to seal is GRANTED.  The Clerk of Court is directed to maintain ECF Nos. 74, 74-1, 74-2, and 74-3 underseal and accessible only to selected parties. The Clerk of Court is also directed to close out ECF No. 71.

**SO ORDERED.**

DATED:      New York, New York
            July 26, 2023


_____
VICTORIA REZNIK
United States Magistrate Judge

3