UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JENNIFER RAND,

                       Plaintiff,

      -against-

THE TRAVELERS INDEMNITY COMPANY,

                       Defendants.
------------------------------------------------------------------X

21-CV-10744 (VB)(VF)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/22/2023

**VICTORIA REZNIK, United States Magistrate Judge:**

      On July 25, 2023, the Court issued an order granting Plaintiff's request to maintain ECF Nos. 78 and 78-1 temporarily under seal, and on August 8, 2023, the Court directed the parties to make a joint submission containing proposed redactions for ECF Nos. 78 and 78-1. (ECF Nos. 80, 95). The court is in receipt of the proposed redactions. (ECF No. 97, 97-1, 97-2).[1]

      The common law and the First Amendment accord a presumption of public access to judicial documents. To overcome this presumption, the court must make specific, on the record findings for each individual document that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120, 124 (2d Cir. 2006) (citation omitted); *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019). Although the presumption of public access attaches to all judicial documents, "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions..." *Brown*, 929 F.3d at 41, 50. "Thus, while a court must still articulate specific and substantial reasons" for sealing material filed in connection with a

---

[1] Plaintiff does not oppose the proposed redactions, but otherwise takes no position on them. (ECF No. 97).

discovery dispute, "the reasons usually need not be as compelling as those required to seal" filings connected to a dispositive motion. *Id*.

Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information. *See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc.,* No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021); *Gracyzk v. Verizon Commc'ns, Inc.*, No. 18-CV-6465 (PGG), 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (citing cases). In addition, the Court may "exercise its supervisory power over its own records and files to deny access where court files might become a vehicle for improper purposes." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting* Lugosch, 435 F.3d at 119).

The Court has reviewed the proposed redactions to ECF No. 78. These redactions are limited to confidential information already under seal or redacted pursuant to the Court's previous orders. (ECF Nos. 76, 81).

The Court has reviewed the proposed redactions to ECF No. 78-1. These redactions relate to confidential business information concerning Travelers' employees and teams, including those with responsibility for data security, as well as Travelers' third-party suppliers. Also, public access to such information could lead to its use for improper purposes.

## CONCLUSION

For the reasons described above, the proposed redactions are **GRANTED**.

The Clerk of Court is respectfully requested to maintain ECF Nos. 78 and 78-1 as under seal and accessible only to selected parties. In addition, the Clerk of Court is respectfully directed to change the viewing level to "public" for the corresponding redacted versions, ECF Nos. 97-1 and 97-2. Finally, the Clerk of Court is respectfully directed to close out ECF No. 96.

**SO ORDERED.**

DATED:   New York, New York
         August 22, 2023

_____
VICTORIA REZNIK
United States Magistrate Judge