UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

| | |
|---|---|
| JENNIFER RAND, individually and on behalf of a class similarly situated<br><br>                  Plaintiff,<br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY,<br><br>                  Defendant. | No. 7:21-cv-10744-VB-VR |

**JOINT DECLARATION OF THOMAS J. McKENNA AND CHRISTIAN LEVIS
IN SUPPORT OF PLAINTIFF JENNIFER RAND'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

We, THOMAS J. McKENNA and CHRISTIAN LEVIS, declare as follows:

      1.      I, Thomas J. McKenna, am a member of the law firm of Gainey McKenna & Egleston ("GME"), Co-Counsel for Plaintiff Jennifer Rand in the above-captioned class action (the "Action").

      2.      I, Christian Levis, am a partner of the law firm of Lowey Dannenberg, P.C. ("Lowey"), Co-Counsel for Plaintiff Jennifer Rand in the Action.

      3.      We jointly submit this declaration in support of Plaintiff Jennifer Rand's Motion for Preliminary Approval of Class Action Settlement. The proposed Settlement includes a non-reversionary payment of $6 million to benefit the Settlement Class and if approved, will fully resolve this litigation.

      4.      As Class Counsel,[1] we have overseen all material aspects of the litigation of the Action. In addition, we were involved in the negotiation of the terms of the Settlement, which

---

[1] Unless otherwise noted, all capitalized terms shall have the same meaning as set forth in the Stipulation and Agreement of Class Action Settlement ("Settlement Agreement" or "SA"), attached as Exhibit 1 hereto.

is fully supported by Plaintiff. Accordingly, we have personal knowledge of the following facts and if called upon to testify, we each could and would testify competently thereto.

## BACKGROUND OF THE ACTION

**Factual Background**

5.     Defendant The Travelers Indemnity Company ("Travelers" or "Defendant") is an insurance company and part of The Travelers Companies, Inc.

6.     Travelers developed an online portal to assist its independent agents in preparing and obtaining insurance quotes for new or existing customers (the "ForAgents Portal"). In some instances, the ForAgents Portal auto-populates an individual's Personal Information (including drivers' license number) after an agent inputs basic information regarding that customer (*e.g.*, first name, last name, and address).

7.     On or around November 12, 2021, Travelers stated it detected a third-party attack involving its ForAgents Portal. Travelers notified Plaintiff and the Class Members of this incident by letter on or around December 10, 2021. The letter stated that "[o]n November 12, 2021, Travelers discovered suspicious activity relating to [their] agency portal, which is used by [their] agents to obtain quotes for customers and prospective customers." The letter further stated that Travelers then "immediately launched an investigation and determined that between April 2021 and November 17, 2021, an unauthorized party used the credentials of a limited number of agents to access the portal to obtain information sourced from a third party."

8.     According to Travelers' letter, "[t]he personal information may have included [their] name, address, date of birth, and driver's license number." Approximately 88,858 persons and entities were impacted by the Data Incident.

**Procedural Background and Settlement Negotiations**

9.     On December 15, 2021, Plaintiff Jennifer Rand filed a class action complaint (the "Complaint") against Travelers in the U.S. District Court for the Southern District of New

2

York, asserting claims arising out of the Data Incident. ECF No. 1.[2]

10. On January 18, 2022, Travelers filed a letter motion requesting an extension of time to respond to the Complaint. ECF No. 7. That same day, the Court granted Travelers' letter motion request and ordered that Travelers answer, move, or otherwise respond to the Complaint by February 7, 2022. ECF No. 8.

11. On February 7, 2022, Travelers filed its motion to dismiss the Complaint for a lack of Article III standing, lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). ECF Nos. 10–12. The Court ordered Plaintiff to inform the Court whether she would be filing an amended complaint or be relying on her initial Complaint. ECF No. 13. On February 17, 2022, Plaintiff subsequently informed the Court that she would be filing an amended complaint. ECF No. 18.

12. On March 3, 2022, Plaintiff filed her amended complaint (the "Amended Complaint") which, among other things, asserted claims against Travelers for negligence, negligence *per se*, violation of the New York General Business Law Section 349, violation of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721, *et seq.*, and for declaratory and injunctive relief. ECF No. 20.

13. On April 7, 2022, Travelers filed its motion to dismiss the Amended Complaint for lack of Article III standing, lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and failure to state a claim under Fed. R. Civ. P. 12(b)(6). ECF Nos. 23–25. Following an extension of time to respond (ECF Nos. 26–27), Plaintiff filed her opposition to Travelers' motion to dismiss on May 19, 2022. ECF No. 28. On June 10, Travelers filed its reply in support of its motion. ECF No. 31.

14. On October 27, 2022, the Court granted in part and denied in part Travelers' motion to dismiss. Specifically, the Court denied the motion to dismiss the complaint under

---

[2] Unless otherwise noted, ECF citations are to the docket in this Action.

Fed. R. Civ. P. 12(b)(1) and Plaintiff's claims for negligence, negligence *per se*, violation of the DPPA, and injunctive and declaratory relief under Fed. R. Civ. P 12(b)(6). The Court, however, granted Defendant's motion to dismiss Plaintiff's claims under § 349 of the New York General Business Law and for declaratory relief to the extent that it was based on § 5 of the FTC Act or NY Shield Act. ECF No. 34; *see also Rand v. Travelers Indem. Co.*, 637 F. Supp. 3d 55 (S.D.N.Y. 2022).

15. The Court then entered a Civil Case Discovery Plan and Scheduling Order on November 28, 2022. ECF No. 41. On December 5, 2022, Defendant filed its Answer to the Amended Complaint. ECF No. 42.

16. Lowey entered their appearance in this case as Co-Counsel for Plaintiff on February 10, 2023. Since then, it has prosecuted the Action alongside GME. ECF Nos. 45-46.

17. The Parties initially began settlement negotiations in January 2023. Travelers provided Class Counsel with information and documents on a confidential basis pursuant to Fed. R. Evid. 408. *See* ECF Nos. 43, 47, 52. Plaintiff reviewed these materials and used the information to inform her ongoing settlement discussions with Travelers in early 2023. These initial efforts, however, did not lead to a settlement.

18. The Parties subsequently focused their effort on obtaining formal party and non-party discovery, beginning in March 2023. Plaintiff and Travelers negotiated and filed a Stipulated Confidentiality and Protective Order on March 31, 2023, which the Court approved the same day. ECF Nos. 49–50. The Parties also negotiated and filed a Stipulated ESI Protocol Order on June 14, 2023, which the Court entered on June 23, 2023. ECF Nos. 59, 65.

19. The Parties also engaged in discovery motion practice regarding several disputes, many focusing on Travelers' investigation into the Data Incident, and information collected third party cybersecurity firms including Mandiant, Inc. ("Mandiant"). Plaintiff subpoenaed Mandiant on May 16, 2023, seeking records relating to its investigation of the Data

4

Incident. Travelers opposed this subpoena claiming that investigation materials were protected under the work product doctrine and by the attorney-client privilege. The Parties met and conferred regarding this discovery dispute on June 6, 2023.

20. Unable to resolve the disagreement during the meet and confer, Travelers filed a pre-motion conference letter with the Court regarding this dispute on June 6, 2023 (ECF No. 54), and Plaintiff filed her response on June 13, 2023. ECF No. 57. The Court set a briefing schedule for Travelers' anticipated motion to quash the subpoena. ECF No. 64; *see also* ECF No. 70.

21. On July 14, 2023, Travelers filed its motion to quash the third-party subpoena, (ECF Nos. 72–73), and Plaintiff filed her opposition to the motion on July 24, 2023. ECF No. 78. During the pendency of the dispute concerning the Mandiant subpoena, Plaintiff and Travelers continued to meet and confer concerning the subpoena. On August 2, 2023, the Parties informed the Court that they had reached a compromise solution with respect to the third-party subpoena, and Travelers withdrew its motion. ECF No. 86.

22. The Parties continued to engage in intensive fact discovery, exchanging and responding to Requests for Production, Interrogatories, Requests to Admit, and noticing, among other things, Rule 30(b)(6) depositions as well as depositions of relevant individuals on both sides. Plaintiff also served subpoenas on approximately nine (9) third parties (including LexisNexis, KPMG, F5, Acxiom, Sontiq, Inc. (d/b/a Cyberscout), Mandiant, Inc., and two of Travelers' independent agents whose credentials had been compromised) seeking documents and depositions. In a joint letter to the Court requesting a discovery extension on January 24, 2024, the Parties informed the Court that they had collectively exchanged over 25,000 pages of documents, Plaintiff had noticed thirteen depositions, and that Travelers had scheduled Plaintiff's deposition. ECF No. 117. Continued litigation would have had Plaintiff serve further subpoenas on third parties identified during the course of Plaintiff's investigation.

5

23. Class Counsel conducted extensive factual and legal research into the merits of her claims. Class Counsel also retained and consulted with a forensic cybersecurity expert to investigate and develop evidence related to the Data Incident.

24. Class Counsel have reviewed, among other things, over 25,000 pages of party and over 400 pages of third-party discovery materials produced by Travelers and various third parties.

25. Class Counsel also prepared for and defended the all-day deposition of Plaintiff on February 1, 2024.

26. Throughout discovery, numerous disputes arose, requiring significant meet and confer efforts and motion briefing. *See* ECF Nos. 112, 119, 125, 131–133.

27. In February 2024, the Parties reengaged in settlement negotiations and conferred as to the possibility of reaching a settlement. The Parties ultimately agreed to participate in a settlement mediation. On February 29, 2024, the Parties submitted a joint letter to the Court informing the Court of their agreement to mediate. ECF No. 134. The Parties sought a temporary stay of all discovery deadlines and activities, (ECF No. 136), which the Court so-ordered that same day. ECF No. 137.

28. Over the following weeks, the Parties conferred regarding the format and logistics of the mediation, and ultimately agreed on selecting Mr. Antonio Piazza of Mediated Negotiations for an in-person mediation to be held on April 16, 2024 in San Francisco, California where Mr. Piazza conducts in-person mediations.

29. Prior to the April 16, 2024 mediation (the "Mediation"), the Parties exchanged mediation briefs and also submitted several *ex parte* mediation briefs to Mr. Piazza. On April 16, 2024, the Parties attended the full day in-person Mediation in San Francisco, California. During the Mediation, the Parties delivered substantive arguments during an opening joint session, explored the strengths and weaknesses of their cases, the available evidence, and the

legal issues, and also explored the realities of continued litigation including the likelihood of successfully prosecuting or defending the Action. At the conclusion of the Mediation, following a full day of hard-fought, back-and-forth negotiations, Mr. Piazza made a double-blind proposal to settle the Action for $6 million, which the Parties each accepted.

30. All negotiations culminating in the proposed Settlement were at arm's-length and hard fought under the auspices of the Mediator. While Plaintiff believes her claims have substantial merit, she also recognizes the risks involved in continued litigation of this Action. Plaintiff and Class Counsel have taken into account the risks involved with continued litigation and believe that this Settlement is a fair and reasonable resolution that will provide guaranteed relief to the Class. Plaintiff therefore now submits the Settlement for preliminary approval.

31. Following this, on April 19, 2024, the Parties jointly informed the Court that they had reached a settlement in principle to resolve the Action in its entirety and further requested that the Court continue the stay of all deadlines for sixty (60) days while the Parties finalize the Settlement. ECF No. 141.

32. In the months following the Mediation, the Parties continued to negotiate the material terms of the Settlement, which involved significant additional give-and-take on both sides regarding certain settlement terms to be included in the Settlement Agreement.

33. The substantial information and discovery involved in this litigation allowed Class Counsel to be well informed about the strengths and weaknesses of the claims and the advantages of the Settlement and to recommend the Settlement to Plaintiff, who agreed that the Settlement was in the best interest of the Class. Accordingly, Class Counsel's well-informed views of the strength of claims and likely defenses weigh in favor of preliminary approval.

34. On June 18, 2024, the Parties wrote to the Court seeking an additional extension until July 18, 2024, to finalize the Settlement, which the Court granted that same day. ECF Nos. 143-144. On July 18, 2024, the Parties requested an additional extension until August 8,

2024, to finalize the Settlement, which the Court granted the next day. ECF Nos. 145-146. On August 8, 2024, the Parties asked for a brief eight (8) day extension to August 16, 2024 to allow the Parties time to complete the review of the Settlement and obtain the necessary signatures. ECF No. 147. The Court granted the extension on August 9, 2024. ECF No. 148.

35. Ultimately, on August 16, 2024, the Parties reached a complete agreement on the Settlement and executed the Settlement Agreement, attached as Exhibit 1 hereto.

## THE SETTLEMENT

36. Plaintiff and Class Counsel were well-informed regarding the strengths and weaknesses of Plaintiff's claims before reaching the Settlement. At all times while negotiating and executing the proposed Settlement with Travelers, Class Counsel were experienced in prosecuting class action cases, including those involving data breach and consumer privacy claims. *See* Exhibits 2-3. Prior to reaching the Settlement, Plaintiff also had the benefit of information and documents exchanged during the discovery process and developed from Class Counsel's investigations, analysis, and consultations with her forensic expert. In addition, at all times Travelers was represented by skilled counsel from Alston & Bird LLP, which has extensive experience litigating data breach cases.

37. The Settlement involves a structure and terms that are common in class action settlements, including an *In Camera* Supplement that provides Travelers with a qualified right to terminate the Settlement Agreement under certain conditions before final approval. SA ¶ 6.2.

38. Based on Class Counsel's investigation into the scope of the Data Incident, including the New York Office of the Attorney General, Bureau of Internet and Technology's response to Class Counsel's NY FOIL Request, and Travelers' representations, there are 88,858 geographically dispersed persons believed to fall within the Settlement Class definition.

**The Settlement Class**

39. The Settlement Class is defined as follows:

> All individuals of the United States who were sent notice that their Personal Information was accessed, stolen, or compromised as a result of the Data Incident, as reflected on the Class List. Excluded from the Class are: (i) Travelers, any Person in which Travelers has a controlling interest, and Travelers' officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; and (iii) any individual that timely and validly opts out of the Settlement.

*See* SA ¶ 2.39.

**The Distribution Plan**

40. The Net Settlement Fund will be distributed first by subtracting any Court-approved disbursements. SA ¶¶ 2.22, 3.2. After that, Settlement Payments will be distributed to Authorized Claimants on a *pro rata* basis, *i.e.*, equally to all Settlement Class Members. SA ¶¶ 7.1, 7.2.

41. The Distribution Plan will utilize information in Traveler's possession from the Data Incident regarding Class Members' addresses (the "Class List") to fairly, quickly and efficiently distribute settlement funds.

42. Class Members that can be located and have not opted out of the Settlement are automatically eligible to receive a payment and are not required to submit any documentation relating to financial fraud or identity theft. SA ¶ 7.2.

43. Class Members will be provided with a unique claimant code and will be asked to complete the Settlement Payment Election using that code. SA ¶ 7.3. The Settlement Payment Election will allow each Class Member to select the method by which he or she will receive the Settlement Payment, either via check or an electronic payment platform. SA ¶ 7.3. If a Class Member does not complete the Settlement Payment Election, but can be located by the Settlement Administrator using the Class List and/or other means, the Class Member will be issued a check at the appropriate address. SA ¶ 7.3. To the extent there are unclaimed payments, those funds will be reallocated *pro rata* to Class Members who did cash their check

9

or complete the Settlement Payment Election, so long as the amount to be redistribute is at least $5.00 per Class Member. SA ¶ 7.4.3.

**Attorneys' Fees**

44. Class Counsel will seek no more than one-third of the Settlement Fund in attorneys' fees, which may be paid from the Settlement Fund following the Effective Date, consistent other class action settlements approved in this District. SA ¶ 17.1. Counsel will also seek their reasonably incurred litigation expenses in an amount not to exceed $90,000. *Id.* Finally, Plaintiff will also seek a Service Award totaling no more than $10,000. SA ¶ 16.1.

**The Notice Plan[3]**

45. The proposed settlement administrator, Angeion Group, LLC ("Angeion"), developed the proposed Notice Plan in coordination with Class Counsel. *See* SA, Exs. C, D; *see also* Declaration of Steven Weisbrot, Esq., Re: Angeion Group Qualifications & The Proposed Notice Plan filed contemporaneously herewith. ("Weisbrot Decl."). Travelers has also reviewed the Notice Plan and has no objection to it.

46. Class Counsel recommends that Angeion be appointed as the Settlement Administrator. Angeion has extensive experience in class action administration and designed notice plans that have been approved in numerous complex class actions. *See* Weisbrot Decl.

47. The proposed Notice Plan and related forms of notice (*see* SA., Exs. C and D; *see also* Weisbrot Decl.) are reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

48. The Short Form Notice and Settlement Payment Election will be sent via first class U.S. Mail, postage pre-paid, to all Settlement Class Members for whom a mailing address

---

[3] Travelers will separately pay for and send out the CAFA Notice (with Angeion's assistance), pursuant to the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

is provided on the Class List, together with a copy of the Settlement Payment Election Form, or whose address can be found by Angeion using its standard address verification techniques.

49. The Short Form Notice will contain the Settlement Website address and direct Class Members to review the Settlement and the Long Form Notice posted on the Settlement Website, as well as provide instructions on how to receive their share of the Settlement Fund. Given the size of this Settlement Class and that Travelers has mailing addresses for the class of persons notified of the Data Incident, the Mailed Notice is the most efficient and effective means to directly inform Class Members of the Settlement.

50. The dedicated Settlement Website created by Angeion will serve as a one-stop source by which Class Members can access relevant documents relating to the proposed Settlement. On the Settlement Website, Class Members can review and obtain: (i) the Settlement Agreement; (ii) the Long Form Notice, which provides details of the key facts of this case and this Settlement in plain, easily understood language; (iii) a sample of the Short Form Notice mailed to Class Members; (iv) the Settlement Payment Election form that allows Class Members to elect their method of payment; (v) key Court filings; and (vi) updates and developments about the case. The Settlement Administrator will also operate a toll-free number with automated answers to Class Members' questions.

51. The Notice Plan and settlement administration costs incurred by Angeion will be paid out of the Settlement Fund. Angeion will also administer the Settlement Fund Account and has performed this service in other class action settlements.

52. Attached hereto as **Exhibit 1** is a true and correct copy of the Stipulation and Agreement of Class Action Settlement dated August 16, 2024.

   a. Attached to the Settlement Agreement as **Exhibit A** is a true and correct copy of the [Proposed] Preliminary Approval Order that Plaintiff requests be entered by the Court.

11

      b. Attached to the Settlement Agreement as **Exhibit B** is a true and correct copy of the [Proposed] Final Approval Order and Judgment to be entered by the Court that would dismiss the above-captioned Action pursuant to the Settlement.

      c. Attached to the Settlement Agreement as **Exhibit C** is a true and correct copy of the Short Form Notice to be distributed to Settlement Class Members, to which a unique claimant code will be added for each Class Member.

      d. Attached to the Settlement Agreement as **Exhibit D** is a true and correct copy of the the Long Form Notice to be posted to the Settlement Website.

53. Attached hereto as **Exhibit 2** is a true and correct copy of the firm résumé of Gainey McKenna & Egleston.

54. Attached hereto as **Exhibit 3** is a true and correct copy of the firm résumé of Lowey Dannenberg, P.C.

55. Attached hereto as **Exhibit 4** is a true and correct copy of the Settlement Payment Election Form to be distributed to Settlement Class Members as well as posted to the Settlement Website.

We declare under penalty of perjury that the foregoing is true and correct to the best of our knowledge.

Dated: August 16, 2024

/s/ *Thomas J. McKenna*  
Thomas J. McKenna

/s/ _____  
Christian Levis

      b. Attached to the Settlement Agreement as **Exhibit B** is a true and correct copy of the [Proposed] Final Approval Order and Judgment to be entered by the Court that would dismiss the above-captioned Action pursuant to the Settlement.

      c. Attached to the Settlement Agreement as **Exhibit C** is a true and correct copy of the Short Form Notice to be distributed to Settlement Class Members, to which a unique claimant code will be added for each Class Member.

      d. Attached to the Settlement Agreement as **Exhibit D** is a true and correct copy of the the Long Form Notice to be posted to the Settlement Website.

53. Attached hereto as **Exhibit 2** is a true and correct copy of the firm résumé of Gainey McKenna & Egleston.

54. Attached hereto as **Exhibit 3** is a true and correct copy of the firm résumé of Lowey Dannenberg, P.C.

55. Attached hereto as **Exhibit 4** is a true and correct copy of the Settlement Payment Election Form to be distributed to Settlement Class Members as well as posted to the Settlement Website.

We declare under penalty of perjury that the foregoing is true and correct to the best of our knowledge.

Dated: August 16, 2024

| | |
|---|---|
| _____ | */s/ Christian Levis*_____ |
| Thomas J. McKenna | Christian Levis |