# **Exhibit 1**

**EXECUTION VERSION**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**

| | |
|---|---|
| JENNIFER RAND, individually and on behalf of a class similarly situated<br><br>      Plaintiff,<br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY,<br><br>      Defendant. | No. 7:21-cv-10744-VB-VR |

<u>**STIPULATION AND AGREEMENT OF CLASS ACTION SETTLEMENT**</u>

## TABLE OF CONTENTS

1.  Recitals ........................................................................................................ 1

2.  Definitions .................................................................................................... 2

3.  Settlement Fund ......................................................................................... 12

4.  Settlement Fund Account .......................................................................... 13

5.  Presentation of Settlement to the Court .................................................... 15

6.  Effective Date and Termination ................................................................ 17

7.  Settlement Benefits and Distribution Plan ................................................ 19

8.  Duties of Settlement Administrator ........................................................... 24

9.  Notice Plan ................................................................................................ 27

10. CAFA Notice by Defendant ..................................................................... 27

11. Representations and Warranties ................................................................ 27

12. Mutual Releases and Covenant Not to Sue ............................................... 29

13. No Admission of Wrongdoing ................................................................... 30

14. Opt-Outs .................................................................................................... 31

15. Objections .................................................................................................. 32

16. Service Award ........................................................................................... 34

17. Attorneys' Fees and Expenses ................................................................... 34

18. Confidentiality ........................................................................................... 35

19. Notices ....................................................................................................... 36

20. Miscellaneous Provisions .......................................................................... 37

This Stipulation and Agreement of Class Action Settlement (*i.e.*, the Agreement or Settlement Agreement)[1] is made as of August 16, 2024, by and between (a) Jennifer Rand, Plaintiff and Settlement Class Representative, on behalf of herself and the Settlement Class; and (b) Defendant The Travelers Indemnity Company ("Travelers"). This Agreement fully and finally compromises and settles any and all claims that are, were, or could have been asserted in the litigation styled *Rand v. The Travelers Indemnity Company*, Case No. 7:21-cv-10744-VB-VR, pending in the U.S. District Court for the Southern District of New York, as set forth herein.

1. **Recitals**

1.1.   On or around November 12, 2021, Travelers detected and responded to a third-party attack involving its online portal for its independent agents (*i.e.*, the Data Incident).

1.2.   On December 15, 2021, Jennifer Rand filed a class action complaint against Travelers in the U.S. District Court for the Southern District of New York, asserting claims arising out of the Data Incident.

1.3.   On March 3, 2022, Jennifer Rand filed her Amended Class Action Complaint (*i.e.*, the Amended Complaint), which, among other things, asserts claims against Travelers for negligence, negligence *per se*, violation of the New York General Business Law Section 349, violation of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721, *et seq.*, and for declaratory and injunctive relief. Travelers moved to dismiss, which the Court granted in part and denied in part on October 27, 2022.

1.4.   Travelers denies all material allegations of the Amended Complaint, including that it failed to properly protect any personal data, had inadequate data security, or that it violated any state or federal laws, including the DPPA.

---

[1] All capitalized terms are defined in Section 2 below.

1.5.     The Parties exchanged discovery and other information on a confidential basis and on April 16, 2024, engaged in a full-day mediation session before Mr. Antonio Piazza to assess whether a resolution could be reached.

1.6.     The Parties have considered the uncertainty and risk of further litigation of the Action— including through further motion practice, discovery, trial, and any possible appeals— and the duration, expense, difficulties, and delays inherent in such litigation. The Parties are also aware of the burdens of proof necessary to establish liability and damages for the claims alleged in the Action and the defenses thereto. The Parties have determined that the Settlement set forth in this Agreement is in their respective best interests and that the Agreement is fair, reasonable, and adequate. The Parties have therefore agreed to settle the claims asserted in the Action pursuant to the terms and provisions of this Agreement, subject to Court approval.

1.7.     It is the intention of the Parties to resolve the disputes and claims which they have between them on the terms set forth below.

**NOW, THEREFORE,** in consideration of the promises, covenants, and agreements herein described and for other good and valuable consideration acknowledged by each of the Parties to be satisfactory and adequate, and intending to be legally bound, the Parties do hereby mutually agree as follows:

## 2.  <u>Definitions</u>

As used in all parts of this Agreement, including the recitals above, and the exhibits hereto, the following terms have the meanings specified below:

2.1.     "**Action**" means the action filed in the Court captioned *Rand v. The Travelers Indemnity Company*, Case No. 7:21-cv-10744-VB-VR (S.D.N.Y).

2.2.     "**Administration and Notice Costs**" means all reasonable costs and expenses incurred by the Settlement Administrator in carrying out its duties under this Agreement, including all costs and expenses incurred in connection with implementing and executing the Notice Plan.

2.3.     "**Agreement**" or "**Settlement Agreement**" means this Stipulation and Agreement of Class Action Settlement and all of its attachments and exhibits, which the Parties understand and agree set forth all material terms and conditions of the Settlement of the Action between them and which is subject to approval by the Court.

2.4.     "**Amended Complaint**" means the Amended Class Action Complaint, at ECF No. 20, filed in the Action on March 3, 2022.

2.5.     "**Attorneys' Fees and Expenses**" means the reasonable attorneys' fees and expenses incurred that Class Counsel request the Court to approve for payment from the Settlement Fund as compensation for their work and costs in prosecuting and settling the Action.

2.6.     "**Authorized Claimant(s)**" means a Settlement Class Member(s) that has not timely filed a written request for exclusion and is entitled to payment from the Settlement Fund pursuant to this Agreement or order of the Court.  For the avoidance of doubt, nothing in this Paragraph 2.6 shall require Travelers to pay more than the Settlement Fund as required in Paragraph 3.1.

2.7.     "**Business Days**" means Monday, Tuesday, Wednesday, Thursday, and Friday, excluding holidays observed by the U.S. federal government.  For the avoidance of doubt, Business Days shall be defined with reference to Eastern Time (ET).

2.8.    "**CAFA Notice**" means the notice to be disseminated to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715(b) and in accordance with Paragraph 10.1 of this Agreement.

2.9.    "**Class Counsel**" means the undersigned counsel for the Settlement Class Representative from the law firms of Gainey McKenna & Egleston and Lowey Dannenberg, P.C.

2.10.    "**Class List**" means the list of individuals who were sent notice by Travelers that their Personal Information was accessed, stolen, or compromised as a result of the Data Incident.

2.11.    "**Court**" means the U.S. District Court for the Southern District of New York, where the Action is pending.

2.12.    "**Data Incident**" means the unauthorized third-party access to Travelers' independent agent portal identified on or around November 12, 2021, and which is the subject of the Action.

2.13.    "**Defendant**" or "**Travelers**" means The Travelers Indemnity Company.

2.14.    "**Distribution Plan**" means the plan of allocation developed by Class Counsel to allocate the Net Settlement Fund, as described in Section 7 of this Agreement.

2.15.    "**Effective Date**" means the date when all of the conditions set forth in Paragraph 6.1 of this Agreement have occurred; provided, however, that the Parties have not exercised their respective rights of termination under Paragraph 6.2 or Paragraph 6.3 of this Agreement.

2.16.    "**Fee and Expense Application**" means any motion or request Class Counsel submit to the Court for payment of reasonable Attorneys' Fees and Expenses.  For the avoidance of doubt, all such Attorneys' Fees and Expenses shall be paid from the Settlement Fund.

4

2.17.   "**Final Approval**" means entry of a Final Approval Order and Judgment.

2.18.   "**Final Approval Hearing**" means the hearing to be conducted before the Court to determine the fairness, adequacy, and reasonableness of the Agreement pursuant to Federal Rule of Civil Procedure 23 and whether to enter a Final Approval Order and Judgment.  The Final Approval Order and Judgment shall be entered no earlier than one hundred forty (140) days after entry of the Preliminary Approval Order to ensure compliance with 28 U.S.C. § 1715.

2.19.   "**Final Approval Order and Judgment**" means an order and judgment that the Court enters after the Final Approval Hearing in the form of or materially in the form of the proposed Final Approval Order and Judgment attached as Exhibit B.

2.20.   "***In Camera* Supplement**" means the agreement containing certain confidential terms allowing termination of the Settlement Agreement that will be submitted *in camera* to the Court.

2.21.   "**Long Form Notice**" means the form of notice of the proposed Settlement to be distributed to Settlement Class Members attached as Exhibit D or substantially similar to the notice attached as Exhibit D.

2.22.   "**Net Settlement Fund**" means the Settlement Fund less any Court-approved disbursements, including: (i) Taxes, (ii) Administration and Notice Costs; (iii) Attorneys' Fees and Expenses awarded by the Court; (iv) any Service Award approved by the Court; and (v) any other Court-approved costs and expenses.

2.23.   "**Notice Date**" means the date by which the Settlement Administrator will have substantially completed the mailing of Short Form Notices and launched the Settlement

Website, which shall be forty-five (45) days after the Court enters the Preliminary Approval Order.

2.24.   "**Notice Plan**" means the Settlement notice program to be presented to the Court for approval in connection with a motion seeking a Preliminary Approval Order.

2.25.   "**Objection Deadline**" means the deadline by which any Settlement Class Member seeking to object to the fairness, reasonableness, or adequacy of any term or aspect of the Settlement, Distribution Plan, the Final Approval Order and Judgment, the application for Attorneys' Fees and Expenses, or the Service Award, or making a request to be heard and appear, in person or by his or her attorney, at the Final Approval Hearing and present evidence or argument that may be proper and relevant, must file the written objection or request to be heard with the Court and serve on the Parties' Counsel, as set forth in the Preliminary Approval Order.  Such deadline shall be sixty (60) days after the Notice Date.

2.26.   "**Opt-Out Deadline**" means the deadline by which written requests by Settlement Class Members to be excluded from the Settlement (*i.e.*, to "opt out") must be postmarked. For the avoidance of doubt, to be valid, any requests to be excluded from the Settlement must comply with the requirements set forth in this Settlement and Preliminary Approval Order.   Such deadline shall be sixty (60) days after the Notice Date.

2.27.   "**Parties**" means the Settlement Class Representative, on behalf of herself and the Settlement Class, and Travelers.

2.28.   "**Parties' Counsel**" means Class Counsel and Travelers' Counsel.

2.29.   "**Person**" means a natural person, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association,

joint-stock company, estate, legal representative, trust, unincorporated association, proprietorship, any business or legal entity, or any other entity or organization; and any spouses, heirs, predecessors, successors, representatives or assigns of any of the foregoing.

2.30.   "**Personal Information**" is intended to be broadly construed and includes any information that could be used to identify, locate, or contact a person (whether on its own or in combination with other information). The term Personal Information also includes, without limitation, name, address, date of birth, Social Security number, driver's license number, and any and all other personally identifiable information. For the avoidance of doubt, the term Personal Information includes all information deemed compromised as a result of the Data Incident.

2.31.   "**Preliminary Approval Order**" means the Court's order preliminarily approving the Settlement Agreement in the form of or materially in the form of the proposed Preliminary Approval Order attached as Exhibit A.

2.32.   "**Released Claims**" means any and all claims, defenses, demands, actions, causes of action, rights, offsets, setoffs, suits, remedies, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary sanctions or damages for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether known or unknown (including Unknown Claims), suspected or unsuspected, existing or potential, contingent or vested, accrued or not accrued, liquidated or

unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to the Data Incident, any legal, factual, or other allegations in the Action, or any theories of recovery that were, or could have been, raised at any point in the Action.

2.32.1.   For the avoidance of doubt, Released Claims are to be construed broadly and include, without limitation, any claims that may be available under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States (including, without limitation, any claims for violations of Driver's Privacy Protection Act, 18 U.S.C. §§ 2721, *et seq.*, any causes of action under the California Consumer Privacy Act, Cal. Civ. Code §§ 1798.100, *et seq.*, and any similar statutes in effect in the United States or in any states in the United States); causes of action under the common or civil laws of any state in the United States, including but not limited to: unjust enrichment, negligence, bailment, conversion, negligence *per se*, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for

future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

2.33.    "**Released Parties**" means The Travelers Indemnity Company, and each of its current and former parents, subsidiaries, divisions, and affiliated companies, whether indirect or direct, as well as these entities' respective predecessors, successors, assigns, directors, officers, employees, agents (including without limitation independent agents), vendors, insurers, reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, contractors, wholesalers, resellers, distributors, service providers, and retailers.

2.34.    "**Releasing Parties**" means the Settlement Class Representative and all Settlement Class Members who do not timely and validly opt out of the Settlement.

2.35.    "**Service Award**" means any payment made, subject to Court approval, to the Settlement Class Representative, which shall be paid from the Settlement Fund.

2.36.    "**Settlement**" means the settlement of the Action by and between the Parties, and the terms and conditions thereof as stated in this Agreement.

2.37.    "**Settlement Administrator**" means any Person that the Court approves to perform the tasks necessary to provide notice of the Settlement to the Settlement Class and to otherwise administer the Settlement Fund, as described further herein. Class Counsel shall be responsible for selecting a Settlement Administrator to be approved by the Court, and Travelers shall not unreasonably object to Class Counsel's selection.

2.38.    "**Settlement Amount**" means the six million United States Dollars ($6,000,000.00) that Travelers shall cause to be paid pursuant to Paragraph 3.1 of this Agreement.

2.39.    "**Settlement Class**" or "**Class**" means all individuals of the United States who were sent notice that their Personal Information was accessed, stolen, or compromised as a result of the Data Incident, as reflected on the Class List.   The Settlement Class specifically excludes: (i) Travelers, any Person in which Travelers has a controlling interest, and Travelers' officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; and (iii) any individual that timely and validly opts out of the Settlement.

2.40.    "**Settlement Class Member**" or "**Class Member**" means any individual within the definition of Settlement Class.

2.41.    "**Settlement Class Representative**" means Plaintiff Jennifer Rand.

2.42.    "**Settlement Fund**" means the Settlement Amount plus any interest that may accrue.

2.43.    "**Settlement Fund Account**" means the account described in Section 4 of this Agreement.

2.44.    "**Settlement Payment**" means any payment to be made to any Authorized Claimant pursuant to Section 7 herein.

2.45.    "**Settlement Payment Election**" means the written or online form submitted by Settlement Class Members to indicate their preferred method to receive a Settlement Payment.

2.46.    "**Settlement Payment Election Deadline**" means the deadline by which Settlement Class Members may select a payment method to receive the Settlement Payment, which shall be sixty (60) days after the Notice Date, or upon such other date as set by the Court in the Preliminary Approval Order.

2.47.  "**Settlement Website**" means the website to be established and maintained by the Settlement Administrator which shall contain all material information regarding the Settlement.

2.48.  "**Short Form Notice**" means the form of notice of the proposed Settlement to be distributed to Settlement Class Members attached as Exhibit C or substantially similar to the form notice attached as Exhibit C.

2.49.  "**Taxes**" means (i) any applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest, or penalties) arising in any jurisdiction with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon the Parties or the Parties' Counsel with respect to any income or gains earned by or in respect of the Settlement Fund; (ii) any other taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest, or penalties) relating to the Settlement Fund that the Settlement Administrator determines are or will become due and owing, if any; and (iii) any and all expenses, liabilities, and costs incurred in connection with the taxation of the Settlement Fund (including without limitation, expenses of tax attorneys and accountants).

2.50.  "**Travelers' Counsel**" means the undersigned attorneys for Travelers from the law firm of Alston & Bird LLP.

2.51.  "**Unknown Claims**" means any and all Released Claims that the Settlement Class Representative or any Settlement Class Member does not know or suspect to exist in his or her favor as of the Effective Date and which, if known by him or her, might have affected his or her decision(s) with respect to the Settlement.  With respect to any and all

11

Released Claims, the Parties stipulate and agree that upon the Effective Date, the Settlement Class Representative and Settlement Class Members shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, the District of Columbia, or principle of common law or otherwise, which includes or is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Settlement Class Representative and Class Counsel acknowledge, and each Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of this Agreement.

## 3.  Settlement Fund

3.1.    Travelers agrees to make a non-reversionary payment of the Settlement Amount into the Settlement Fund Account as follows:

3.1.1.    Within ten (10) Business Days after the Court enters a Preliminary Approval Order, Travelers shall cause to be paid three hundred fifty thousand United States Dollars ($350,000.00) into the Settlement Fund Account; and

3.1.2.    Within ten (10) Business Days after the conditions identified in Paragraphs 6.1.1 through 6.1.5 have all occurred, Travelers shall cause to be paid the remaining balance (i.e., five million six hundred fifty thousand United States Dollars ($5,650,000.00)) into the

Settlement Fund Account, which shall be held by the Settlement Administrator in escrow, and may then be dispersed under the applicable provisions of this Agreement.

3.2.    The Settlement Fund shall be used to pay for (i) Taxes; (ii) Administration and Notice Costs; (iii) Attorneys' Fees and Expenses approved by the Court; (iv) any Service Award approved by the Court; (v) all payments to Authorized Claimants; (vi) any other costs approved by the Court.   In no event shall Travelers be obligated to pay more than the Settlement Amount in connection with the Settlement of the Action other than for the costs of providing CAFA Notice as set forth in Paragraph 10.1 herein.   No funds shall revert to Travelers with the sole exception that if the Effective Date does not occur or the Settlement is terminated in accordance with its terms, then Travelers shall be entitled to the amounts as set forth in Paragraph 6.4.1.

3.3.    Class Counsel and/or the Settlement Administrator shall timely furnish to Travelers any required account information, wiring instructions, or necessary forms (including a properly completed and signed IRS Form W-9 that includes the employer identification number for the Settlement Fund Account) at least five (5) Business Days before the deadline for making the payments set forth in Paragraph 3.1.

## 4.    Settlement Fund Account

4.1.    The Settlement Fund monies shall be held in the Settlement Fund Account, which shall be established and maintained by the Settlement Administrator under the supervision of the Court.

4.2.    All funds held in the Settlement Fund Account shall be deemed to be in the custody of the Court until such time as the funds shall be disbursed pursuant to this Agreement or further order of the Court. The initial payment into the Settlement Fund of $350,000.000 shall be used to pay for reasonable notice and administration costs incurred. The

Settlement Administrator is authorized to remit payment for those services upon approval by the Parties and without further Court approval.

4.3.    No other amounts may be withdrawn from the Settlement Fund Account unless (i) authorized by this Agreement; or (ii) otherwise approved by the Court.

4.4.    The Parties agree that the Settlement Fund Account is intended to constitute a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1, *et seq*., and that the Settlement Administrator shall be the "administrator" within the meaning of Treasury Regulation § 1.468B-2(k)(3).  The Parties further agree that the Settlement Fund Account shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund Account as a qualified settlement fund from the earliest date possible.

4.5.    Upon or before establishment of the Settlement Fund Account, the Settlement Administrator shall apply for an employer identification number for the Settlement Fund Account utilizing IRS Form SS-4 and, in accordance with Treasury Regulation § 1.468B-2(k)(4), shall provide Travelers with that employer identification number on a properly completed and signed IRS Form W-9.

4.6.    The Settlement Administrator shall file or cause to be filed, on behalf of the Settlement Fund Account, all required federal, state, and local tax returns, information returns, including, but not limited to, any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(l) and Treasury Regulation § l.468B-2(1)(2).  Any contract, agreement, or understanding with the Settlement Administrator relating to the Settlement Fund Account shall require the Settlement Administrator or its agent to file or cause to be filed, on behalf of the

Settlement Fund Account, all required federal, state, and local tax returns, information returns, including, but not limited to any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(1) and Treasury Regulation § l.468B-2(1)(2).  The Settlement Administrator may, if necessary, secure the advice of a certified public accounting firm in connection with its duties and tax issues arising hereunder the costs of which shall be considered Administration and Notice Costs and paid from the Settlement Fund.

4.7.    All Taxes relating to the Settlement Fund Account shall be paid out of the Settlement Fund Account and shall be timely paid by the Settlement Administrator without prior order of the Court.

4.8.    Following its payment of the Settlement Amount as described in Paragraph 3.1 of this Agreement, Travelers shall have no responsibility, financial obligation, or liability whatsoever with respect to selection of the Settlement Fund Account, investment of Settlement Fund Account funds, payment of federal, state, and local income, employment, unemployment, excise, and any other Taxes, penalties, interest, or other charges related to Taxes imposed on the Settlement Fund Account or its disbursements, or payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the Settlement Fund Account.

## 5.    <u>Presentation of Settlement to the Court</u>

5.1.    As soon as practicable after the execution of the Agreement, the Settlement Class Representatives and Class Counsel shall submit this Agreement to the Court and file a motion for preliminary approval of the Settlement with the Court requesting entry of the Preliminary Approval Order requesting:

5.1.1.    Certification of the Settlement Class for settlement purposes only;

5.1.2.    Preliminary approval of the Settlement Agreement;

5.1.3.    Appointment of Thomas J. McKenna and Gregory M. Egleston of Gainey McKenna & Egleston, and Christian Levis, Anthony M. Christina, and Amanda G. Fiorilla of Lowey Dannenberg, P.C. as Class Counsel.

5.1.4.    Appointment of Jennifer Rand as the Settlement Class Representative;

5.1.5.    Approval of the Notice Plan;

5.1.6.    Approval of the Short Form Notice;

5.1.7.    Approval of the Long Form Notice; and

5.1.8.    Appointment of the Angeion Group LLC as the Settlement Administrator.

5.2.    The Long Form Notice and Short Form Notice shall be reviewed by the Settlement Administrator and may be revised as agreed by the Parties prior to the submission to the Court for approval.  Notwithstanding the foregoing, and unless otherwise ordered by the Court, the Parties may make non-material modifications to the Long Form Notice and Short Form Notice following submission to the Court for approval.

5.3.    After entry by the Court of a Preliminary Approval Order, and no later than forty-five (45) days after the Notice Date, Settlement Class Representative shall file a motion seeking Final Approval of the Settlement and entry of a Final Approval Order and Judgment, including a request that the preliminary certification of the Settlement Class for settlement purposes be made final.

5.4.    Class Counsel shall share drafts of any memoranda in support of Preliminary Approval, Final Approval, and Fee and Expense Application with Travelers at least two (2) business days before the filing of same and shall consider any proposed edits by Travelers in good faith.

**6.  Effective Date and Termination**

6.1.   The Effective Date of the Settlement shall be the first Business Day after all of the following conditions have occurred:

6.1.1.   The Parties execute this Agreement;

6.1.2.   The Court enters the Preliminary Approval Order without material change to the Parties' agreed-upon proposed Preliminary Approval Order;

6.1.3.   Notice of the Settlement is provided to the Settlement Class in accordance with the Preliminary Approval Order and Notice Plan;

6.1.4.   The Court enters the Final Approval Order and Judgment without material change to the Parties' agreed-upon proposed Final Approval Order and Judgment;

6.1.5.   The Final Approval Order and Judgment has become final because (i) the time for appeal, petition, rehearing, or other review has expired; or (ii) if any appeal, petition, or request for rehearing or other review has been filed, the Final Approval Order and Judgment is affirmed without material change, or the appeal is dismissed or otherwise disposed of, and no other appeal, petition, rehearing or other review is pending, and the time for further appeals, petitions, and requests for rehearing or other review has expired; and

6.1.6.   The Settlement Amount has been paid to the Settlement Fund Account.

6.2.   Travelers may, in its sole discretion, terminate this Agreement under the terms of the *In Camera* Supplement.  If Travelers elects to terminate the Settlement pursuant to this Paragraph 6.2, it shall provide written notice to Class Counsel no later than fifteen (15) days after the Opt-Out Deadline.

6.3.   This Settlement may be terminated by either the Settlement Class Representative or Travelers by serving on counsel for the opposing Party and filing with the Court a written

17

notice of termination within ten (10) Business Days (or such longer time as may be agreed between Class Counsel and Travelers) after any of the following occurrences:

6.3.1. Class Counsel and Travelers mutually agree to termination before the Effective Date;

6.3.2. The Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement as set forth in this Agreement;

6.3.3. An appellate court reverses the Final Approval Order and Judgment, and the Settlement is not reinstated and finally approved without material change by the Court on remand;

6.3.4. The Court or any reviewing appellate court incorporates material terms or provisions into, or deletes or strikes material terms or provisions from, or materially modifies, amends, or changes, the proposed Preliminary Approval Order, the Preliminary Approval Order, the proposed Final Approval Order and Judgment, the Final Approval Order and Judgment, or the Settlement; or

6.3.5. The Effective Date does not occur.

6.4. If this Agreement is terminated under Paragraph 6.2 or 6.3 above, the following shall occur:

6.4.1. Within ten (10) Business Days of receiving notice of a termination event from Travelers' Counsel, the Settlement Administrator shall pay to Travelers an amount equal to the Settlement Fund less (i) any Taxes paid or due with respect to such income and (ii) any reasonable and necessary Administration and Notice Costs already actually incurred and paid or payable from the Settlement Fund pursuant to the terms of this Agreement;

6.4.2. The Settlement Administrator or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds to Travelers, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund;

6.4.3.   The Parties shall return to the status quo in the Action as of August 16, 2024 as if the Parties had not entered into this Agreement, with all of their respective legal claims and defenses preserved as they existed on that date;

6.4.4.   Any Court orders approving certification of the Settlement Class and any other orders entered pursuant to this Agreement shall be null and void and vacated, and neither those orders nor any statements made in connection with seeking approval of the Agreement may be used in or cited by any Person in support of claims or defenses or in support or in opposition to a class certification motion in connection with any further proceedings in the Action or in any other action, lawsuit, arbitration, or other proceeding involving a Released Claim;

6.4.5.   All releases hereunder shall be of no force and effect;

6.4.6.   This Agreement shall become null and void and none of the Parties or the Settlement Class Members shall be bound by any of its terms; and

6.4.7.   The fact of this Settlement, including the Parties' positions with respect to the certification of a Settlement Class for purposes of the Settlement, shall not be used or cited by any Person in support of claims or defenses or in support of or in opposition to a class certification motion in connection with any further proceedings in the Action or in any other action, lawsuit, arbitration, or other proceeding involving any Released Claims.

## 7.   Settlement Benefits and Distribution Plan

7.1.   The Distribution Plan for this Settlement is designed to exhaust the Settlement Fund. The Settlement Payments shall be distributed equally (*i.e.*, *pro rata*) from the Net Settlement Fund among the Authorized Claimants.

7.2.    All Settlement Class Members who are eligible to receive a Settlement Payment and can be located will receive a *pro rata* share of the Net Settlement Fund.

7.3.    Each Settlement Class Member will be asked to submit a Settlement Payment Election by the Settlement Payment Election Deadline using the unique claimant ID code and/or other information on the Short Form Notice provided by the Settlement Administrator to confirm that the Person is a Settlement Class Member. On the Settlement Payment Election form, which will be available to submit electronically on the Settlement Website and will be mailed with the Short Form Notice, each Settlement Class Member may, if preferred, provide their "handle" or unique identifier on a supported electronic payment platform, which will be used by the Settlement Administrator to transmit the Settlement Payment via an electronic payment platform. If a Settlement Class Member who submits a Settlement Payment Election does not have a handle for an electronic payment platform, prefers not to receive the Settlement Payment via an electronic payment platform, or does not select a payment method on the Settlement Payment Election, the Settlement Class Member will receive the Settlement Payment by check at the mailing address on his/her Short Form Notice, the updated address provided in the Settlement Payment Election, or at the valid mailing address determined upon further investigation by the Settlement Administrator. If the Settlement Class Member includes an e-mail address on the Settlement Payment Election, the Settlement Administrator will email a confirmation receipt to the Settlement Class Member. All Settlement Class Members who fail to timely submit a completed Settlement Payment Election by the Settlement Payment Election Deadline will by default receive their Settlement Payment by check,

so long as the Settlement Administrator has a valid mailing address for such Settlement Class Members.

7.3.1.    A Settlement Payment Election submitted via U.S. mail shall be deemed to have been timely submitted if (i) mailed via USPS first-class mail, (ii) addressed correctly to the address provided by the Settlement Administrator, and (iii) postmarked on or before the Settlement Payment Election Deadline.    A Settlement Payment Election submitted electronically shall be deemed to have been timely submitted so long as it is both (i) submitted in accordance with the procedures provided by the Settlement Administrator and (ii) received by the Settlement Administrator on or before the Settlement Payment Election Deadline.

7.3.2.    The Settlement Administrator will review each Settlement Payment Election to confirm that the claimant is a Settlement Class Member and is thus an Authorized Claimant by confirming that the information contained in the election matches the information provided by Travelers and/or the Settlement Administrator. Settlement Payment Elections that do not contain the required information will be rejected. Prior to rejecting the election, the Settlement Administrator may communicate with the Settlement Class Member to give the Settlement Class Member the opportunity to remedy any curable deficiencies with the information provided in the election.

7.3.3.    Each Settlement Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to such Settlement Class Member's Settlement Payment, and such Settlement Class Member's Settlement Payment will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Settlement Class Member's status as a Settlement

Class Member. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Settlement Payment Elections.

7.3.4.  The Settlement Administrator will file a declaration promptly after the Court-specified Settlement Payment Election Deadline describing the proposed distribution of Settlement Payments by checks and electronic payment platforms for Court review in advance of the Final Approval Hearing.

7.3.5.  As promptly as reasonably possible, following the Effective Date, the Settlement Administrator will commence distribution of the Settlement Payment to all Authorized Claimants.

7.4.  For Authorized Claimants that elected to receive their Settlement Payment via an electronic payment platform, the Settlement Administrator will cause payment to be issued via the selected platform. If Settlement Class Members provide an e-mail address on their Settlement Payment Election, said Settlement Class Members will be notified and provided a reasonable opportunity to update their electronic payment platform information (or request payment by check) prior to disbursement of the Settlement Payment. Once the update period has expired and the Settlement Administrator issues payment to the Authorized Claimant using the confirmed electronic payment platform information, no reissuance of any Settlement Payment may be requested.

7.4.1.  All Settlement Payment checks shall be void sixty (60) days after their respective issuance and shall bear the language: "This check must be cashed within sixty (60) days, after which time it is void."

7.4.2.  For Authorized Claimants whose checks are returned as undeliverable, the Settlement Administrator will endeavor to locate new addresses by running the undeliverable

addresses through address lookup services and/or when possible, by e-mailing the Authorized Claimant for updated information (if an e-mail address was provided). Where a new valid address is located, the Settlement Administrator will update the database accordingly and reissue a check to the Authorized Claimant at the new address. In the event a check is lost or damaged or otherwise requires reissuance, the Settlement Administrator will issue a replacement so long as it is requested within sixty (60) days of the mail date of the original check. There shall be only one check reissuance. Check reissues will be undertaken only upon written instructions from the Authorized Claimant, provided that the Authorized Claimant returns the previous check if appropriate. For all reissued checks, the Settlement Administrator will void the initial payment prior to reissuing a payment. The Settlement Administrator's outreach program shall end sixty (60) days after the initial void date. Authorized Claimants will be informed that, if they do not cash their Settlement Payment check within sixty (60) days of the mail date, or do not cash reissued checks within sixty (60) days of the mailing of such reissued checks, their checks will lapse, and their entitlement to recovery will be irrevocably forfeited.

7.4.3.  Thereafter, any balance which still remains in the Net Settlement Fund from uncashed checks, after accounting for and paying any additional Taxes or Administration and Notice Costs that may have been incurred, will be reallocated *pro rata* among Authorized Claimants that cashed their check and those that elected payment via an electronic payment, so long as the reallocated *pro rata* share to each eligible Authorized Claimant is at least $5.00.

7.4.4.  Any balance which remains in the Net Settlement Fund that cannot be reallocated as provided in Paragraph 7.4.3 will be distributed as a *cy pres* award to a cybersecurity

public interest organization as agreed upon by the Parties and approved by the Court, if necessary.

7.5.    No Person shall have any claim against the Settlement Class Representative, Class Counsel, the Settlement Administrator, any other Person designated by Class Counsel, or any of the Released Parties based on determinations or distributions made substantially in accordance with this Agreement and the Settlement contained herein or further order(s) of the Court.

7.6.    None of the Released Parties shall have any role in, or any liability, obligation, or responsibility for the administration of the Settlement or the distribution of the Settlement Fund, including with respect to: (i) any act, omission, or determination by Class Counsel or the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; or (ii) the determination, administration, or calculation of Settlement Payments from the Settlement Fund.

## 8.  Duties of Settlement Administrator

8.1.    The Settlement Administrator shall perform the functions specified in this Agreement, any functions specified in the Notice Plan after Court approval, and any other functions approved by the Court.  In addition to other responsibilities that are described elsewhere in this Agreement (and in the Notice Plan, once approved by the Court), the duties of the Settlement Administrator shall include:

8.1.1.    Contacting Settlement Class Members and confirming their eligibility to receive a Settlement Payment using, among other information, the Class List provided by Travelers.

8.1.1.1    The Settlement Administrator may at any time (but is not required to) request from any Person seeking a Settlement Payment (including via email, phone, or mail) supplemental information to confirm the Person is a Settlement Class Member.  If supplemental information is requested, the Settlement Administrator shall give the claimant reasonable time in the Settlement Administrator's discretion but not exceeding fourteen (14) days to provide the supplemental information before rejecting the Settlement Payment Election.  Requests for supplemental information shall be made as promptly as reasonably possible after the Settlement Payment Election Deadline (or earlier in the discretion of the Settlement Administrator).  If the supplemental information does not cure a defect reasonably determined by the Settlement Administrator, then the Person will be deemed ineligible, and there shall be no obligation to pay the Settlement Payment. For the avoidance of doubt, the Settlement Administrator is not required to request supplemental information, and in reasonably exercising its discretion, may deny a Settlement Payment Election without requesting supplemental information.

8.1.2.    Establishing and maintaining a dedicated address for receiving correspondence, Settlement Payment Elections, and paper requests for exclusion from the Settlement.

8.1.3.    Establishing a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries.

8.1.4.    Establishing and maintaining the Settlement Website.

8.1.5.    Responding to Settlement Class Member inquiries via U.S. mail, email, or telephone.

8.1.6.    Paying all Taxes.

8.1.7.    Receiving and processing all written requests for exclusion from the Settlement and providing copies thereof to the Parties' Counsel.

8.1.7.1    If the Settlement Administrator receives any requests for exclusion or other requests after the Opt-Out Deadline, the Settlement Administrator shall promptly provide copies thereof to the Parties' Counsel.

8.1.8.    Providing weekly reports that summarize the number of claims, written requests for exclusion, objections, and any other information requested by the Parties' Counsel.

8.1.9.    Within five (5) Business Days after the Opt-Out Deadline, providing a final report to the Parties' Counsel summarizing the number of written requests for exclusion (*i.e.*, requests to opt out), a list of all individuals who have timely and validly excluded themselves from the Settlement in accordance with the requirements of the Settlement, and any other information requested by the Parties' Counsel.  This report must be supplemented as appropriate to account for timely opt-outs not yet received by the Settlement Administrator prior to the creation of the report described herein.

8.1.10.    Prior to the Final Approval Hearing, preparing and executing an affidavit to submit to the Court that identifies each Settlement Class Member who timely and validly requested exclusion from the Settlement.

8.1.11.    After the Effective Date, processing and transmitting any and all Settlement Payments to Authorized Claimants.

8.1.12.    Performing any other functions that the Parties jointly agree are necessary to accomplish administration of the Settlement.

8.2.    As specified in Paragraph 3.2, all Administration and Notice Costs incurred by the Settlement Administrator or otherwise in connection with administering the Settlement shall be paid from the Settlement Fund.

8.3.    Neither the Parties nor the Parties' Counsel shall have any liability whatsoever with respect to any act or omission of the Settlement Administrator, or any of its designees or agents, in connection with its performance of its duties under this Agreement, or under the Notice Plan once approved by the Court.

## 9.  Notice Plan

9.1.    The Settlement Administrator shall be responsible for implementing and executing the Notice Plan.  Within fifteen (15) days after the Court's entry of a Preliminary Approval Order, Travelers shall provide the Settlement Administrator with the Class List, which includes available contact information.

9.2.    Should the Settlement be terminated for any of the reasons identified in Paragraph 6.2 or 6.3, the Settlement Administrator shall immediately destroy all contact information received from Travelers for Settlement Class Members.

9.3.    As specified in Paragraph 3.2, all costs incurred by the Settlement Administrator or otherwise relating to providing notice to Settlement Class Members shall be paid from the Settlement Fund.

## 10. CAFA Notice by Defendant

10.1.    Travelers will serve or cause to be served the CAFA Notice not later than ten (10) days after this Agreement is filed with the Court.  The cost of providing CAFA Notice shall be paid for by Travelers.

## 11. Representations and Warranties

11.1.    Travelers has made improvements to its security systems and practices since the filing of this Action.

11.2.    Each Party represents that:

(i)     such Party has the full legal right, power, and authority to enter into and perform this Agreement, subject to Court approval;

(ii)    such Party is voluntarily entering into the Agreement as a result of arm's-length negotiations conducted by its counsel;

(iii)   such Party is relying solely upon its own judgment, belief, and knowledge, and the advice and recommendations of its own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof;

(iv)    such Party has been represented by, and has consulted with, the counsel of its choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and has been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein;

(v)     the execution and delivery of this Agreement by such Party and the consummation by such Party of the transactions contemplated by this Agreement have been duly authorized by such Party;

(vi)    except as provided herein, such Party has not been influenced to any extent whatsoever in executing the Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party to the Agreement;

(vii)   each of the Parties assumes the risk of mistake as to facts or law;

(viii)  this Agreement constitutes a valid, binding, and enforceable agreement; and

(ix)    no consent or approval of any Person is necessary for such Party to enter into this Agreement.

11.3.   The Settlement Class Representative represents and warrants that she has not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Parties, and further covenants that she will not assign or otherwise transfer any interest in any of the Released Claims against any of the Released Parties.

11.4.   The Settlement Class Representative represents and warrants that she has no surviving claim or cause of action against any of the Released Parties with respect to any of the Released Claims.

12. **Mutual Releases and Covenant Not to Sue**

12.1.    As of the Effective Date all Releasing Parties, on behalf of themselves, their heirs, assigns, beneficiaries, executors, administrators, predecessors, successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, unconditionally, and forever release and discharge any and all Released Claims against the Released Parties, except for claims relating to the enforcement of the Settlement or this Agreement.

12.2.    Further, upon the Effective Date, and to the fullest extent permitted by law, the Releasing Parties covenant and agree: (i) not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action in any jurisdiction based on or relating to any Released Claim, or the facts and circumstances relating thereto, against any of the Released Parties; (ii) not to organize or solicit the participation of Settlement Class Members, or persons who would otherwise fall within the definition of Settlement Class Member but who requested to be excluded from the Settlement, in a separate class for purposes of pursuing any action based on or relating to any Released Claim or the facts and circumstances relating thereto, against any of the Released Parties; and (iii) that the foregoing covenants and this Agreement shall be a complete defense to any Released Claim against any of the Released Parties.

12.3.    As of the Effective Date, all Released Parties hereby expressly, generally, absolutely, unconditionally, and forever release and discharge any and all claims against the Settlement Class Representative, the Releasing Parties, and their counsel arising out of or relating to the institution, prosecution, and resolution of the Released Claims in this Action, except for claims relating to the enforcement of the Settlement or this Agreement or claims for breach of this Agreement.

12.4.  The Settlement Class Members and the Parties acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release fully, finally, and forever all of the Released Claims, and in furtherance of such intention, the release shall be irrevocable and remain in effect notwithstanding the discovery or existence of any such additional or different facts.  In entering and making this Agreement, the Parties assume the risk of any mistake of fact or law and the release shall be irrevocable and remain in effect notwithstanding any mistake of fact or law.

## 13. No Admission of Wrongdoing

13.1.  This Agreement compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Parties as to the merits of any claim or defense. This Agreement shall not be offered or received against Travelers as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Travelers with respect to the truth of any fact alleged by the Settlement Class Representative or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of Travelers.

13.2.  This Agreement shall not be construed as or received in evidence as an admission, concession, or presumption against the Settlement Class Representative or any Settlement Class Member that any of their claims are without merit, or that any defense asserted by Travelers has any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

13.3.   The negotiation, terms, and entry of the Parties into this Agreement shall remain subject to the provisions of Federal Rule of Evidence 408, all similar state statutes, rules of evidence, and arbitral rules, and the mediation privilege.

13.4.   Notwithstanding the foregoing provisions of this Section or any other terms in this Settlement, Travelers may use, offer, admit, or refer to this Agreement and to the Settlement, if approved, where it deems necessary to defend itself in any other action, or in any judicial, administrative, regulatory, arbitrative, or other proceeding, as it deems necessary to comply with or address regulatory and/or disclosure obligations, to pursue insurance and/or other indemnification, and to enforce this Agreement and the Settlement, including the releases contained therein.

## 14. **Opt-Outs**

14.1.   Any individual who wishes to exclude themselves from the Settlement must submit a written request for exclusion to the Settlement Administrator, which shall be postmarked and mailed to the Settlement Administrator no later than the Opt-Out Deadline.

14.2.   The written request for exclusion must:

    (i)    Identify the case name of the Action;

    (ii)   Identify the full name and address of the individual seeking exclusion from the Settlement, and, if represented by counsel, the name and address of his/her counsel;

    (iii)  Include the unique claimant ID code and other information on the Short Form Notice provided by the Settlement Administrator that identifies the Person as a Settlement Class Member;

    (iv)   Be personally signed by the individual seeking exclusion, and, if represented by counsel, be signed by his/her counsel;

    (v)    Include a statement clearly indicating the individual's intent to be excluded from the Settlement; and

(vi)   Request exclusion only for that one individual whose personal signature appears on the request.

14.3.   To be effective and valid, opt-out requests must be postmarked and mailed to the Settlement Administrator no later than the Opt-Out Deadline and contain the information described above.

14.4.   Opt-out requests seeking exclusion on behalf of more than one individual (i.e., mass opt-outs) or that do not include the information describe above shall be deemed invalid by the Settlement Administrator.

14.5.   Any individual who submits a valid and timely request for exclusion in the manner described herein shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Agreement; (iii) gain any rights by virtue of the Agreement; or (iv) be entitled to object to any aspect of the Settlement.

14.6.   Any individual who does not submit a valid and timely request for exclusion in the manner described herein shall be deemed to be a Settlement Class Member upon expiration of the Opt-Out Deadline, and shall be bound by all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

## 15. Objections

15.1.   Any Settlement Class Member who wishes to object to the Settlement or requests to be heard at the Final Approval Hearing must submit a written objection to the Court on or before the Objection Deadline, as specified in the Preliminary Approval Order, with a copy sent concurrently by mail, hand, or overnight delivery service to Class Counsel and Travelers' Counsel at the addresses set forth below at Section 19.

15.2.   The written objection must include:

(i)     The case name and number of the Action;

(ii)    The full name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, the name, address, and telephone number of his/her counsel;

(iii)   The unique claimant ID code and other information on the Short Form Notice provided by the Settlement Administrator that identifies the objector as a Settlement Class Member;

(iv)   A statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

(v)    A statement of the number of times in which the objector (and where applicable, objector's counsel) has objected to a class action settlement within the three years preceding the date that the objector files the objection, along with the caption of each case in which the objector (or objector's counsel) has made such objection;

(vi)   A statement of the specific grounds for the objection; and

(vii)  A statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

15.3.    In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether *pro se* or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.

15.4.    Any Settlement Class Member who fails to object to the Settlement in the manner described in this Agreement, the Preliminary Approval Order, and in the notice provided pursuant to the Notice Plan shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval

Hearing, and shall be precluded from seeking any review of the Settlement or the terms of this Agreement by appeal or any other means.

## 16. Service Award

16.1.    The Settlement Class Representatives and Class Counsel shall submit a request to the Court for payment of a Service Award, not to exceed $10,000.00, to the Settlement Class Representative.  Any request for a Service Award must be filed with the Court at least fourteen (14) days before the Objection Deadline.  If approved by the Court, such Service Award shall be paid by to the Settlement Class Representative from the Settlement Fund within ten (10) Business Days after the Effective Date.

16.2.    Travelers agrees not to oppose any request to the Court for a Service Award, provided such request does not seek more than $10,000.00 for the Settlement Class Representative.  For the avoidance of doubt, the Service Award shall be paid from the Settlement Fund.

16.3.    The Parties agree that the effectiveness of this Agreement is not contingent upon the Court's approval of the payment of any Service Award.  If the Court declines to approve, in whole or in part, a request for a Service Award, all remaining provisions in this Agreement shall remain in full force and effect.  No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the payment of a Service Award, or the amount thereof, shall be grounds for cancellation or termination of this Agreement.

## 17. Attorneys' Fees and Expenses

17.1.    Class Counsel shall file the Fee and Expense Application with the Court for payment of reasonable Attorneys' Fees and Expenses incurred in prosecuting and settling the Action, which will be filed at least fourteen (14) days before the Objection Deadline.  If approved

by the Court, such attorneys' fees and expenses shall be paid from the Settlement Fund within ten (10) Business Days after the Effective Date.

17.2.    Travelers takes no position as to any request to the Court for attorneys' fees and reimbursement of expenses, provided such a request does not seek Attorneys' Fees in excess of thirty-three and one-third percent (33 1/3%) of the Settlement Fund.  For the avoidance of doubt, all Attorneys' Fees and Expenses shall be paid from the Settlement Fund.

17.3.    The Parties agree that the effectiveness of this Agreement is not contingent upon the Court's approval of the payment of any Attorneys' Fees and Expenses.  If the Court declines to approve, in whole or in part, the Fee and Expense Application, all remaining provisions in this Agreement shall remain in full force and effect.  No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the payment of Attorneys' Fees and Expenses, or the amount thereof, shall be grounds for cancellation or termination of this Agreement.

## 18. Confidentiality

18.1.    The Parties and the Parties' Counsel agree that the terms of this Settlement shall remain confidential and shall not be disclosed until the Agreement is publicly filed in connection with the Settlement Class Representatives' motion seeking a Preliminary Approval Order.  Notwithstanding the foregoing, Travelers may disclose this Agreement for legal, compliance, and regulatory-related purposes; and Class Counsel may disclose this Agreement to proposed vendors soliciting bids to be named as the Settlement Administrator.

**19. <u>Notices</u>**

19.1.    All notices to Class Counsel provided for in this Agreement shall be sent by email and

USPS First-Class mail to the following:

> Thomas J. McKenna
> Gregory M. Egleston
> **GAINEY McKENNA & EGLESTON**
> 260 Madison Avenue, 22nd Floor
> New York, NY 10016
> tjmckenna@gme-law.com
> gegleston@gme-law.com
>
> Christian Levis
> Amanda G. Fiorilla
> Anthony M. Christina
> **LOWEY DANNENBERG, P.C.**
> 44 South Broadway, Suite 1100
> White Plains, NY 10601
> clevis@lowey.com
> afiorilla@lowey.com
> achristina@lowey.com

19.2.    All notices to Travelers or Travelers' Counsel provided for in this Agreement shall be

sent by email and USPS First-Class mail to the following:

> Kristine M. Brown
> Donald M. Houser
> M. Ashley Miller
> **ALSTON & BIRD LLP**
> 1201 West Peachtree Street NW
> Atlanta, GA  30309
> kristine.brown@alston.com
> donald.houser@alston.com
> ashley.miller@alston.com

19.3.    All notices to the Settlement Administrator provided for in this Agreement shall be sent

by either email and USPS First-Class mail to the following:

> Angeion Group LLC
> 1650 Arch Street, Suite 2210
> Philadelphia, PA 19103
> info@TRVDataSettlement.com

19.4.    The notice recipients and addresses designated in this Section may be changed by written notice posted to the Settlement Website.

**20. Miscellaneous Provisions**

20.1.    Further Steps.  The Parties agree that they each shall undertake in good faith any further required steps to effectuate the purposes and intent of this Agreement.

20.2.    Cooperation.   The Parties: (i) acknowledge that it is their intent to consummate this Agreement and (ii) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Agreement.

20.3.    Contractual Agreement.   The Parties understand and agree that all terms of this Agreement, including the exhibits hereto, are contractual and are not a mere recital, and each signatory warrants that he or she is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that he or she represents.

20.4.    Headings.  Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement.  In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

20.5.    Integration.  This Agreement constitutes the entire agreement among the Parties and no representations, warranties, or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants expressly contained and memorialized herein.

20.6.    Exhibits.  The exhibits to this Agreement are expressly incorporated by reference and made part of the terms and conditions set forth herein.

20.7.    <u>Drafting</u>.  The language of all parts of this Agreement shall in all cases be construed as a whole, according to their fair meaning, and not strictly for or against any Party.  No Party shall be deemed the drafter of this Agreement.  The Parties acknowledge that the terms of the Agreement are contractual and are the product of negotiations between the Parties and their counsel.  Each Party and their counsel cooperated in the drafting and preparation of the Agreement.  In any construction to be made of the Agreement, the Agreement shall not be construed against any Party and any canon of contract interpretation to the contrary shall not be applied.

20.8.    <u>Modification or Amendment</u>.  This Agreement may not be modified or amended, nor may any of its provisions be waived, except by an express writing signed by the Parties who executed this Agreement, or their successors.

20.9.    <u>Waiver</u>.  The failure of a Party to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement.  In addition, the waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

20.10.    <u>Severability</u>.  Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, then subject to the agreement of the Parties, the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder.     For the avoidance of doubt, nothing in this Section affects or limits

Travelers' rights in any other Section of this Agreement, including without limitation its right to terminate pursuant to Section 6.2 and/or 6.3.

20.11.  <u>Counterparts</u>.  The Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  This Agreement may be executed by handwritten signature, or using electronic signature technology (e.g., via DocuSign, Adobe Sign, or other electronic signature technology), and such signed electronic record shall be valid and as effective to bind the party as signing a paper copy bearing such party's handwritten signature.

20.12.  <u>Electronic Mail</u>.  Transmission of a signed Agreement by electronic mail shall constitute receipt of an original signed Agreement by mail.

20.13.  <u>Successors and Assigns</u>.  The Agreement shall be binding upon, and inures to the benefit of, the heirs, executors, successors, and assigns of the Parties hereto.

20.14.  <u>Governing Law</u>.  All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the State of New York, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs.

20.15.  <u>Interpretation</u>.  The following rules of interpretation shall apply to this Agreement:

(i)  Definitions apply to the singular and plural forms of each term defined.

(ii)  Definitions apply to the masculine, feminine, and neuter genders of each term defined.

(iii)  Whenever the words "include," "includes" or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

20.16.   <u>Fair and Reasonable</u>.  The Parties and the Parties' Counsel believe this Agreement is a fair and reasonable compromise of the disputed claims and in the best interest of the Parties.  The Parties have arrived at this Agreement as a result of extensive arms-length negotiations.

20.17.   <u>Retention of Jurisdiction</u>.  The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction over the Settlement and the Parties for the purpose of enforcing the terms of this Agreement.  The Court also shall retain exclusive jurisdiction over any determination of whether any subsequent suit is released by the Settlement Agreement.

20.18.   <u>No Government Third-Party Rights or Beneficiaries</u>.  No government agency or official can claim any rights under this Agreement or Settlement.

20.19.   <u>No Collateral Attack</u>.  The Agreement shall not be subject to collateral attack, including by any Settlement Class Member or any recipient of notices of the Settlement after the Final Approval Order and Judgment is entered.

20.20.   <u>Public Statements</u>.  The Parties agree not to make disparaging statements to the press regarding the Settlement or any Party.  The Parties may publicly discuss the Settlement, the terms of the Settlement, any matter addressed in Plaintiff's motions for preliminary approval or final approval, the Court's Preliminary Approval Order and Final Approval Orders, or matters as required by law or regulation.

20.21.   <u>Stay</u>. The Parties agree that all proceedings and deadlines in the Action (including with respect to rulings on Plaintiff's motion to compel documents from Travelers on the grounds that they are not privileged and/or work product, and Travelers' pending motion for a protective order and sanctions and all discovery deadlines) between Plaintiff and

Travelers shall be indefinitely stayed pending the Court's entry of the Preliminary Approval Order. The stay will automatically be dissolved if the Settlement is terminated in accordance with this Agreement and/or in the event that the Effective Date does not occur.

20.22.    <u>No Reversion</u>. This is not a claims-made settlement; and there will be no reversion.

20.23.    <u>Date of Agreement</u>.  The execution date of this Settlement Agreement and Release shall be deemed to be the latest date of the signatures below.

*[remainder of page intentionally left blank]*

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized counsel:

**Class Counsel on behalf of the Settlement Class Representative (who has specifically assented to the terms of this Settlement Agreement) and the Settlement Class:**

**Defendant The Travelers Indemnity Company**

_____

Thomas J. McKenna
Gregory M. Egleston
Christopher Brain
**GAINEY McKENNA & EGLESTON**
260 Madison Avenue, 22nd Floor
New York, NY 10016
Tel: (212) 983-1300
tjmckenna@gme-law.com
gegleston@gme-law.com
cbrain@gme-law.com

Date: August 16, 2024

Kristine M. Brown
Donald M. Houser
**ALSTON & BIRD LLP**
1201 West Peachtree Street NW
Atlanta, GA  30309
kristine.brown@alston.com
donald.houser@alston.com

Date: August 16, 2024

_____

Christian Levis
Amanda G. Fiorilla
Anthony M. Christina
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
clevis@lowey.com
afiorilla@lowey.com
achristina@lowey.com

Date: August 16, 2024

42

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized counsel:

**Class Counsel on behalf of the Settlement Class Representative (who has specifically assented to the terms of this Settlement Agreement) and the Settlement Class:**

*Thomas J. McKenna*

_____
Thomas J. McKenna
Gregory M. Egleston
Christopher Brain
**GAINEY McKENNA & EGLESTON**
260 Madison Avenue, 22nd Floor
New York, NY 10016
Tel: (212) 983-1300
tjmckenna@gme-law.com
gegleston@gme-law.com
cbrain@gme-law.com

Date: August 16, 2024

_____
Christian Levis
Amanda G. Fiorilla
Anthony M. Christina
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
clevis@lowey.com
afiorilla@lowey.com
achristina@lowey.com

Date: August 16, 2024

**Defendant The Travelers Indemnity Company**

_____
Kristine M. Brown
Donald M. Houser
**ALSTON & BIRD LLP**
1201 West Peachtree Street NW
Atlanta, GA 30309
kristine.brown@alston.com
donald.houser@alston.com

Date: August 16, 2024

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized counsel:

| | |
|---|---|
| **Class Counsel on behalf of the Settlement Class Representative (who has specifically assented to the terms of this Settlement Agreement) and the Settlement Class:** | **Defendant The Travelers Indemnity Company** |

_____

Thomas J. McKenna
Gregory M. Egleston
Christopher Brain
**GAINEY McKENNA & EGLESTON**
260 Madison Avenue, 22nd Floor
New York, NY 10016
Tel: (212) 983-1300
tjmckenna@gme-law.com
gegleston@gme-law.com
cbrain@gme-law.com

Date: August 16, 2024

_____

Christian Levis
Amanda G. Fiorilla
Anthony M. Christina
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
clevis@lowey.com
afiorilla@lowey.com
achristina@lowey.com

Date: August 16, 2024

Kristine M. Brown
Donald M. Houser
**ALSTON & BIRD LLP**
1201 West Peachtree Street NW
Atlanta, GA  30309
kristine.brown@alston.com
donald.houser@alston.com

Date: August 16, 2024

**EXHIBIT A**
**PROPOSED PRELIMINARY APPROVAL ORDER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

JENNIFER RAND, individually and on
behalf of a class similarly situated

                          Plaintiff,                    No. 7:21-cv-10744-VB-VR

v.

THE TRAVELERS INDEMNITY
COMPANY,

                          Defendant.

**[PROPOSED]**
**ORDER PRELIMINARILY APPROVING THE PROPOSED**
**CLASS ACTION SETTLEMENT, SCHEDULING HEARING FOR FINAL APPROVAL**
**THEREOF AND APPROVING THE PROPOSED FORM AND PLAN OF CLASS NOTICE**

Plaintiff Jennifer Rand ("Plaintiff") on behalf of the Settlement Class, having applied for

an order preliminarily approving the proposed settlement ("Settlement") of this Action against The

Travelers Indemnity Company ("Travelers") in accordance with the Stipulation and Agreement of

Settlement entered into on August __, 2024 (the "Settlement Agreement") between Plaintiff and

Travelers; the Court having read and considered the memorandum of law in support of this Motion,

the Settlement Agreement, accompanying documents, and the record herein; and Plaintiff and

Travelers (collectively, the "Parties") having consented to the entry of this Order,

NOW, THEREFORE, on this _____ day of _____, 2024, upon application of

the Parties,

**IT IS HEREBY ORDERED** that:

1.      Unless otherwise defined herein, the Court adopts and incorporates the definitions

in the Settlement Agreement for the purposes of this Order.

2.      The Court finds that it has subject matter jurisdiction to preliminarily approve the Settlement Agreement, including all exhibits thereto and the Settlement contained therein and that it has personal jurisdiction over Plaintiff, Travelers, and all Settlement Class Members.

3.      Upon preliminary review, the Court finds the proposed Settlement is fair, reasonable, and adequate, otherwise meets the criteria for approval under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and warrants issuance of notice to the Settlement Class. The Court finds it will likely be able to approve the Settlement and certify the Settlement Class for purposes of judgment.

4.      For purposes of the Settlement only, the Court provisionally certifies the following Settlement Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3):

> All individuals of the United States who were sent notice that their Personal Information was accessed, stolen, or compromised as a result of the Data Incident, as reflected on the Class List.

Excluded from the Settlement Class are: (i) Travelers, any Person in which Travelers has a controlling interest, and Travelers' officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; and (iii) any individual that timely and validly opts out of the Settlement.

5.      Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Federal Rules of Civil Procedure 23(a) and (b)(3), are satisfied in that:

a.  the Settlement Class is so numerous that joinder of all members is impracticable;

b.  there are questions of law or fact common to the Settlement Class;

c.  Plaintiff's claims are typical of those of Settlement Class Members;

2

     d.  Plaintiff and Class Counsel (defined below) fairly and adequately represent the Settlement Class;

     e.  common issues predominate over any individual issues affecting Settlement Class Members; and

     f.  settlement of the Action on a class action basis is superior to other means of resolving this matter.

6.     The proposed Settlement is preliminarily approved. The Court finds that the Settlement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness, fairness, and adequacy, and that notice of the Settlement should be given as provided in this Order because the Court will likely be able to approve the Settlement under Rule 23(e)(2) of the Federal Rules of Civil Procedure.

7.     The Court appoints Jennifer Rand to serve as Settlement Class Representative for settlement purposes only on behalf of the Settlement Class.

8.     The Court appoints Gainey McKenna & Egleston and Lowey Dannenberg, P.C. as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

9.     The Court appoints Angeion Group as Settlement Administrator for purposes of the Settlement.

10.     A hearing will be held on a date of the Court's convenience on or after _____, 20___ at _____ [a.m./p.m.] (at least 140 days after entry of this Order) in Courtroom _____ of this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement (the "Final Approval Hearing"). The foregoing date, time, and place of the Final Approval Hearing shall be set forth in the notice to the Settlement Class, which is ordered herein, but shall be subject to adjournment or change by the Court without

further notice to Settlement Class Members, other than that which may be posted at the Court or on the Settlements Website at www.TRVDataSettlement.com.

11.    The Court reserves the right to finally approve the Settlement at or after the Final Approval Hearing with such non-material modifications as may be consented to by the Parties and without further notice to the Settlement Class.

12.    All proceedings in this Action as to Travelers, other than such proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.

13.    All Settlement Class Members and their legally authorized representatives, unless and until they have submitted a valid request to opt out or exclude themselves from the Settlement Class (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

14.    No later than forty-five (45) days after entry of this Order (hereinafter, the "Notice Date"), the Settlement Administrator will commence sending notice to the Settlement Class, in the form (without material variation) of the Short Form Notice, Exhibit C to the Settlement Agreement, together with the Settlement Payment Election, Exhibit 4 to the Joint Declaration of

Thomas J. McKenna and Christian Levis dated August 16, 2024 filed in support of this Motion, as described in the proposed notice plan described in the Declaration of Steven Weisbrot, Esq. re: Angeion Group Qualifications & the Proposed Notice Plan ("Notice Plan"). The Short Form Notice will direct Settlement Class Members to the Settlement Website to access the Long Form Notice in the form (without material variation) of Exhibit D to the Settlement Agreement. The Long Form Notice sets forth, among other information, further details about the Settlement and the options for Class Members to request payment from the Settlement Fund.

15.     Beginning no later than the Notice Date, the Settlement Administrator shall create and maintain a Settlement Website, www.TRVDataSettlement.com, until the termination of the administration of the Settlement. The Settlement Website shall include copies of the Settlement Agreement, this Order, the notices to the Settlement Class, the Settlement Payment Election, the motion for preliminary approval and all supporting papers, and, promptly after they are filed, the motion for final approval and the Fee and Expense Application. The Settlement Website shall also identify important deadlines and shall provide answers to frequently asked questions. The Settlement Website may be amended as appropriate during the course of the administration. The Settlement Website shall be searchable on the Internet.

16.     The Settlement Administrator shall maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to leave messages in a voicemail box. The Settlement Administrator shall also maintain an e-mail address to receive and respond to correspondence from Settlement Class Members.

17.     The Court approves in form and substance the Notice Plan and the forms of notice to the Settlement Class reflected in the proposed Long Form and Short Form Notices, and the

Settlement Payment Election. The Notice Plan and forms of notice to the Class (i) are the best notice practicable under the circumstances; (ii) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency and status of this Action and of their right to object to or exclude themselves from the proposed Settlement; (iii) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice of the Final Approval Hearing; and (iv) fully satisfy all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, Due Process, and any other applicable rules or laws. Non-material modifications to the forms of notice to the Class may be made without further order of the Court.

18.     No later than forty-five (45) days after the Notice Date, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in paragraphs 14-16 of this Order.

19.     Any Settlement Class Member that objects to the fairness, reasonableness, or adequacy of any term or aspect of the Settlement, the application for Attorneys' Fees and Expenses, Service Award, or the Final Approval Order and Judgment, or who otherwise wishes to be heard, may appear in person or by his or her attorney at the Final Approval Hearing and present evidence or argument that may be proper and relevant.  However, except for good cause shown, no person other than Class Counsel and Travelers' Counsel shall be heard and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be considered by the Court unless a written objection is submitted to the Court on or before the Objection Deadline, which shall be 60 days after the Notice Date.  For the objection to be considered by the Court, the written objection must include:

    a.   The case name and number of the Action;

    b.   The full name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, the name, address, and telephone number of his/her counsel;

    c.   The unique claimant ID code and other information on the Short Form Notice provided by the Settlement Administrator that identifies the objector as a Settlement Class Member;

    d.   A statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

    e.   A statement of the number of times in which the objector (and where applicable, objector's counsel) has objected to a class action settlement within the three years preceding the date that the objector files the objection, along with the caption of each case in which the objector (or objector's counsel) has made such objection;

    f.   A statement of the specific grounds for the objection; and

    g.   A statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

20.    In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether *pro se* or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.

21.    To be timely, a written notice of objection must either be electronically filed in the Action's electronic docket on or before the Objection Deadline; or sent via first class, postage-prepaid United States Mail, postmarked no later than the Objection Deadline to (a) the Clerk of Court, (b) Class Counsel; and (c) Travelers' Counsel at the addresses below.

| COURT | TRAVELERS' COUNSEL | CLASS COUNSEL |
|---|---|---|
| Clerk of Court<br>United States District Court<br>for the Southern District of<br>New York<br>300 Quarropas Street<br>White Plains, NY 10601 | Donald M. Houser<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>NW<br>Atlanta, GA 30309 | Thomas J. McKenna<br>Gregory M. Egleston<br>Christopher Brain<br>**GAINEY McKENNA &<br>EGLESTON**<br>260 Madison Avenue, 22nd Floor<br>New York, NY 10016<br>Tel: (212) 983-1300<br><br>Christian Levis<br>Amanda G. Fiorilla<br>Anthony M. Christina<br>**LOWEY DANNENBERG, P.C.**<br>44 South Broadway, Suite 1100<br>White Plains, NY 10601<br>Tel: (914) 997-0500 |

22.     Any objection to the Settlement submitted by a Settlement Class Member pursuant to paragraphs 19-21 of this Order must be signed by the Settlement Class Member (and if applicable his, her, or its legally authorized representative), even if the Settlement Class Member is represented by counsel. The right to object to the proposed Settlement must be exercised individually by the Settlement Class Member and not as a member of a group, class, or subclass, except that such objections may be submitted by the Settlement Class Member's legally authorized representative.

23.     Any Settlement Class Member who fails to comply with the requirements for objecting in writing described in paragraphs 19-22 of this Order: shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement by appeal or any other means. Such Settlement Class Members shall be bound by all terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action. Any challenge to the Settlement Agreement and the Final Approval Order and Judgment approving this

Settlement Agreement shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

24.     All objectors shall make themselves available to be deposed by any Party in the Southern District of New York or the county of the objector's residence or principal place of business within seven (7) days of service of the objector's timely written objection.

25.     Discovery concerning any purported objections to the Settlement shall be completed no later than thirty (30) days after the Objection Deadline. Class Counsel, Travelers' Counsel, and any other Persons wishing to oppose timely-filed objections in writing may do so not later than thirty (30) days after the Deadline for Objections.

26.     Any individual who wishes to exclude themselves from the Settlement must submit a written Request for Exclusion to the Settlement Administrator, which shall be postmarked and mailed to the Settlement Administrator no later than sixty (60) days after the Notice Date (the "Opt-Out Deadline"):

27.     The written Request for Exclusion must:

    a. Identify the case name of the Action;

    b. Identify the full name and address of the individual seeking exclusion from the Settlement, and, if represented by counsel, the name and address of his/her counsel;

    c. Include the unique claimant ID code and other information on the Short Form Notice provided by the Settlement Administrator that identifies the Person as a Settlement Class Member;

    d. Be personally signed by the individual seeking exclusion, and, if represented by counsel, be signed by his/her counsel;

    e. Include a statement clearly indicating the individual's intent to be excluded from the Settlement; and

    f. Request exclusion only for that one individual whose personal signature appears on the request.

28.    The right to be excluded from the proposed Settlement must be exercised individually by the Settlement Class Member or by the Settlement Class Member's authorized representative, even if the Settlement Class Member is represented by counsel, and not as a member of a group, class, or subclass, except that a Request for Exclusion may be submitted by the Settlement Class Member's legally authorized representative.  A Request for Exclusion shall not be effective unless it provides all of the required information in paragraph 27, complies with the requirements in this Order, and is postmarked and mailed to the Settlement Administrator by the Opt-Out Deadline, as set forth in the notice to the Settlement Class.

29.    Any Settlement Class Member who does not submit a timely and valid written Request for Exclusion shall be bound by the Settlement Agreement, including all releases therein, as well as all proceedings, orders, and judgments in the Action, even if the Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such Settlement Class Member never received actual notice of the Action or the proposed Settlement.

30.    Settlement Class Members that submit valid and timely Requests for Exclusion shall not receive any benefits of and shall not be bound by the terms of the Settlement Agreement (including the releases therein), will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their right to independently pursue any claims they may have against Travelers.

31.    The Settlement Administrator shall promptly log each Request for Exclusion that it receives and promptly notify Class Counsel and Travelers' Counsel within one (1) Business Day of receiving any Requests for Exclusion.

32.     The Settlement Administrator shall furnish Class Counsel and Travelers' Counsel with copies of any and all Requests for Exclusions, objections, notices of intention to appear, and other communications that come into its possession (except as otherwise expressly provided in the Settlement Agreement) within three (3) Business Days of receipt.

33.     Within five (5) Business Days after the Opt-Out Deadline, the Settlement Administrator shall provide a final report to the Parties' Counsel summarizing the number of Requests for Exclusion (*i.e*., requests to opt out), a list of all individuals who have timely and validly excluded themselves from the Settlement in accordance with the requirements of the Settlement and this Order, and any other information requested by the Parties' Counsel.  This report must be supplemented as appropriate to account for timely opt-outs not yet received by the Settlement Administrator prior to the creation of the report described herein.  Class Counsel shall file the opt-out list and the declaration of the Settlement Administrator attesting to the accuracy of such list with the Court.

34.     All Settlement Payment Elections shall be submitted by Settlement Class Members to the Settlement Administrator as directed in the notice to the Settlement Class no later than sixty (60) days after the Notice Date (the "Settlement Payment Election Deadline").

35.     The Settlement Administrator shall promptly process and review all Settlement Payment Elections for timeliness and eligibility to participate in the Settlement.  Promptly after the Settlement Payment Elections Deadline, the Settlement Administrator will file for Court review a declaration describing the proposed distribution of Settlement Payments by checks and electronic payment platforms.

36.     To effectuate the Settlement and the Notice Plan, the Settlement Administrator shall be responsible for: (a) establishing a post office box (to be identified in the Long Form Notice, the

Short Form Notice and on the Settlement Website), an e-mail address, a toll-free interactive voice response telephone system, and a Settlement Website for purposes of communicating with Settlement Class Members; (b) effectuating the Notice Plan; (c) accepting and maintaining documents sent from Settlement Class Members, including Settlement Payment Elections, and other documents relating to the Settlement and its administration; (d) determining the timeliness and validity of each Settlement Payment Election submitted by Settlement Class Members; (e) corresponding with Settlement Class Members regarding any deficiencies in their Settlement Payment Elections; (f) calculating and distributing each Authorized Claimant's Settlement Payment; (g) determining the timeliness and validity of all Requests for Exclusion received from Settlement Class Members; (h) providing within five (5) Business Days after the Opt-Out Deadline a final report to Parties' Counsel identifying number and individuals who timely and validly submitted Requests for Exclusion from the Settlement; (i) preparing the opt-out list and a declaration attaching and attesting to the accuracy of such list, and providing the same to Class Counsel and Travelers' Counsel; (j) providing Class Counsel and Travelers' Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests); and (k) fulfilling all other duties and obligations as set forth in the Settlement.

37.    All costs incurred by the Settlement Administrator in effectuating the Notice Plan and administering the Settlement, including any Taxes and Administration and Notices Costs, shall be paid from the Settlement Fund, pursuant to the Settlement Agreement without further order of the Court.

38.    The Settlement Administrator shall maintain a copy of all paper communications related to the Settlement for a period of one (1) year after distribution of Settlement Payments to Authorized Claimants, and shall maintain a copy of all electronic communications related to the

Settlement for a period of two (2) years after the distribution, after which time all such materials shall be destroyed, absent further direction from the Parties or the Court.

39.     The Court preliminarily approves the establishment of the Settlement Fund Account defined in the Settlement Agreement as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

40.     Neither the Settlement Agreement, whether or not it shall become final, nor any negotiations, documents, and discussions associated with it, nor the Final Approval Order and Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Travelers or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; or (d) the propriety of certification of a class other than solely for the purposes of the Settlement. All rights of Plaintiff and Travelers are reserved and retained if the Settlement does not become final in accordance with the terms of the Settlement Agreement.

41.     Class Counsel shall file their motions for payment of attorneys' fees and expenses (*i.e.*, the Fee and Expense Application), Plaintiff's Service Award, and final approval of the Settlement no later than forty-five (45) days after the Notice Date.  Any reply memoranda in support of the motions shall be filed no later than thirty (30) days after the Objection Deadline.

42.     If the Settlement is approved by the Court following the Final Approval Hearing, a Final Approval Order and Judgment will be entered as described in the Settlement Agreement.

43.     The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to Settlement Class Members, other than which may be posted at the Court or on the Settlement Website.

44.     This Order shall become null and void and shall be without prejudice to the rights of Plaintiff and Travelers, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

45.     If the Settlement is not finally approved or there is no Effective Date under the terms of the Settlement, then this Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Travelers of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit.

46.     If the Settlement is not finally approved or there is no Effective Date under the terms of the Settlement, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

47.     Unless a time period is specified in "Business Days," which is defined in the Settlement, the word "days," as used herein, means calendar days. In the event that any date or

deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first Business Day thereafter.

48.     The schedule of events referenced above should occur as follows:

| Event | Date |
| --- | --- |
| Notice to the Class commences | No later than forty-five (45) days after entry of this Preliminary Approval Order (the "Notice Date") |
| Deadline to file Settlement Administrator's Declaration regarding implementation of Notice Plan | No later forty-five (45) days after the Notice Date |
| Deadline to file Motion for Final Approval of the Settlement | No later than forty-five (45) days after the Notice Date |
| Deadline to File Class Counsel's Motion for Attorneys' Fees and Expenses and Plaintiff's Request for Service Awards | No later than forty-five (45) days after the Notice Date |
| Postmark Deadline for Requests for Exclusion (Opt-Outs) | No later than sixty (60) days after the Notice Date ("Opt-Out Deadline") |
| Filing and Service Deadline for Objections | No later than sixty (60) days after the Notice Date |
| Settlement Payment Election Filing Deadline | No later than sixty (60) days after the Notice Date |
| Deadline to File Opt-Out List and Settlement Administrator Declaration | No later than five (5) Business Days after Opt-Out Deadline |
| Deadline to File Settlement Administrator Declaration to Distribute the Claims Payments | No later than fifteen (15) days after the Settlement Payment Elections Deadline |
| Deadline to Complete Discovery Concerning Objections | No later than thirty (30) days after the Deadline for Objections |
| Deadline to File Oppositions to Objections/Reply Memorandum in Support of Motions | No later than thirty (30) days after the Deadline for Objections |
| Final Approval Hearing | At least one hundred forty (140) days after entry of the Preliminary Approval Order |

**IT IS SO ORDERED.**

Dated: _____

                                                        _____
                                                        Hon. Vincent L. Briccetti
                                                        United States District Judge

**EXHIBIT B**
**PROPOSED FINAL APPROVAL ORDER AND JUDGMENT**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**

| | |
|---|---|
| JENNIFER RAND, individually and on behalf of a class similarly situated<br><br>               Plaintiff,<br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY,<br><br>               Defendant. | No. 7:21-cv-10744-VB-VR |

**[PROPOSED]**
**FINAL APPROVAL ORDER AND JUDGMENT**

This matter came before the Court for a duly-noticed hearing on _____, 202_ (the "Final Approval Hearing"), upon Plaintiff Jennifer Rand's ("Plaintiff" or "Settlement Class Representative") Motion for Final Approval of Class Action Settlement with Defendant The Travelers Indemnity Company ("Travelers" or "Defendant"), which was consented to by Travelers. Due and adequate notice of the Settlement Agreement having been given to the Settlement Class Members, the Final Approval Hearing having been held and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.     This Final Approval Order and Judgment hereby incorporates by reference the definitions in the Settlement Agreement and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2.     The Court finds that it has subject matter jurisdiction under 28 U.S.C. § 1331, or alternatively 28 U.S.C. § 1332(d) and 28 U.S.C. § 1367(a), to enter this Final Approval Order and Judgment and has personal jurisdiction over Plaintiff and Travelers (in this Action only and for purposes of this Settlement only) and all Class Members.

3.     This Court grants final approval of the Settlement, including but not limited to the releases in the Settlement and the Distribution Plan.

4.     For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All individuals of the United States who were sent notice that their Personal Information was accessed, stolen, or compromised as a result of the Data Incident, as reflected on the Class List. Excluded from the Settlement Class are: (i) Travelers, any Person in which Travelers has a controlling interest, and Travelers' officers, directors, legal representatives, successors, subsidiaries, and

assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; and (iii) any individual that timely and validly opts out of the Settlement.

5.     The Court finds that, solely for purpose of settlement, the Settlement Class meets all of the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3). The Court hereby finds, in the specific context of this Settlement, that: (i) the Settlement Class is so numerous that joinder of all Class Members is impracticable, FED. R. CIV. P. 23(a)(1); (ii) common questions of law and fact exist with regard to Travelers' alleged conduct with regard to the Data Incident, FED. R. CIV. P. 23(a)(2); (iii) Plaintiff's claims in this litigation are typical of those of the Class Members, FED. R. CIV. P. 23(a)(3); and (iv) Plaintiff's interests do not conflict with, and are co-extensive with, those of absent Class Members, all of whose claims arise from the identical factual predicate, and Plaintiff and Class Counsel have adequately represented the interests of all Class Members, FED. R. CIV. P. 23(a)(4). The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. FED. R. CIV. P. 23(b)(3).

6.     The Court hereby confirms the appointment of Plaintiff Jennifer Rand as the Settlement Class Representative. Pursuant to FED. R. CIV. P. 23(g), the Court hereby confirms the appointment of Gainey McKenna & Egleston and Lowey Dannenberg, P.C. as Class Counsel for the Settlement Class.

7.     The Court finds that the Short Form Notice, the Long Form Notice, website, and Notice Plan implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best notice practicable under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of this Action, of their right to exclude themselves from or object to the proposed

Settlement, of their right to appear at the Final Approval Hearing, of the Distribution Plan, and of Class Counsel's application for an award of Attorneys' Fees and Expenses associated with the Action, and any Service Award; (c) provided a full and fair opportunity to all Class Members to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23 and Due Process. Based upon Travelers' submission to the Court dated _____, the Court further finds that Travelers has fully complied with the notice and other obligations imposed on it under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

8.      The Court finds that _____ Settlement Class Members have validly requested to be excluded from the Settlement Class ("Opt-Out Members"), and those Opt-Out Members are identified in **Exhibit A**.

9.      The Court finds that _____ timely objections to the proposed Settlement have been submitted. Notwithstanding the [lack of] objections, the Court has independently reviewed and considered all relevant factors and has conducted an independent examination into the propriety of the proposed Settlement. [The Court finds all objections are without merit and they are hereby overruled.]

10.      All persons and entities who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including but not limited to by appeal, collateral attack, or otherwise.

11.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement. This Court finds that the Settlement meets all requirements of Rule 23(e) of the Federal Rules of Civil Procedure and is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including Plaintiff. This Court further finds that the Settlement set forth in the Settlement

Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, that Class Counsel and Plaintiff adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement, that the relief provided for the Settlement Class is adequate, and that the Settlement Agreement and Distribution Plan treats Class Members equitably relative to each other. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

12.    As of the Effective Date, all Releasing Parties,[1] on behalf of themselves, their heirs, assigns, beneficiaries, executors, administrators, predecessors, successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, unconditionally, and

---

[1] As set forth in the Settlement Agreement, "Releasing Parties" means the Settlement Class Representative and all Settlement Class Members who do not timely and validly opt out of the Settlement.

4

forever release and discharge any and all Released Claims[2] against the Released Parties,[3] except

for claims relating to the enforcement of the Settlement or this Agreement.

---

[2] As set forth in the Settlement Agreement, "Released Claims" means any and all claims, defenses, demands, actions, causes of action, rights, offsets, setoffs, suits, remedies, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary sanctions or damages for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether known or unknown (including Unknown Claims), suspected or unsuspected, existing or potential, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to the Data Incident, any legal, factual, or other allegations in the Action, or any theories of recovery that were, or could have been, raised at any point in the Action.

For the avoidance of doubt, Released Claims are to be construed broadly and include, without limitation, any claims that may be available under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States (including, without limitation, any claims for violations of Driver's Privacy Protection Act, 18 U.S.C. §§ 2721, et seq., any causes of action under the California Consumer Privacy Act, Cal. Civ. Code §§ 1798.100, et seq., and any similar statutes in effect in the United States or in any states in the United States); causes of action under the common or civil laws of any state in the United States, including but not limited to: unjust enrichment, negligence, bailment, conversion, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

[3] As set forth in the Settlement Agreement, "Released Parties" means The Travelers Indemnity Company, and each of its current and former parents, subsidiaries, divisions, and affiliated companies, whether indirect or direct, as well as these entities' respective predecessors, successors, assigns, directors, officers, employees, agents (including without limitation independent agents), vendors, insurers, reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, contractors, wholesalers, resellers, distributors, service providers, and retailers.

13.     Further, upon the Effective Date, and to the fullest extent permitted by law, the Releasing Parties covenant and agree: (i) not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action in any jurisdiction based on or relating to any Released Claim, or the facts and circumstances relating thereto, against any of the Released Parties; (ii) not to organize or solicit the participation of Settlement Class Members, or persons who would otherwise fall within the definition of Settlement Class Member but who requested to be excluded from the Settlement, in a separate class for purposes of pursuing any action based on or relating to any Released Claim or the facts and circumstances relating thereto, against any of the Released Parties; and (iii) that the foregoing covenants and this Agreement shall be a complete defense to any Released Claim against any of the Released Parties.

14.     As of the Effective Date, all Released Parties expressly, generally, absolutely, unconditionally, and forever release and discharge any and all claims against the Settlement Class Representative, the Releasing Parties, and their counsel arising out of or relating to the institution, prosecution, and resolution of the Released Claims in this Action, except for claims relating to the enforcement of the Settlement or this Agreement or claims for breach of this Agreement.

15.     Notwithstanding the entry of this Final Approval Order and Judgment, if the Settlement Agreement is validly terminated by Plaintiff or Travelers, is disapproved in whole or in part by the Court, any appellate court, or any other court of review, or does not become Final, then the provisions of this Final Approval Order and Judgment dismissing Plaintiff's claims shall be null and void with respect to such Settlement; Plaintiff's claims shall be reinstated; Travelers' defenses shall be reinstated; the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with them, including but not limited to any requests for exclusion from the Settlement previously submitted and deemed to be valid, shall be vacated

and be of no force and effect; the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth herein, shall be without prejudice to the rights of any Party, and of no force or effect; and the Parties shall be returned to their respective positions before the Settlement Agreement was signed. Notwithstanding the language in this Section, any provision(s) in the Settlement Agreement that the Parties have agreed shall survive its termination shall continue to have the same force and effect intended by the Parties.

16.    The Settlement Fund Account defined in the Settlement Agreement has been established as a trust and shall be established as a fiduciary account (the "Settlement Fiduciary Account"). The Court further approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

17.    Without affecting the finality of the Final Approval Order and Judgment for purposes of appeal, the Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and over the enforcement of this Final Approval Order and Judgment. The Court also retains exclusive jurisdiction to resolve any disputes that arise out of or relate to the Settlement Agreement, the Settlement, or the Settlement Fund, to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlement after the entry of the Final Approval Order and Judgment, and to consider or approve the amounts of distributions to Class Members. In addition, without affecting the finality of this Final Approval Order and Judgment, Plaintiff, Travelers, and the Settlement Class hereby irrevocably submit to the exclusive

jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding, or dispute arising out of or relating to this Final Approval Order and Judgment or the Settlement Agreement. Any disputes involving Plaintiff, Travelers, or Class Members concerning the implementation of the Settlement Agreement shall be submitted to the Court.

18.    The Settlement (including without limitation the releases therein) shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims that are brought, initiated, or maintained by, or on behalf of, any Releasing Party or any other person subject to the provisions of this Final Approval Order and Judgment against a Released Party.

19.    The Court permanently bars and enjoins Plaintiff and all Releasing Parties from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on or relating to any Released Claim, or the facts and circumstances relating thereto, against any of the Released Parties; or (b) organizing or soliciting the participation of Settlement Class Members in a separate class for purposes of pursuing any action relating to any Released Claim or the facts and circumstances relating thereto, against any of the Released Parties.

20.    Neither the Settlement Agreement (nor its exhibits), whether or not it shall become Final, nor any negotiations, exchanged among counsel for Plaintiff and Travelers in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute, law, common law or of any liability or wrongdoing by Travelers or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; or (d) the propriety of certification of

a class other than solely for purposes of the Settlement. The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order and Judgment; and (ii) do not limit the rights of Settling Class Members.

21.　　Any data or other information provided by Class Members in connection with the submission of claims shall be held in strict confidence, available only to the Settlement Administrator, Class Counsel, and experts or consultants acting on behalf of the Settlement Class. In no event shall a Class Member's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

22.　　The Settlement Payment Election, Distribution Plan, and the *In Camera* Supplement referenced in Sections 6 and 7 of the Settlement Agreement are each approved as fair, reasonable, and adequate.

23.　　The Settlement Administrator shall administer the claims administration process, pursuant to the Court-approved Distribution Plan.

24.　　Class Counsel are awarded attorneys' fees in the amount of $_____, and reimbursement of litigation expenses in the amount of $_____, such amounts to be paid from out of the Settlement Fund in accordance with the terms of the Settlement. In addition, $_____ in Administrative Expenses are to be paid out of the Settlement Fund to Angeion, to perform its responsibilities as the Settlement Administrator, in accordance with the terms of the Settlement.

25.　　The Settlement Class Representative is awarded a case contribution award in the amount of $_____, such amounts to be paid from out of the Settlement Fund in accordance with the terms of the Settlement.

26.     The word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first Business Day thereafter.

27.     The Parties shall bear their own costs, except as otherwise provided in the Settlement Agreement.

28.     The Court directs that this Final Approval Order and Judgment shall be Final and entered forthwith.

**IT IS SO ORDERED.**

Signed this ____ day of _____, 20__.

_____
The Honorable Vincent L. Briccetti
United States District Judge

10

**EXHIBIT C**

**SHORT FORM NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

**Name:**
**Claimant ID code:**
**Confirmation code:**

### COURT APPROVED LEGAL NOTICE

**If your personal information was compromised in the unauthorized third-party access to The Travelers Indemnity Company' ("Travelers") independent agent portal identified on or around November 12, 2021 (the "Data Incident"), your rights may be affected by a pending class action settlement, and you may be entitled to a portion of the settlement fund.**

---

This Summary Notice is to alert Settlement Class Members to a proposed $6 million settlement reached with Travelers in a class action, *Rand v. The Travelers Indemnity Company*, Case No. 7:21-cv-10744-VB-VR, pending in the United States District Court for the Southern District of New York (the "Action").

| **What is this lawsuit about and what does the Settlement provide?** |
| --- |

Plaintiff brought this Action against Travelers, an insurance company that operates throughout the United States. This Action arises out of the Data Incident, which Plaintiff alleges caused Class Members' Personal Information, including driver's license numbers, to be accessed, stolen, or compromised. Plaintiff filed a complaint that asserted legal claims for negligence, negligence *per se* under the Federal Trade Commission Act (15 U.S.C. § 45) and the New York Shield Act (N.Y. Gen. Bus. Law § 899-aa, *et seq*.), violation of the Driver's Protection Act, 18 U.S.C. §§ 2721, *et seq*. ("DPPA"), violation of New York Business Law § 349, and for declaratory and injunctive relief. Travelers denies all material allegations of the Action and denies, among other things, that it failed to properly protect any personal data, had inadequate data security, or that it violated any state or federal laws, including the DPPA.

To avoid the uncertainty and risk of further litigation and the duration, expense, difficulties, and delays inherent in such litigation, the Parties have agreed to settle the claims in this lawsuit. Travelers will pay a total of $6 million (the "Settlement Fund") to settle this Action. If the Settlement is approved, each Settlement Class Member that has not timely filed a written request for exclusion and is entitled to payment pursuant to the Settlement Agreement will receive an equal (*pro rata*) share of the Settlement Fund after administration and notice costs, court-awarded attorneys' fees, costs, expenses, and any service award are deducted.

| **Who is a member of the Settlement Class?** |
| --- |

The proposed Settlement Class consists of all individuals of the United States who were previously sent notice by Travelers that their Personal Information was accessed, stolen, or compromised as a result of the Data Incident, as reflected on the Class List.

The capitalized terms used in this Summary Notice are defined in the Settlement Agreement, which is available with additional details concerning the Settlement at **www.TRVDataSettlement.com**.

If you are not sure if you are included in the Settlement Class, you can get more information, including the Long Form Notice, at **www.TRVDataSettlement.com** or by calling toll-free 1-XXX-XXX-XXXX.

| **Who represents me?** |
| --- |

The United States District Court for the Southern District of New York (the "Court") authorized this Summary Notice and has appointed the lawyers listed below to represent the Settlement Class in this Action ("Class Counsel"):

Thomas J. McKenna                     Christian Levis
Gregory M. Egleston                   Amanda G. Fiorilla
Christopher Brain                     Anthony M. Christina
**GAINEY McKENNA & EGLESTON**         **LOWEY DANNENBERG, P.C.**
260 Madison Avenue, 22nd Floor        44 South Broadway, Suite 1100
New York, NY 10016                    White Plains, NY 10601
Tel: (212) 983-1300                   Tel: (914) 997-0500
tjmckenna@gme-law.com                 clevis@lowey.com
gegleston@gme-law.com                 afiorilla@lowey.com
cbrain@gme-law.com                    achristina@lowey.com

If you want to be represented by your own lawyer, you may hire one at your expense.

## Will I get a payment?

If you are a Settlement Class Member and do not exclude yourself, please file a Settlement Payment Election to receive your share of money from the Net Settlement Fund. You also may obtain more information at **www.TRVDataSettlement.com** or by calling toll-free 1-XXX-XXX-XXXX. Settlement Payment Election forms must be postmarked by **[DATE]** or submitted online at **www.TRVDataSettlement.com** on or before 11:59 p.m. Eastern time on **[DATE]**. If you do not file an eligible Settlement Payment Election, you will receive a payment *only* if the Settlement Administrator can identify a valid mailing address for you.

## What are my rights?

If you do not want to be legally bound by the Settlement, you must exclude yourself from it by [DATE], or you will not be able to sue, or continue to sue Travelers about the legal claims this Settlement resolves. If you exclude yourself, you cannot get benefits from the Settlement. If you do not exclude yourself, then you can tell the Court that you do not agree with the Settlement or some part of it by objecting to it by [DATE]. The Long Form Notice available at **www.TRVDataSettlement.com** explains how to exclude yourself or object and describes the released claims in detail.

## When is the Final Approval Hearing?

The Court will hold the Final Approval Hearing on **[DATE]**, at **[TIME]**, at the United States District Court for the District of the Southern District of New York, in Courtroom 620, located at 300 Quarropas Street, White Plains, NY 10601, to consider whether to finally approve the proposed Settlement, the application for an award of Attorneys' Fees and Expenses, and the application for a Service Award for Plaintiff. The Final Approval Hearing may be moved to a different location, date, or time without notice to you. The Final Approval Hearing may be conducted remotely. Although you do not need to attend, if you plan to do so, you should check the Settlement Website before making travel plans.

You or your lawyer may ask to appear and speak at the hearing at your own expense, but you do not have to. Any changes to the time and place of the Final Approval Hearing, or other deadlines, will be posted to **www.TRVDataSettlement.com** as soon as is practicable.

**For more information, call toll-free 1-XXX-XXX-XXXX or visit www.TRVDataSettlement.com**
**YOU MAY ALSO WRITE THE SETTLEMENT ADMINISTRATOR AT:**
**TTIC DATA INCIDENT SETTLEMENT ADMINISTRATOR, 1650 ARCH STREET, SUITE 2210,**
**PHILADELPHIA, PA 19103**

***\*\*\*\* Please do not call the Court or the Clerk of the Court for information about the Settlement. \*\*\*\****

**EXHIBIT D**

**LONG FORM NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

| | |
|---|---|
| JENNIFER RAND, individually and on behalf of a class similarly situated<br><br>           Plaintiff,<br><br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY,<br><br>           Defendant. | No. 7:21-cv-10744-VB-VR |

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT, [DATE], 202_ FINAL APPROVAL HEARING THEREON AND CLASS MEMBERS' RIGHTS**

**This Notice of Proposed Class Action Settlement, [Date], 202_ Final Approval Hearing Thereon and Class Members' Rights ("Notice") is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court"). It is not junk mail, an advertisement, or a solicitation from a lawyer. You have not been sued.**

***PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY THE PROCEEDINGS IN THE ABOVE-CAPTIONED ACTION ("ACTION"). THIS NOTICE ADVISES YOU OF YOUR RIGHTS AND OPTIONS WITH RESPECT TO THIS ACTION, INCLUDING WHAT YOU MUST DO IF YOU WISH TO SHARE IN THE PROCEEDS OF THE SETTLEMENT.***

TO: ALL INDIVIDUALS OF THE UNITED STATES WHO WERE SENT NOTICE THAT THEIR PERSONAL INFORMATION WAS ACCESSED, STOLEN, OR COMPROMISED AS A RESULT OF THE UNAUTHORIZED THIRD-PARTY ACCESS TO TRAVELERS' INDEPENDENT AGENT PORTAL IDENTIFIED ON OR AROUND NOVEMBER 12, 2021 (THE "DATA INCIDENT"), AS REFLECTED ON THE CLASS LIST.

The purpose of this Notice is to inform you of a proposed settlement in this Action (the "Settlement") with Defendant The Travelers Indemnity Company ("Travelers"). Plaintiff Jennifer Rand ("Plaintiff" or "Settlement Class Representative") entered into the Settlement Agreement with Travelers on August ___, 2024.

You are receiving this Notice because your Personal Information may have been accessed, stolen or compromised during the Data Incident.

**Please do not contact the Court regarding this Notice.** Inquiries concerning this Notice, the Settlement Payment Election, or any other questions by Class Members should be directed to:

TTIC Data Incident Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Tel: _____
Email: info@TRVDataSettlement.com
Website: www.TRVDataSettlement.com

Plaintiff alleges that Travelers failed to implement reasonable data security measures to protect certain individuals' Personal Information and, as a result of the Data Incident, Plaintiff's and Class Members' Personal Information, including driver's license numbers, were accessed, stolen, or compromised. Plaintiff sued Travelers and asserted legal claims for negligence, negligence *per se* under the Federal Trade Commission Act, 15 U.S.C. § 45 and the New York Shield Act, violation of the Driver's Protection Act, 18 U.S.C. §§ 2721, *et seq.* ("DPPA"), violation of New York Business Law § 349, and for declaratory and injunctive relief. Travelers disputes Plaintiff's allegations and denies, among other things, that it failed to properly protect any personal data, had inadequate data security, or that it violated any state or federal laws, including the DPPA. Plaintiff and Travelers have agreed to the Settlement to avoid the uncertainty and risk of further litigation.

The Court has preliminarily approved the Settlement with Travelers. To resolve all Released Claims against all Released Parties, Travelers has agreed to pay a total of $6,000,000. In exchange, Class Members who do not opt out of the Settlement will release their claims against Travelers in the Action.

The following table contains a summary of your rights and options regarding the Settlement. More detailed information about your rights and options can be found in the Settlement Agreement, which is available at www.TRVDataSettlement.com (the "Settlement Website").

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | If you do nothing in connection with this Settlement, you will be bound by past and any future Court rulings, including rulings on the Settlement, if approved, and the Settlement release. *See* Question 16. You may receive a payment from the Net Settlement Fund, <u>*but only if the Settlement Administrator is able to locate you*</u>. You are advised to file the Settlement Payment Election to ensure delivery of payment. |
| **FILE A SETTLEMENT PAYMENT ELECTION** | To receive your share of the Net Settlement Fund, complete and file a timely and valid Settlement Payment Election electronically by no later than **[DATE]**, or mail your Settlement Payment Election so that it is postmarked no later than **[DATE]**. *See* Question 11. |

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | If you wish to exclude yourself from the Settlement, you must submit a written request by **[DATE]**.  If you exclude yourself, you will not be bound by the Settlement, if approved, or the Settlement release, and you will not be eligible for any payment from the Settlement. *See* Questions 17 - 21. |
| **OBJECT TO THE SETTLEMENT** | If you wish to object to the Settlement, you must file a written objection with the Court and serve copies on Class Counsel and Travelers' Counsel by **[DATE]**. You must be and remain a Settlement Class Member to object. *See* Questions 22 and 23. |
| **GO TO THE FINAL APPROVAL HEARING** | You may ask the Court for permission to speak about the Settlement at the Final Approval Hearing by including such a request in your written objection, which you must file with the Court and serve on Class Counsel and Travelers' Counsel by **[DATE]**. The Final Approval Hearing is scheduled for **[DATE]**. *See* Questions 26 - 28. |
| **APPEAR THROUGH AN ATTORNEY** | You may enter an appearance through your own counsel at your own expense. *See* Question 28. |

These rights and options, and the deadlines to exercise them are explained in this Notice. The capitalized terms used in this Notice are explained or defined below or in the Settlement Agreement, which is available on the Settlement Website, www.TRVDataSettlement.com.

The Court has appointed the lawyers listed below ("Class Counsel") to represent you and the Settlement Class in this Action:

Thomas J. McKenna
Gregory M. Egleston
Christopher Brain
**GAINEY McKENNA & EGLESTON**
260 Madison Avenue, 22nd Floor
New York, NY 10016
Tel: (212) 983-1300
tjmckenna@gme-law.com
gegleston@gme-law.com
cbrain@gme-law.com

Christian Levis
Amanda G. Fiorilla
Anthony M. Christina
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
clevis@lowey.com
afiorilla@lowey.com
achristina@lowey.com

Please regularly visit the Settlement Website www.TRVDataSettlement.com for updates relating to the Settlement.

3

## <u>WHAT THIS NOTICE CONTAINS</u>

BASIC INFORMATION ............................................................................................................. 6

   1.  What Is a Class Action Lawsuit? ............................................................................... 6

   2.  Why Did I Get This Notice? ....................................................................................... 6

   3.  What Are the Definitions Used In This Notice? ........................................................ 6

   4.  What Is This Action About? ........................................................................................ 7

   5.  What Is the History Of This Action? .......................................................................... 7

   6.  Why Is There a Settlement? ....................................................................................... 8

WHO GETS MONEY FROM THE SETTLEMENT ........................................................... 9

   7.  How Do I Know If I Am a Class Member? ................................................................. 9

   8.  Are There Exceptions to Being Included In The Settlement Class? ......................... 9

   9.  I'm Still Not Sure If I Am Included. ........................................................................... 9

THE SETTLEMENT BENEFITS ........................................................................................... 9

  10.  What Does the Settlement Provide? ........................................................................... 9

  11.  How Will I Get a Payment? ...................................................................................... 10

  12.  How Much Will My Payment Be? ............................................................................ 10

  13.  When Will I Receive a Payment? ............................................................................. 10

  14.  What Do I Have to Do After I File a Settlement Payment Election? ...................... 10

  15.  What Am I Giving Up to Receive a Payment? ........................................................ 11

  16.  What If I Do Nothing? .............................................................................................. 12

EXCLUDING YOURSELF FROM THE SETTLEMENT .................................................. 12

  17.  What If I Do Not Want to be in the Settlement Class? ........................................... 12

  18.  How Do I Exclude Myself? ...................................................................................... 12

  19.  If I Do Not Exclude Myself, Can I Sue Travelers for the Same Thing Later? ...... 13

  20.  If I Exclude Myself, Can I Get Money from The Settlement? ................................ 13

  21.  If I Exclude Myself from The Settlement, Can I Still Object? ............................... 13

OBJECTING TO THE SETTLEMENT ............................................................................... 13

  22.  How Do I Tell the Court What I Think About the Settlement? .............................. 13

  23.  What Is the Difference Between Objecting And Excluding Myself? ...................... 15

THE LAWYERS REPRESENTING YOU ........................................................................... 15

  24.  Do I Have a Lawyer in This Case? .......................................................................... 15

  25.  How Will the Lawyers Be Paid? .............................................................................. 15

THE COURT'S FINAL APPROVAL HEARING ............................................................... 16

26.   When and Where Will the Court Decide Whether to Approve the Settlement?.........................16

27.   Do I Have to Come to the Final Approval Hearing?...................................................................16

28.   May I Speak at the Final Approval Hearing?...........................................................................16

GETTING MORE INFORMATION ......................................................................................................17

29.   How Do I Get More Information?.............................................................................................17

## BASIC INFORMATION

**1.      What Is a Class Action Lawsuit?**

A class action is a lawsuit in which one or more representative plaintiffs (in this case, Plaintiff) bring a lawsuit on behalf of themselves and other similarly situated persons (*i.e.*, a class) who have similar claims against the defendant. The representative plaintiff, the court, and counsel appointed to represent the class all have a responsibility to make sure that the interests of all class members are adequately represented.

Importantly, class members are NOT individually responsible for payment of attorneys' fees or litigation expenses. In a class action, attorneys' fees and litigation expenses are paid from the court-awarded judgment amount or, as in this case, from the settlement fund, and such payment must be approved by the court. If there is no recovery on behalf of the class, the attorneys do not get paid.

When a representative plaintiff enters into a settlement with a defendant on behalf of a class, such as in this Settlement with Travelers, the court will require that the members of the class be given notice of the settlement and an opportunity to be heard with respect to the settlement. The court then conducts a hearing (called a Final Approval Hearing) to determine, among other things, if the settlement is fair, reasonable, and adequate.

**2.      Why This Notice?**

This Notice was posted to the Settlement website because records indicate that you may be a Class Member. As a potential Class Member, you have a right to know about the proposed Settlement with Travelers before the Court decides whether to approve the Settlement.

This Notice explains the Action, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how you can apply to receive your portion of the benefits if you are eligible. The purpose of this Notice is also to inform you of the Final Approval Hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, and to consider requests for awards of Attorneys' Fees and Expenses, and any Service Award for Plaintiff.

**3.      What Are the Definitions Used In This Notice?**

This Notice incorporates by reference the definitions in the Stipulation and Agreement of Settlement with Travelers (the "Settlement Agreement").

The Settlement Agreement and the Court's Preliminary Approval Order are posted on the Settlement Website. All capitalized terms used in this Notice, but not otherwise defined, shall have the same meanings as in the Settlement Agreement and the Court's Preliminary Approval Order.

4.    **What Is This Action About?**

Plaintiff has brought this Action against Travelers, an insurance company that operates throughout the United States.  This Action arises out of the Data Incident, which Plaintiff alleges caused Class Members' Personal Information, including driver's license numbers, to be accessed, stolen, or compromised as a result of the unauthorized third-party access to Travelers' independent agent portal identified on or around November 12, 2021.

The lawsuit claims that Travelers was responsible for the Data Incident, and asserts legal claims for negligence, negligence *per se* under the Federal Trade Commission Act (15 U.S.C. § 45) and the New York Shield Act (N.Y. Gen. Bus. Law § 899-aa, *et seq*.), violation of the Driver's Protection Act, 18 U.S.C. §§ 2721, *et seq*. ("DPPA"), violation of New York Business Law § 349, and for declaratory and injunctive relief. The lawsuit seeks compensation for people whose information was exposed in the Data Incident.

Travelers disputes Plaintiff's allegations and denies, among other things, that it failed to properly protect any personal data, had inadequate data security, or that it violated any state or federal laws, including the DPPA.  Nevertheless, to avoid the uncertainty and risk of further litigation and the duration, expense, difficulties, and delays inherent in such litigation, Travelers has agreed to settle the claims in this lawsuit, and to pay a total of **$6,000,000** to eligible Class Members (the "Settlement Amount"). If the Settlement is approved, each Settlement Class Member that has not timely filed a written request for exclusion and is entitled to payment from the Settlement Fund pursuant to the Agreement will receive an equal (*pro rata*) share of the "Net Settlement Fund" which is the Settlement Amount, plus any interest that may accrue, less any Court-approved disbursements including (i) Taxes, (ii) Administration and Notice Costs; (iii) Attorneys' Fees and Expenses awarded by the Court; and (iv) any Service Award approved by the Court.

If the Settlement is approved, the Action will be resolved against Travelers. If the Settlement is not approved, the Action will continue, and Plaintiff will continue to pursue her claims against Travelers.

5.    **What Is the History Of This Action?**

On November 12, 2021, Travelers discovered suspicious activity relating to its agent portal, which is used by independent agents to obtain insurance quotes for customers and prospective customers. Travelers immediately launched an investigation and determined that between April 2021 and November 17, 2021, an unauthorized party used the credentials of a limited number of independent agents to access the portal to obtain information sourced from a third party.  Travelers sent a letter to impacted individuals advising of the Data Incident, and on December 15, 2021, Plaintiff Jennifer Rand filed a class action complaint alleging the misconduct described above.

Travelers filed a motion to dismiss this Action on February 7, 2022.  On February 17, 2022, Plaintiff informed the Court that she intended to file an Amended Complaint, which Plaintiff filed on March 3, 2022.

On April 7, 2022, Travelers filed its motion to dismiss the Amended Complaint, which Plaintiff opposed. On October 27, 2022, the Court denied in part, and granted in part, Travelers' motion to dismiss.

The Court issued a Civil Case Discovery Plan and Scheduling Order on November 28, 2022. On December 5, 2022, Travelers filed its Answer to the Amended Complaint.

Throughout 2023 and the first part of 2024, the Parties exchanged written document discovery, produced documents to each other and reviewed the other's documents and worked on other discovery-related issues, including third-party discovery, and conducted the deposition of the Plaintiff. On July 14, 2023, Travelers filed a motion to quash Plaintiff's subpoena directed at a third party, which Plaintiff opposed. By letter dated August 2, 2023, the Parties advised the Court that they had resolved their discovery dispute, and Travelers withdrew its motion to quash.

From July 2023 through April 2024, the Parties participated in numerous settlement discussions and reported those efforts in joint letters to the Court. On April 16, 2024, the Parties participated in a joint full-day mediation session with mediator, Antonio Piazza, in San Francisco, CA. On April 19, 2024, the Parties informed the Court that settlement had been reached in principle. *See* ECF No. 141.

During the next several months, the Parties negotiated the details of the Settlement and the Parties executed the Settlement Agreement on August _____, 2024.

**6.    Why Is There a Settlement?**

Plaintiff and Class Counsel believe that Class Members may have been damaged by Travelers' conduct. Travelers denies all material allegations of the Amended Complaint, including that it failed to properly protect any personal data, had inadequate data security, that it violated any state or federal laws, including the DPPA, or that any individuals were harmed. The Parties have considered the uncertainty and risk of further litigation of the Action—including through further motion practice, discovery, trial, and any possible appeals—and the duration, expense, difficulties, and delays inherent in such litigation. The Parties are also aware of the burdens of proof necessary to establish liability and damages for the claims alleged in the Action and the defenses thereto. The Parties have determined that the Settlement set forth in this Agreement is in their respective best interests and that the Agreement is fair, reasonable, and adequate. The Parties have therefore agreed to settle the claims asserted in the Action pursuant to the terms and provisions of this Agreement, subject to Court approval.

The Court has not decided in favor of either Plaintiff or Travelers. Instead, Class Counsel engaged in mediation with Travelers to reach a negotiated resolution of the Action. The Settlement allows both sides to avoid the risks and costs of lengthy litigation and the uncertainty of pre-trial proceedings, a trial, and appeals, and, if approved, will permit eligible Class Members to receive some compensation, rather than risk ultimately receiving nothing. Plaintiff and Class Counsel believe the Settlement is in the best interest of all Class Members.

Travelers has agreed to pay a total of $6,000,000 in cash for the benefit of the proposed Settlement Class. If the Settlement is approved, each Settlement Class Member that does not opt out of the

Settlement and who either submits a timely and valid Settlement Payment Election or can otherwise be located by the Settlement Administrator will receive an equal (*pro rata*) share of the Net Settlement Fund.

If the Settlement is approved, the Action will be resolved against Travelers and all claims against Travelers will be released. If the Settlement is not approved, Travelers will remain as a defendant in the Action, and Plaintiff will continue to pursue her claims against Travelers.

## WHO GETS MONEY FROM THE SETTLEMENT

**7.    How Do I Know If I Am a Class Member?**

In the Preliminary Approval Order, the Court preliminarily approved the following Settlement Class:

> All individuals of the United States who were sent notice that their Personal Information was accessed, stolen, or compromised as a result of the Data Incident, as reflected on the Class List.

Not everyone who fits this description will be a Class Member.  Please see Question 8 for a discussion of exclusions from the Settlement Class.

**8.    Are There Exceptions to Being Included In The Settlement Class?**

Yes. Excluded from the Settlement Class are: (i) Travelers, any Person in which Travelers has a controlling interest, and Travelers' officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; and (iii) any individual that timely and validly opts out of the Settlement.

**9.    I'm Still Not Sure If I Am Included.**

If you are still not sure whether you are included, you can ask for free help.  You can call toll-free 1-xxx-xxx-xxxx or visit the Settlement Website, www.TRVDataSettlement.com for more information.

## THE SETTLEMENT BENEFITS

**10.    What Does the Settlement Provide?**

Travelers has agreed to pay $6,000,000 in cash for the benefit of the proposed Settlement Class. If the Settlement is approved, each Settlement Class Member that does not opt out of the Settlement and who either submits a timely and valid Settlement Payment Election or can otherwise be located by the Settlement Administrator will receive an equal (*pro rata*) share of the Net Settlement Fund.

## 11.    How Will I Get a Payment?

If you are a Class Member and do not exclude yourself, please file a Settlement Payment Election to receive your share of money either via check or via an electronic payment from the Net Settlement Fund.  Settlement Payment Elections must be submitted online at the Settlement Website on or before 11:59 p.m. Eastern time on **[DATE] OR** postmarked by **[DATE]** and mailed to:

TTIC Data Incident Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

If you provide your email address, following the timely submission and receipt of your Settlement Payment Election, the Settlement Administrator will send you a "Confirmation of Claim Receipt," which will acknowledge receipt of your Claim and will inform you of important next steps.

If you do not file an eligible Settlement Payment Election, you will receive a payment *only* if the Settlement Administrator can identify a valid mailing address for you. If the Settlement Administrator does not have a valid or updated mailing address for you, you will not be eligible to receive a payment. The best way to ensure that you receive a payment is to complete the Settlement Payment Election.

## 12.    How Much Will My Payment Be?

At this time, it is not known precisely how much each Authorized Claimant will receive from the Net Settlement Fund. The payment to each Authorized Claimant (the "Settlement Payment") will depend on total number of eligible Settlement Class Members.  The Settlement Class is estimated to consist of 88,858 individuals, and those Class Members that complete the Settlement Payment Election or are otherwise located by the Settlement Administrator will equally share the Settlement proceeds after Taxes, court-awarded Attorneys' Fees and Expenses, Service Awards, and Administration and Notice Costs are deducted from the $6 million Settlement (the "Net Settlement Fund").

## 13.    When Will I Receive a Payment?

The Court will hold the Final Approval Hearing on **[DATE], 202_** to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be appeals after that. It can sometimes take a year or more for the appellate process to conclude.

Please be patient; status updates will be posted on the Settlement Website.

## 14.    What Do I Have to Do After I File a Settlement Payment Election?

After you file a Settlement Payment Election, the Settlement Administrator will evaluate your Settlement Payment Election to determine if you have provided sufficient information to validate your membership in the Settlement Class.  If the Settlement Administrator determines that your Settlement Payment Election is deficient or defective, it may contact you. If you subsequently

provide information that satisfies the Settlement Administrator concerning the validity of your Settlement Payment Election, you will not have to do anything else.

## 15.    What Am I Giving Up to Receive a Payment?

Unless you exclude yourself, you remain a Class Member. That means you cannot sue, continue to sue, or be part of any other lawsuit about the Released Claims in this Action against Travelers. Upon the Effective Date of the Settlement, Plaintiff and the Releasing Parties shall release and be deemed to release and forever discharge and shall be forever enjoined from prosecuting the Released Claims against Released Parties.

The capitalized terms used in this paragraph are defined in the Settlement Agreement, Preliminary Approval Order, or this Notice. For easy reference, certain of these terms are copied below:

- **"Released Parties"** means The Travelers Indemnity Company, and each of its current and former parents, subsidiaries, divisions, and affiliated companies, whether indirect or direct, as well as these entities' respective predecessors, successors, assigns, directors, officers, employees, agents (including without limitation independent agents), vendors, insurers, reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, contractors, wholesalers, resellers, distributors, service providers, and retailers.

- **"Releasing Parties"** means the Settlement Class Representative and all Settlement Class Members who do not timely and validly opt out of the Settlement.

- **"Released Claims"** means any and all claims, defenses, demands, actions, causes of action, rights, offsets, setoffs, suits, remedies, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary sanctions or damages for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether known or unknown (including Unknown Claims), suspected or unsuspected, existing or potential, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to the Data Incident, any legal, factual, or other allegations in the Action, or any theories of recovery that were, or could have been, raised at any point in the Action.[1]

---

[1] For the avoidance of doubt, Released Claims are to be construed broadly and include, without limitation, any claims that may be available under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States (including, without limitation, any claims for violations of Driver's Privacy Protection Act, 18 U.S.C. §§ 2721, *et seq.*, any causes of action under the California Consumer Privacy Act, Cal. Civ. Code §§ 1798.100, *et seq.*, and any similar statutes in effect in the United States or in any states in the United States); causes of action under the common or civil laws of any state in the United States, including but not limited to: unjust enrichment, negligence, bailment, conversion, negligence *per se*, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under

16.    **What If I Do Nothing?**

You are automatically a member of the Settlement Class if you fit the Settlement Class description. However, if you do not submit a timely and valid Settlement Payment Election and cannot be located, you will not receive any payment from the Settlement. You will be bound by past and any future Court rulings, including rulings on the Settlement and release. Unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be a part of any other lawsuit against Travelers on the basis of the Released Claims. Please see Question 15 for a description of the Released Claims.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

17.    **What If I Do Not Want to be in the Settlement Class?**

If you are a Class Member, do not want to remain in the Settlement Class, and do not want a payment from the Settlement, then you must take steps to exclude yourself from the Settlement. This is also sometimes referred to as "opting out" of a class.  *See* Question 18.

If you act to exclude yourself from the Settlement Class of which you would otherwise be a member, you will be free to sue Travelers on your own for the claims being resolved by the Settlement. However, you will not receive any money from the Settlement, and Class Counsel will no longer represent you with respect to any claims against Travelers.

If you want to receive money from the Settlement, do not exclude yourself.  You should file a Settlement Payment Election to receive a payment from the Settlement.

18.    **How Do I Exclude Myself?**

You can exclude yourself by sending a written "Request for Exclusion."  You cannot exclude yourself by telephone. Your written Request for Exclusion must be postmarked and mailed by **[DATE]**, to:

TTIC Data Incident Settlement Administrator
Attn: Exclusions
P.O. Box 58220
Philadelphia, PA 19102

and (a) identify the case name of the Action (*Rand v. The Travelers Indemnity Company*, No. 7:21-cv-10744-VB-VR (S.D.N.Y.)); (b) identify the full name and address of the individual seeking exclusion from the Settlement, and, if represented by counsel, the name and address of his/her counsel; (c) include the unique claimant number and other information on the Short Form Notice

---

the constitutions of the United States or of any states in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

provided by the Settlement Administrator that identifies the Person as a Settlement Class Member, (d) be personally signed by the individual seeking exclusion, and, if represented by counsel, be signed by his/her counsel; (e) include a statement clearly indicating the individual's intent to be excluded from the Settlement; and (f) request exclusion only for that one individual whose personal signature appears on the request.

A Request for Exclusion that does not include all of the foregoing information, that seeks exclusion on behalf of more than one individual (*i.e.*, mass opt-outs), that is sent to an address other than the ones designated above, or that is not sent within the time specified shall be invalid and the person(s) filing such an invalid request shall be a Class Member and shall be bound by the Settlement, if approved.

All persons who submit valid and timely Requests for Exclusion in the manner set forth above shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement. In addition, such persons will not be entitled to object to the Settlement or appear at the Final Approval Hearing.

**19.    If I Do Not Exclude Myself, Can I Sue Travelers for the Same Thing Later?**

No. Unless you exclude yourself from this Settlement, you give up any right to sue Travelers for the Released Claims that the Settlement resolves.

**20.    If I Exclude Myself, Can I Get Money from The Settlement?**

No. You will not get any money from the Settlement if you exclude yourself.

**21.    If I Exclude Myself from The Settlement, Can I Still Object?**

No. If you exclude yourself, you are no longer a Class Member and may not object to any aspect of the Settlement.

## OBJECTING TO THE SETTLEMENT

**22.    How Do I Tell the Court What I Think About the Settlement?**

If you are a Class Member and you do not exclude yourself, you can tell the Court what you think about the Settlement. You can object to all or any part of the Settlement, the application for Attorneys' Fees and Expenses, and/or the motion for any Service Award for Plaintiff. You can give reasons why you think the Court should approve them or not. The Court will consider your views. If you want to make an objection, you may enter an appearance in the Action, at your own expense, individually or through counsel of your own choice, by filing with the Clerk of the United States District Court for the Southern District of New York a notice of appearance and your objection, and serving copies of your objection concurrently by mail, hand, or overnight delivery service to Class Counsel and Travelers' Counsel by **[DATE]** at the following physical addresses:

*Class Counsel*

| | |
|---|---|
| Thomas J. McKenna | Christian Levis |
| Gregory M. Egleston | Amanda G. Fiorilla |
| Christopher Brain | Anthony M. Christina |
| **GAINEY McKENNA & EGLESTON** | **LOWEY DANNENBERG, P.C.** |
| 260 Madison Avenue, 22nd Floor | 44 South Broadway, Suite 1100 |
| New York, NY 10016 | White Plains, NY 10601 |
| Tel: (212) 983-1300 | Tel: (914) 997-0500 |
| tjmckenna@gme-law.com | clevis@lowey.com |
| gegleston@gme-law.com | afiorilla@lowey.com |
| cbrain@gme-law.com | achristina@lowey.com |

*Traveler's Counsel*
Kristine M. Brown
Donald M. Houser
M. Ashley Miller
**ALSTON & BIRD LLP**
1201 West Peachtree Street NW
Atlanta, GA  30309
kristine.brown@alston.com
donald.houser@alston.com
ashley.miller@alston.com

Any Class Member who does not enter an appearance will be represented by Class Counsel.

If you choose to object, you must file a written objection. You cannot make an objection by telephone or email.   Your written objection must be signed by the Class Member (and, if applicable, signed by the Class Member's duly authorized attorney or other duly authorized representative along with appropriate documentation setting forth such representation) and must include: (a) the case name and number of the Action (*Rand v. The Travelers Indemnity Company*, No. 7:21-cv-10744-VB-VR (S.D.N.Y.)); (b) the full name, address, and telephone number of the objecting Settlement Class Member, and if represented by counsel, the name, address, and telephone number of his/her counsel; (c) the unique claimant number and other information on the Short Form Notice provided by the Settlement Administrator that identifies the objector as a Settlement Class Member; (d) a statement of whether the objection applies only to the objector, a specific subset of the Settlement Class, or the entire Settlement Class; (e) a statement of the number of times in which the objector (and where applicable, objector's counsel) has objected to a class action settlement within the three years preceding the date that the objector files the objection, along with the caption of each case in which the objector (or objector's counsel) has made such objection; (f) a statement of the specific grounds for the objection; and (g) a statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

If you enter an appearance and desire to present evidence at the Final Approval Hearing in support of your objection, you must also include in your written objection a detailed description of any

14

evidence you may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.

If you do not timely and validly submit your objection as described above, your views will not be considered by the Court or any court on appeal. Check the Settlement Website, www.TRVDataSettlement.com for updates on important dates and deadlines relating to the Settlement.

## 23.    What Is the Difference Between Objecting And Excluding Myself?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you remain a Class Member and do not exclude yourself from the Settlement. Objecting will not prevent you from receiving a payment from the Net Settlement Fund. Excluding yourself from the Settlement is telling the Court that you do not want to be a part of the Settlement Class. If you exclude yourself, you have no right to object to the Settlement because it no longer affects you.

## THE LAWYERS REPRESENTING YOU

## 24.    Do I Have a Lawyer in This Case?

The Court has appointed the lawyers listed below to represent you and the Settlement Class in this Action:

| | |
|---|---|
| Thomas J. McKenna | Christian Levis |
| Gregory M. Egleston | Amanda G. Fiorilla |
| Christopher Brain | Anthony M. Christina |
| **GAINEY McKENNA & EGLESTON** | **LOWEY DANNENBERG, P.C.** |
| 260 Madison Avenue, 22nd Floor | 44 South Broadway, Suite 1100 |
| New York, NY 10016 | White Plains, NY 10601 |
| Tel: (212) 983-1300 | Tel: (914) 997-0500 |
| tjmckenna@gme-law.com | clevis@lowey.com |
| gegleston@gme-law.com | afiorilla@lowey.com |
| cbrain@gme-law.com | achristina@lowey.com |

These lawyers are called Class Counsel. Class Counsel may apply to the Court for payment of Attorneys' Fees and Expenses that will be paid from the Settlement Fund. You will not otherwise be charged for Class Counsel's services. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 25.    How Will the Lawyers Be Paid?

To date, Class Counsel have not been paid any attorneys' fees or reimbursed for any out-of-pocket costs. Any Attorneys' Fees and Expenses will be awarded only as approved by the Court in amounts determined to be fair and reasonable. The Settlement provides that Class Counsel may apply to the Court for an award of attorneys' fees and litigation expenses paid from the Settlement Fund. Prior to the Final Approval Hearing, Class Counsel will move for an attorneys' fee award not to exceed one-third of the Settlement Fund and an expense award of no more than $90,000.

15

Plaintiff may also seek a Service Award to be paid from the Settlement Fund and not to exceed $10,000.

This is only a summary of the request for Attorneys' Fees and Expenses. Any motions in support of the requests will be available for viewing on the Settlement Website after they are filed by **[DATE]**. If you wish to review the motion papers, you may do so by viewing them at the Settlement Website, www.TRVDataSettlement.com.

The Court will consider the motion for Attorneys' Fees and Expenses at or after the Final Approval Hearing.

## THE COURT'S FINAL APPROVAL HEARING

### 26.    When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold the Final Approval Hearing on **[DATE]**, at **[TIME]**, at the United States District Court for the Southern District of New York in Courtroom 620, located at 300 Quarropas Street, White Plains, NY 10601. The Final Approval Hearing may be moved to a different location, date or time without notice to you.  The Final Approval Hearing may be conducted remotely. Although you do not need to attend, if you plan to do so, you should check the Settlement Website before making travel plans.

At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  The Court will also consider whether to approve the requests for Attorneys' Fees and Expenses, and any Service Award for Plaintiff.  If there are any objections, the Court will consider them at this time.  We do not know how long the Final Approval Hearing will take or when the Court will make its decision.  The Court's decision may be appealed.

### 27.    Do I Have to Come to the Final Approval Hearing?

No.  Class Counsel will answer any questions the Court may have.  You are, however, welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you file and serve your written objection on time, the Court will consider it. You may also hire your own lawyer to attend, but you are not required to do so.

### 28.    May I Speak at the Final Approval Hearing?

You may ask the Court for permission to speak at the Final Approval Hearing.  If you want to appear at the Final Approval Hearing, you may enter an appearance in the Action at your own expense, individually, or through counsel your own choice, by filing with the Clerk of Court a notice of appearance and your objection, and serving copies of your objection on Class Counsel and Travelers' Counsel at the addresses set forth in in Question 22, such that they are received no later than **[DATE]**, or as the Court may otherwise direct.  Any Class Member who does not enter an appearance will be represented by Class Counsel.  You cannot request to speak at the Final Approval Hearing by telephone or e-mail.

## GETTING MORE INFORMATION

**29.    How Do I Get More Information?**

The Court has appointed Angeion Group as the Settlement Administrator. Among other things, the Settlement Administrator is responsible for providing this Notice of the Settlement and processing Settlement Payment Elections.

This Notice summarizes the Settlement Agreement. More details are in the Settlement Agreement, which is available for your review at the Settlement Website, www.TRVDataSettlement.com. The Settlement Website also has answers to common questions about the Settlement, Settlement Payment Election, and other information to help you determine whether you are a Class Member and whether you are eligible for a payment.  You may also call toll-free 1-877-xxx-xxxx or write to the Settlement Administrator at:

TTIC Data Incident Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Tel: _____
Email: info@TRVDataSettlement.com
Website: www.TRVDataSettlement.com

If this Notice reached you at an address other than the one on the mailing label, or if your address changes, please enter your current information online at the Settlement Website, including a current and valid email or send it to the Settlement Administrator at the address set forth above in the event the Settlement Administrator needs to contact you.

***\*\*\*\*Please do not contact Travelers, the Court, or the Clerk's Office regarding this Notice or for additional information.\*\*\*\****

DATED: _____, 2024        BY ORDER OF THE COURT