USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-6-24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

---

JENNIFER RAND, individually and on behalf of a class similarly situated

        Plaintiff,

v.

THE TRAVELERS INDEMNITY COMPANY,

        Defendant.

---

No. 7:21-cv-10744-VB-VR

## ORDER PRELIMINARILY APPROVING THE PROPOSED CLASS ACTION SETTLEMENT, SCHEDULING HEARING FOR FINAL APPROVAL THEREOF AND APPROVING THE PROPOSED FORM AND PLAN OF CLASS NOTICE

Plaintiff Jennifer Rand ("Plaintiff") on behalf of the Settlement Class, having applied for an order preliminarily approving the proposed settlement ("Settlement") of this Action against The Travelers Indemnity Company ("Travelers") in accordance with the Stipulation and Agreement of Settlement entered into on August 16, 2024 (the "Settlement Agreement") between Plaintiff and Travelers; the Court having read and considered the memorandum of law in support of this Motion, the Settlement Agreement, accompanying documents, and the record herein; and Plaintiff and Travelers (collectively, the "Parties") having consented to the entry of this Order,

NOW, THEREFORE, on this __6th__ day of __September__, 2024, upon application of the Parties,

**IT IS HEREBY ORDERED** that:

1. Unless otherwise defined herein, the Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2. The Court finds that it has subject matter jurisdiction to preliminarily approve the Settlement Agreement, including all exhibits thereto and the Settlement contained therein and that it has personal jurisdiction over Plaintiff, Travelers, and all Settlement Class Members [and].

3. Upon preliminary review, the Court finds the proposed Settlement is fair, reasonable, and adequate, otherwise meets the criteria for approval under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and warrants issuance of notice to the Settlement Class. The Court finds it will likely be able to approve the Settlement and certify the Settlement Class for purposes of judgment.

4. For purposes of the Settlement only, the Court provisionally certifies the following Settlement Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3):

> All individuals of the United States who were sent notice that their Personal Information was accessed, stolen, or compromised as a result of the Data Incident, as reflected on the Class List.

Excluded from the Settlement Class are: (i) Travelers, any Person in which Travelers has a controlling interest, and Travelers' officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; and (iii) any individual that timely and validly opts out of the Settlement.

5. Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Federal Rules of Civil Procedure 23(a) and (b)(3), are satisfied in that:

    a. the Settlement Class is so numerous that joinder of all members is impracticable;

    b. there are questions of law or fact common to the Settlement Class;

    c. Plaintiff's claims are typical of those of Settlement Class Members;

   d. Plaintiff and Class Counsel (defined below) fairly and adequately represent the Settlement Class;

   e. common issues predominate over any individual issues affecting Settlement Class Members; and

   f. settlement of the Action on a class action basis is superior to other means of resolving this matter.

6. The proposed Settlement is preliminarily approved. The Court finds that the Settlement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness, fairness, and adequacy, and that notice of the Settlement should be given as provided in this Order because the Court will likely be able to approve the Settlement under Rule 23(e)(2) of the Federal Rules of Civil Procedure.

7. The Court appoints Jennifer Rand to serve as Settlement Class Representative for settlement purposes only on behalf of the Settlement Class.

8. The Court appoints Gainey McKenna & Egleston and Lowey Dannenberg, P.C. as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

9. The Court appoints Angeion Group as Settlement Administrator for purposes of the Settlement.

10. A hearing will be held on a date of the Court's convenience on or after __January 28__, 20_25_ at _11:00_ (a.m)/~~p.m.~~] ~~(at least 140 days after entry of this Order)~~ in (, 300 Quarropas St., White Plains, NY, ( Courtroom 620 of this Courthouse ∧ before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement (the "Final Approval Hearing"). The foregoing date, time, and place of the Final Approval Hearing shall be set forth in the notice to the Settlement Class, which is ordered herein, but shall be subject to adjournment or change by the Court without further notice

3

to Settlement Class Members, other than that which may be posted at the Court or on the Settlements Website at www.TRVDataSettlement.com.

11. The Court reserves the right to finally approve the Settlement at or after the Final Approval Hearing with such non-material modifications as may be consented to by the Parties and without further notice to the Settlement Class.

12. All proceedings in this Action as to Travelers, other than such proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.

13. All Settlement Class Members and their legally authorized representatives, unless and until they have submitted a valid request to opt out or exclude themselves from the Settlement Class (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

14. No later than forty-five (45) days after entry of this Order (hereinafter, the "Notice Date"), the Settlement Administrator will commence sending notice to the Settlement Class, in the form (without material variation) of the Short Form Notice, Exhibit C to the Settlement Agreement, together with the Settlement Payment Election, Exhibit 4 to the Joint Declaration of

4

Thomas J. McKenna and Christian Levis dated August 16, 2024 filed in support of this Motion, as described in the proposed notice plan described in the Declaration of Steven Weisbrot, Esq. re: Angeion Group Qualifications & the Proposed Notice Plan ("Notice Plan"). The Short Form Notice will direct Settlement Class Members to the Settlement Website to access the Long Form Notice in the form (without material variation) of Exhibit D to the Settlement Agreement. The Long Form Notice sets forth, among other information, further details about the Settlement and the options for Class Members to request payment from the Settlement Fund.

15. Beginning no later than the Notice Date, the Settlement Administrator shall create and maintain a Settlement Website, www.TRVDataSettlement.com, until the termination of the administration of the Settlement. The Settlement Website shall include copies of the Settlement Agreement, this Order, the notices to the Settlement Class, the Settlement Payment Election, the motion for preliminary approval and all supporting papers, and, ~~promptly~~ within three business days after they are filed, the motion for final approval and the Fee and Expense Application. The Settlement Website shall also identify important deadlines and shall provide answers to frequently asked questions. The Settlement Website may be amended as appropriate during the course of the administration. The Settlement Website shall be searchable on the Internet.

16. The Settlement Administrator shall maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to leave messages in a voicemail box. The Settlement Administrator shall also maintain an e-mail address to receive and respond to correspondence from Settlement Class Members.

17. The Court approves in form and substance the Notice Plan and the forms of notice to the Settlement Class reflected in the proposed Long Form and Short Form Notices, and the

Settlement Payment Election. The Notice Plan and forms of notice to the Class (i) are the best notice practicable under the circumstances; (ii) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency and status of this Action and of their right to object to or exclude themselves from the proposed Settlement; (iii) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice of the Final Approval Hearing; and (iv) fully satisfy all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, Due Process, and any other applicable rules or laws. Non-material modifications to the forms of notice to the Class may be made without further order of the Court.

18. No later than forty-five (45) days after the Notice Date, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in paragraphs 14-16 of this Order.

19. Any Settlement Class Member that objects to the fairness, reasonableness, or adequacy of any term or aspect of the Settlement, the application for Attorneys' Fees and Expenses, Service Award, or the Final Approval Order and Judgment, or who otherwise wishes to be heard, may appear in person or by his or her attorney at the Final Approval Hearing and present evidence or argument that may be proper and relevant. However, except for good cause shown, no person other than Class Counsel and Travelers' Counsel shall be heard and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be considered by the Court unless a written objection is submitted to the Court on or before the Objection Deadline, which shall be 60 days after the Notice Date. For the objection to be considered by the Court, the written objection must include:

    a. The case name and number of the Action;

    b. The full name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, the name, address, and telephone number of his/her counsel;

    c. The unique claimant ID code and other information on the Short Form Notice provided by the Settlement Administrator that identifies the objector as a Settlement Class Member;

    d. A statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

    e. A statement of the number of times in which the objector (and where applicable, objector's counsel) has objected to a class action settlement within the three years preceding the date that the objector files the objection, along with the caption of each case in which the objector (or objector's counsel) has made such objection;

    f. A statement of the specific grounds for the objection; and

    g. A statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

20. In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether *pro se* or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.

21. To be timely, a written notice of objection must either be electronically filed in the Action's electronic docket on or before the Objection Deadline; or sent via first class, postage-prepaid United States Mail, postmarked no later than the Objection Deadline to (a) the Clerk of Court, (b) Class Counsel; and (c) Travelers' Counsel at the addresses below.

| COURT | TRAVELERS' COUNSEL | CLASS COUNSEL |
|---|---|---|
| Clerk of Court<br>United States District Court for the Southern District of New York<br>300 Quarropas Street<br>White Plains, NY 10601 | Donald M. Houser<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street NW<br>Atlanta, GA 30309 | Thomas J. McKenna<br>Gregory M. Egleston<br>Christopher Brain<br>**GAINEY McKENNA & EGLESTON**<br>260 Madison Avenue, 22nd Floor<br>New York, NY 10016<br>Tel: (212) 983-1300<br><br>Christian Levis<br>Amanda G. Fiorilla<br>Anthony M. Christina<br>**LOWEY DANNENBERG, P.C.**<br>44 South Broadway, Suite 1100<br>White Plains, NY 10601<br>Tel: (914) 997-0500 |

22. Any objection to the Settlement submitted by a Settlement Class Member pursuant to paragraphs 19-21 of this Order must be signed by the Settlement Class Member (and if applicable his, her, or its legally authorized representative), even if the Settlement Class Member is represented by counsel. The right to object to the proposed Settlement must be exercised individually by the Settlement Class Member and not as a member of a group, class, or subclass, except that such objections may be submitted by the Settlement Class Member's legally authorized representative.

23. Any Settlement Class Member who fails to comply with the requirements for objecting in writing described in paragraphs 19-22 of this Order: shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement by appeal or any other means. Such Settlement Class Members shall be bound by all terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action. Any challenge to the Settlement Agreement and the Final Approval Order and Judgment approving this

Settlement Agreement shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

24. All objectors shall make themselves available to be deposed by any Party in the Southern District of New York or the county of the objector's residence or principal place of business within seven (7) days of service of the objector's timely written objection.

25. Discovery concerning any purported objections to the Settlement shall be completed no later than thirty (30) days after the Objection Deadline. Class Counsel, Travelers' Counsel, and any other Persons wishing to oppose timely-filed objections in writing may do so not later than thirty (30) days after the Deadline for Objections.

26. Any individual who wishes to exclude themselves from the Settlement must submit a written Request for Exclusion to the Settlement Administrator, which shall be postmarked and mailed to the Settlement Administrator no later than sixty (60) days after the Notice Date (the "Opt-Out Deadline"):

27. The written Request for Exclusion must:

   a. Identify the case name of the Action;

   b. Identify the full name and address of the individual seeking exclusion from the Settlement, and, if represented by counsel, the name and address of his/her counsel;

   c. Include the unique claimant ID code and other information on the Short Form Notice provided by the Settlement Administrator that identifies the Person as a Settlement Class Member;

   d. Be personally signed by the individual seeking exclusion, and, if represented by counsel, be signed by his/her counsel;

   e. Include a statement clearly indicating the individual's intent to be excluded from the Settlement; and

   f. Request exclusion only for that one individual whose personal signature appears on the request.

28. The right to be excluded from the proposed Settlement must be exercised individually by the Settlement Class Member or by the Settlement Class Member's authorized representative, even if the Settlement Class Member is represented by counsel, and not as a member of a group, class, or subclass, except that a Request for Exclusion may be submitted by the Settlement Class Member's legally authorized representative. A Request for Exclusion shall not be effective unless it provides all of the required information in paragraph 27, complies with the requirements in this Order, and is postmarked and mailed to the Settlement Administrator by the Opt-Out Deadline, as set forth in the notice to the Settlement Class.

29. Any Settlement Class Member who does not submit a timely and valid written Request for Exclusion shall be bound by the Settlement Agreement, including all releases therein, as well as all proceedings, orders, and judgments in the Action, even if the Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such Settlement Class Member never received actual notice of the Action or the proposed Settlement.

30. Settlement Class Members that submit valid and timely Requests for Exclusion shall not receive any benefits of and shall not be bound by the terms of the Settlement Agreement (including the releases therein), will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their right to independently pursue any claims they may have against Travelers.

31. The Settlement Administrator shall promptly log each Request for Exclusion that it receives and promptly notify Class Counsel and Travelers' Counsel within one (1) Business Day of receiving any Requests for Exclusion.

32. The Settlement Administrator shall furnish Class Counsel and Travelers' Counsel with copies of any and all Requests for Exclusions, objections, notices of intention to appear, and other communications that come into its possession (except as otherwise expressly provided in the Settlement Agreement) within three (3) Business Days of receipt.

33. Within five (5) Business Days after the Opt-Out Deadline, the Settlement Administrator shall provide a final report to the Parties' Counsel summarizing the number of Requests for Exclusion (*i.e.*, requests to opt out), a list of all individuals who have timely and validly excluded themselves from the Settlement in accordance with the requirements of the Settlement and this Order, and any other information requested by the Parties' Counsel. This report must be supplemented as appropriate to account for timely opt-outs not yet received by the Settlement Administrator prior to the creation of the report described herein. Class Counsel shall file the opt-out list and the declaration of the Settlement Administrator attesting to the accuracy of such list with the Court.

34. All Settlement Payment Elections shall be submitted by Settlement Class Members to the Settlement Administrator as directed in the notice to the Settlement Class no later than sixty (60) days after the Notice Date (the "Settlement Payment Election Deadline").

35. The Settlement Administrator shall promptly process and review all Settlement Payment Elections for timeliness and eligibility to participate in the Settlement. Promptly after the Settlement Payment Elections Deadline, the Settlement Administrator will file, for Court review a declaration describing the proposed distribution of Settlement Payments by checks and electronic payment platforms.

36. To effectuate the Settlement and the Notice Plan, the Settlement Administrator shall be responsible for: (a) establishing a post office box (to be identified in the Long Form Notice, the

Short Form Notice and on the Settlement Website), an e-mail address, a toll-free interactive voice response telephone system, and a Settlement Website for purposes of communicating with Settlement Class Members; (b) effectuating the Notice Plan; (c) accepting and maintaining documents sent from Settlement Class Members, including Settlement Payment Elections, and other documents relating to the Settlement and its administration; (d) determining the timeliness and validity of each Settlement Payment Election submitted by Settlement Class Members; (e) corresponding with Settlement Class Members regarding any deficiencies in their Settlement Payment Elections; (f) calculating and distributing each Authorized Claimant's Settlement Payment; (g) determining the timeliness and validity of all Requests for Exclusion received from Settlement Class Members; (h) providing within five (5) Business Days after the Opt-Out Deadline a final report to Parties' Counsel identifying number and individuals who timely and validly submitted Requests for Exclusion from the Settlement; (i) preparing the opt-out list and a declaration attaching and attesting to the accuracy of such list, and providing the same to Class Counsel and Travelers' Counsel; (j) providing Class Counsel and Travelers' Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests); and (k) fulfilling all other duties and obligations as set forth in the Settlement.

37.     All costs incurred by the Settlement Administrator in effectuating the Notice Plan and administering the Settlement, including any Taxes and Administration and Notices Costs, shall be paid from the Settlement Fund, pursuant to the Settlement Agreement without further order of the Court.

38.     The Settlement Administrator shall maintain a copy of all paper communications related to the Settlement for a period of one (1) year after distribution of Settlement Payments to Authorized Claimants, and shall maintain a copy of all electronic communications related to the

Settlement for a period of two (2) years after the distribution, after which time all such materials shall be destroyed, absent further direction from the Parties or the Court.

39. The Court preliminarily approves the establishment of the Settlement Fund Account defined in the Settlement Agreement as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

40. Neither the Settlement Agreement, whether or not it shall become final, nor any negotiations, documents, and discussions associated with it, nor the Final Approval Order and Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Travelers or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; or (d) the propriety of certification of a class other than solely for the purposes of the Settlement. All rights of Plaintiff and Travelers are reserved and retained if the Settlement does not become final in accordance with the terms of the Settlement Agreement.

41. Class Counsel shall file their motions for payment of attorneys' fees and expenses (*i.e.*, the Fee and Expense Application), Plaintiff's Service Award, and final approval of the Settlement no later than forty-five (45) days after the Notice Date. Any reply memoranda in support of the motions shall be filed no later than thirty (30) days after the Objection Deadline.

42. If the Settlement is approved by the Court following the Final Approval Hearing, a Final Approval Order and Judgment will be entered as described in the Settlement Agreement.

43. The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to Settlement Class Members, other than which may be posted at the Court or on the Settlement Website.

44. This Order shall become null and void and shall be without prejudice to the rights of Plaintiff and Travelers, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

45. If the Settlement is not finally approved or there is no Effective Date under the terms of the Settlement, then this Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Travelers of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit.

46. If the Settlement is not finally approved or there is no Effective Date under the terms of the Settlement, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

47. Unless a time period is specified in "Business Days," which is defined in the Settlement, the word "days," as used herein, means calendar days. In the event that any date or

deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first Business Day thereafter.

48.   The schedule of events referenced above should occur as follows:

| Event | Date |
|---|---|
| Notice to the Class commences | October 21, 2024 |
| Deadline to file Settlement Administrator's Declaration regarding implementation of Notice Plan | December 5, 2024 |
| Deadline to file Motion for Final Approval of the Settlement | December 5, 2024 |
| Deadline to File Class Counsel's Motion for Attorneys' Fees and Expenses and Plaintiff's Request for Service Awards | December 5, 2024 |
| Postmark Deadline for Requests for Exclusion (Opt-Outs) | December 20, 2024 |
| Filing and Service Deadline for Objections | December 20, 2024 |
| Settlement Payment Election Filing Deadline | December 20, 2024 |
| Deadline to File Opt-Out List and Settlement Administrator Declaration | December 30, 2024 |
| Deadline to File Settlement Administrator Declaration to Distribute the Claims Payments | January 3, 2025 |
| Deadline to Complete Discovery Concerning Objections | January 17, 2025 |
| Deadline to File Oppositions to Objections/Reply Memorandum in Support of Motions | January 17, 2025 |
| Final Approval Hearing | January 28, 2025, at 11:00 a.m. |

**IT IS SO ORDERED.**

Dated: September 6, 2024



Hon. Vincent L. Briccetti
United States District Judge

In light of the foregoing, defendant's motion for a protective order and sanctions (Doc. #131) is DENIED WITHOUT PREJUDICE to renewal if the Settlement Agreement is terminated or the Court declines to finally approve it.

The Clerk is instructed to terminate Docs. ##112, 117, 118, 120, 130, 131, 133, and 149.